**ORIGINAL**

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District OF Delaware |
|---|---|

| Name (under which you were convicted): Dammeyin A. Johnson | Docket or Case No.: 05 - 817 |
|---|---|

| Place of Confinement: 1181 Paddock Road D.C.C., Smyrna Delaware 19977 | Prisoner No.: 00306875 |
|---|---|

| Petitioner (include the name under which you were convicted)   Respondent (authorized person having custody of petitioner) |
|---|
| Dammeyin A. Johnson   v.   Thomas C. Carroll |

| The Attorney General of the State of   Mrs. Jane Brady |
|---|

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Superior Courthouse 500 North King Street Wilmington Delaware 19801

(b) Criminal docket or case number (if you know): 9709009665

2. (a) Date of the judgment of conviction (if you know): September 16, 1998

(b) Date of sentencing: January 8, 1999

3. Length of sentence: Seventeen years, suspended after 12 (level V)

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: U.S.I. in the third degree but the Court imposed a ten year for U.S.I. in the second degree? Aggr. Intimidation (2yrs, Level V) 2 counts and one year, Level 4. U.S.C. 2years., Assault 3rd one year at level II, And Unlawful Imprisonment second, 1yr, Level 2.

6. (a) What was your plea? (Check one)

    (1)   Not guilty ☒            (3)   Nolo contendere (no contest) ☐

    (2)   Guilty ☐               (4)   Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N-A

RECEIVE
NOV 30 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Page 4

(2) Result: _N/-A_____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Superior Court in Wilmington (State Ct)_

(2) Docket or case number (if you know): _9709009665_

(3) Date of filing (if you know): _January 6, 2004_

(4) Nature of the proceeding: _Rule 35, Motion to Correct illegal Sentence._

(5) Grounds raised: _The trial Court erroneously imposed a TEN year sentence on an invalid verdict. The Jury returned A guilty verdict on U.S.I. in the third degree And At sentencing; the Court was substituted the third degree verdict for U.S.I. in the Second degree._

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐  No ☒

(7) Result: _DENIED motion_

(8) Date of result (if you know): _Feb. 23, 2004_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _SUPERIOR Ct. in Wilmington DELAWARE_

(2) Docket or case number (if you know): _ID # 9709009665_

(3) Date of filing (if you know): _March 28, 2005_

(4) Nature of the proceeding: _RE-Submitted Rule 35 MOTION._

(5) Grounds raised: _That the illegal SENTENCE IMPOSED FOR U.S.I. in the SECOND degree is in violation OF the Double Jeopardy Clause; Due press AND that OF the Federal + State Constitutions!_

Page 5

PETITIONER WAS CONVICTED OF U.S.I, in
the third degree. which is A class "C" Felony
with A presumptive SENTENCE range OF
O-5 years.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❑  No ☒

(7) Result: Denied.

(8) Date of result (if you know): April 27, 2005

(c) If you filed any third petition, application, or motion, give the same information:  No !

(1) Name of court: N/-A

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❑  No ❑     N/-A

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:      Yes ☒     No ❑

(2)  Second petition:   Yes ❑     No ❑

(3)  Third petition:      Yes ❑     No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *The Trial Court imposed a ten year sentence on Petitioner, based on an invalid verdict.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Petitioner was charged with U.S.I. in the First degree the Judge gave the Jury instructions on the Lessor included offense of U.S.I. in the Second degree. The Jury Returned a guilty verdict on U.S.I. in the third degree, which is the Lessor included offense of Second. At Sentencing the Judge substituted the third degree verdict for Second And imposed 10-years.*

(b) If you did not exhaust your state remedies on Ground One, explain why: *Exhausted.*

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: *Exhausted Ineffective Assistance of Counsel And Negligence on the Lawyers part.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?      Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Rule 35, motion To Correct illegal Sentence.*

Name and location of the court where the motion or petition was filed: *Superior Courthouse, 500 N. King St. Wilmington DE. 19802*

Page 7

Docket or case number (if you know): _I.D. # 9709009565_

Date of the court's decision: _April 27, 2005_

Result (attach a copy of the court's opinion or order, if available): _Denied._

(3) Did you receive a hearing on your motion or petition?

Yes ❑   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Delaware State_
_Supreme Court, 55 The Green, Dover De. 19904_

Docket or case number (if you know): _#190, 2005_

Date of the court's decision: _July 19, 2005 (8-11-05 Re-argued)_

Result (attach a copy of the court's opinion or order, if available): _Denied._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N-A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Before_
_Appealing to the States highest Court, I Filed a second Rule 35(A)_
_in Superior Ct, in hope of Averting An Appeal or Habeas Corpus_

GROUND TWO: _None_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_N-A_

*N-A*

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
*N-A*

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction. did you raise this issue?

Yes ❏   No ❏

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____
*N-A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❏   No ☒

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ___*N-A*_____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
*N-A*

(3) Did you receive a hearing on your motion or petition?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion or petition?

Yes ❏   No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
*N-A*

Docket or case number (if you know): _N-A_____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_N-A_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _N-A_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____
_N-A_____
_____
_____

**GROUND THREE:** _N-A_____
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_N-A_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_N-A_____
_____
_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____
_N-A_____
_____

(d) Post-Conviction Proceedings:  N - A

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ❑   No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ___N – A_____

Name and location of the court where the motion or petition was filed: _____
___N – A_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

___N – A_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N – A_____
_____

Docket or case number (if you know): _____

Date of the court's decision: ___N – A_____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ___N – A_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
___N – A_____
_____

GROUND FOUR: _N-A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N-A_

_N-A_

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_N-A_

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏  No ❏

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____
_N-A_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ❏ No ❏

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N-A_

Name and location of the court where the motion or petition was filed: _____
_N-A_

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_N-A_

(3) Did you receive a hearing on your motion or petition?

Yes ❏  No ❏

(4) Did you appeal from the denial of your motion or petition?

Yes ❏  No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏  No ❏      *N-A*

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N-A*

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

*N-A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N-A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *N-A*

*N-A*

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      Yes ☒  No ❏

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

*N-A*

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: *Exhausted*

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☒  No ❏

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. *U.S. District Court of Delaware, 844 King St. Lock box 18 Wilm. DE. 19802 Petitioner Filed A single Writ (2254) on 2-10-01 in hope of securing Review of the two issues Defense Counsel raised on direct Appeal, that was Affirmed. #41,1999; Johnson vs. State 753 A2d. 438. Civil Action #01-278-GMS And Denied 12-10-2003. (1) Inconsistant verdict And (2) Failing to give Deberry Instructions.*

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ❑     No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. *N-A*

*N-A*

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *Mr. Reymand M. Radulskei, Assistance Public Defender, 820 N French St. P.O. Box 8911 Wilm. DE.*

(b) At arraignment and plea: *Mr. Reymand M. Radulskei.*

(c) At trial: *Mr. Reymand M. Radulskei.*

(d) At sentencing: *Mr. Reymand M. Radulskei.*

(e) On appeal: *Mr. Reymand M. Radulskei.*

(f) In any post-conviction proceeding: *Pro 'Se.*

(g) On appeal from any ruling against you in a post-conviction proceeding: *Pro 'Se*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑     No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _N – A_

(b) Give the date the other sentence was imposed: _N – A_

(c) Give the length of the other sentence: _N – A_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     Yes ❏  No ❏  _N-A_

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* *Pursuant to Superior Court Criminal rule 35(a) the Law allows an illegal sentence to be Challenged at any time, provided the sentence was imposed in violation of either constitutions, violated the double Jeopardy clause or exceeded that authorized by Law, all of which occurried in Petitioner's case.*

*The Delaware Supreme Court is the States highest Court to whom acknowledge and Sanction rule 35(a), SEE: Johnson vs. State, Del. Supr. 758 A.2d 933 (2000) Smith vs. State, Del. Supr. 751 A.2d 878 (2000) And JEREMIAL L. Sewell vs. State # 615, 2002, decided March 6, 2003.*

*The Superior Court denied Petitioner's rule 35(a) motion for Correction of An illegal Sentence; Petitioner Re-FILED AND REQUESTED further Arguments on the Motion, the Court denied Same; then Petitioner FILED A timely Notice Of Appeal to the Delaware Supreme Court. The Supreme Court affirmed Superior Courts decision and now Petitioner submits this writ, asserting colorable claim(s) warrenting federal review.*

*The rule 35(a) affords remedies Co-extensive with those available under writs of Coram nobis and Habeas Corpus, See: Curran vs. Wooley 48 Del. 214, 101 A.2d 303 (1953) and Wainright vs. Skyers 433 U.S. 72, 53 L.ed 594 (1977).*

*Continued on next Page/added....*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

  (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(continued...)

Continued From page 14.

**#18., TIMELINESS OF PETITION:**

    Petitioner has suffered a gross miscarriage of injustices, that absent this Courts intervention; theres no other recourse for Relief, SEE: Reynolds vs. Ellingsworth 23 F.3d 756 (1995).

    Additionally Petitioners sixth Amendment rights where violated, when the trial Judge substituted (Enhanced) the Juries guilty verdict at sentencing; than imposed A Sentence on that invalid verdict! Petitioner has A federal Constitutional right to have A jury determine All facts Legally essential to his sentencing AND the Court violated that right, SEE: Gardner vs. Florida #74-6593 (430 u.s. 349). Williams vs. New York 337 u.s. 241 AND Blakley vs. Washington 542 u.s. _____ #02-1632 decided; 6-24-04.

    Petitioner is currently detained illegally AND in violation of both federal AND State Constitutions. Petitioner Asserts that the above Listed under the "Timeliness of Petition" should satisfy the requirements of 28 u.s.c. § 2244(d) (B) (C) AND (2), thus Allowing Federal Review of the merits of this WRIT!

Therefore, petitioner asks that the Court grant the following relief: *That the illegally imposed sentence on the U.S.I. in the Second degree be vacated (2) that the case be remanded back to Superior Court*

or any other relief to which petitioner may be entitled.

*to re-sentence Petitioner on the offense of U.S.I. in the third degree; which the Jury returned a verdict of guilt on.*

———————————————————
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

_____*11-19-05*_____ (month, date, year).

Executed (signed) on _____ (date).

———————————————————
Signature of Petitioner

———————————

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

### IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

\* \* \* \* \*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMMEYIN A. JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 41, 1999 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | Court Below—Superior Court |
| STATE OF DELAWARE, | § | of the State of Delaware, |
| | § | in and for New Castle County |
| Plaintiff Below, | § | Cr.A. No. IN96-11-1141 |
| Appellee. | § | |

Submitted: April 4, 2000
Decided: June 1, 2000

Before **WALSH, HOLLAND,** and **HARTNETT,** Justices.

Upon appeal from the Superior Court. **AFFIRMED.**

Raymond M. Radulski, Esquire, Assistant Public Defender, of Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, of Wilmington, Delaware, for appellee.

**HOLLAND,** Justice:

for two years at Level III, for Unlawful Sexual Contact in the Third Degree; one year at Level V, suspended for one year at Level II, for Assault in the Third Degree; and one year at Level V, suspended for one year at Level II, for Unlawful Imprisonment in the Second Degree.

Johnson has raised two arguments in this direct appeal. First, he contends that the Superior Court erred in refusing to grant his motion for a missing evidence instruction[2] relating to the complainant's refusal to submit to a medical examination following the alleged forcible sexual intercourse. Second, he contends that the Superior Court erred in failing to grant his motion for a new trial on the conviction for Unlawful Sexual Intercourse in the Second Degree on the grounds that the jury's verdict was inconsistent.

### *Facts*

The record reflects that on the afternoon of September 5, 1998, nineteen year-old Andrea Collins,[3] went to the Christiana Mall with some friends. They were all arrested at the mall for breaking into cars in the parking lot. Collins was also arrested on an outstanding Family Court

---

[2] *See Deberry v. State*, Del. Supr., 457 A.2d 744, 754 (1983).
[3] This is a pseudonym. *See* Supr. Ct. R. 7(d).

3

Collins testified that, after Johnson fell asleep, she dressed and left without her shoes. She returned to a residence where she was staying. There, she told a friend about being raped by Johnson. Collins stated that she accompanied her friend to a telephone to call in an anonymous complaint. Collins' reluctance to file a formal complaint at that time was apparently attributed to the fact that she was wanted by the Family Court on assault charges for a stabbing incident involving one of Johnson's cousins.

Collins testified that she and seventeen-year-old Johnson had not previously engaged in sexual intercourse. She acknowledged, however, that she spent several nights in Johnson's room with him, in his bed, during the preceding months. During the investigation by the Wilmington Police Department, Collins repeatedly refused the advice of the investigating police officer, her mother and the staff at the Porter Center to have a sexual assault medical examination performed at the Christiana Hospital.

At trial, Johnson denied forcing Collins to accompany him to look for his car or forcing her to have sexual intercourse with him. He did admit hitting Collins during an argument. According to Johnson, that

5

> 1) would the requested material, if extant in the possession of the State at the time of the defense request, have been subject to disclosure under Criminal Rule 16 or *Brady*?
>
> 2) if so, did the government have a duty to preserve the material?
>
> 3) if there was a duty to preserve, was the duty breached, and what consequences should flow from a breach?[7]

The consequences that should flow from a breach of the duty to preserve evidence are determined in accordance with a separate three-part analysis that considers:

> 1) the degree of negligence or bad faith involved,
>
> 2) the importance of the missing evidence considering the probative value and reliability of secondary or substitute evidence that remains available,[8] and
>
> 3) the sufficiency of the other evidence produced at the trial to sustain the conviction.[9]

In *Deberry*, we concluded "[a] claim that *potentially* exculpatory evidence was lost or destroyed by the State can only be decided after each element of the above analysis has been considered."[10] In *Deberry*, we also noted,

---

[6] *Deberry v. State*, 457 A.2d at 749.

[7] *Id.* at 750 (citations omitted).

[8] The consideration of secondary or substituted evidence was added by this Court in *Bailey v. State*, Del. Supr., 521 A.2d 1069, 1091 (1987).

[9] *Bailey v. State*, 521 A.2d at 1091 (citing *Deberry v. State*, 457 A.2d at 752). *Accord Hammond v. State*, Del. Supr., 569 A.2d 81, 86 (1989).

[10] *Deberry v. State*, 457 A.2d at 750 (emphasis added).

Collins was advised, about both of these purposes for having a medical examination.

The United States Supreme Court has held that competent adults have a constitutionally protected liberty interest in refusing unwanted medical treatment.[14] The government cannot require an adult, who claims to have been raped, to undergo a medical examination against his or her will. Accordingly, if a competent adult refuses to be physically examined or medically treated, the government has no duty to forcibly gather that type of evidence.

Johnson's request for a missing evidence instruction to the jury was properly denied. The record in this case reflects that no government agent played a role in Collins' failure to seek medical attention. In fact, Collins was repeatedly urged by the investigating police officer and others to seek medical attention following the alleged sexual assault. The Superior Court permitted Johnson to present Collins' refusal to have a medical examination to the jury and to be argued by the defense in summation as having exculpatory value for Johnson.

---

[14] *See Cruzan v. Missouri Dept. of Health*, 497 U.S. 261, 278 (1990); *Vitek v. Jones*, 445 U.S. 480, 497 (1980); *Parham v. J.R.*, 442 U.S. 584, 600 (1979).

convincing him of the lesser-included sexual assault offense of Unlawful Sexual Intercourse in the Second Degree.

The testimony at trial reflects that Johnson initially forced Collins to accompany him to locate his car.[19]  Accordingly, there was a rational evidentiary basis for the jury to reject the State's contention that Johnson initially kidnapped Collins for the purpose of sexually assaulting her.  The jury could have reasonably concluded from the evidence that Johnson subsequently decided to sexually assault Collins, when he arrived with her at his home, after he had already restrained her to look for his car.  The Superior Court properly held that there was no verdict inconsistency.

### Conclusion

The judgments of the Superior Court are affirmed.

---

[19] *See Jackson v. Virginia*, 443 U.S. 307 (1979); *Weber v. State*, Del. Supr., 547 A.2d 948, 957-59 (1988).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DAMMEYIN A. JOHNSON,                    )
                                       )
        Petitioner,                  )
                                       )
   v.                                  )    Civil Action No. 01-278-GMS
                                       )
ROBERT SNYDER,                         )
Warden, and ATTORNEY GENERAL           )
FOR THE STATE OF DELAWARE,             )
                                       )
        Respondents.                 )

```
+-------------------------+
|        F I L E D        |
|  +-------------------+  |
|  |   DEC 10 2003     |  |
|  +-------------------+  |
|    U.S. DISTRICT COURT  |
|  DISTRICT OF DELAWARE   |
+-------------------------+
```

## M E M O R A N D U M   A N D   O R D E R

Following a jury trial in the Delaware Superior Court, petitioner Dammeyin A. Johnson was convicted of second degree unlawful sexual intercourse, second degree unlawful sexual contact, unlawful imprisonment, assault, and two counts of an aggravated act of intimidation. He is presently serving an eighteen year sentence at the Delaware Correctional Center in Smyrna, Delaware. Johnson has filed with the court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a request for the appointment of counsel. (D.I.s 1, 4.) For the reasons explained below, the court will deny his petition and dismiss the appointment of counsel request as moot.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On September 4, 1997, Andrea Collins[1] and a friend took Johnson's car without his

---

[1]The Delaware Supreme Court used this pseudonym pursuant to Del. Supr. Ct. R. 7(d).

consent and drove to the Christiana Mall, in Christiana, Delaware.[2]  When Collins returned

without the car, Johnson chased her, grabbed her by the hair, and forced her to walk throughout

Wilmington to look for his car.  Eventually, Collins and Johnson ended up in his bedroom at his

mother's house, where he slapped her, choked her, and forced her to engage in sexual intercourse

against her will.

Once Johnson fell asleep, Collins escaped and anonymously called the Wilmington police

to report the incident.  She showered, and did not receive medical attention.  Later that day,

Collins was arrested on an outstanding Family Court warrant.  She then advised the police about

her rape.  However, against the advice of the police, she refused to have a sexual assault medical

examination performed at the hospital.  On October 27, 1997, a grand jury in the Delaware

Superior Court charged Johnson with first degree unlawful sexual intercourse, two counts of first

degree kidnapping, third degree unlawful sexual penetration, third degree assault, two counts of

an aggravated act of intimidation, theft and third degree assault.  (D.I. 12, Appendix to App.'s

Op. Br. at A-5 to A-8.)

At trial, Johnson denied forcing Collins to accompany him or to have sexual intercourse

with him.  However, he did admit to striking Collins after he learned about the charges she

lodged against him.  During the trial, Johnson asked for a missing evidence jury instruction

regarding the lack of medical evidence ("*Deberry* instruction").  Although the Superior Court

denied the *Deberry* instruction, it did permit Johnson to present to the jury evidence of Collins'

refusal to have a medical examination and to argue in summation that a medical examination

---

[2]These facts are recited as set forth in the Delaware Supreme Court decision, *Johnson v. State,* 753 A.2d 438 (Del. 2000).

may have had exculpatory value for the defense. *See Johnson v. State,* 753 A.2d 438, 442 (Del. 2000).

The jury acquitted Johnson of first degree unlawful sexual intercourse and first degree kidnapping, but found him guilty of the lesser included offenses of second degree unlawful sexual intercourse and second degree unlawful imprisonment. Before sentencing, Johnson filed a motion for a new trial, alleging: (1) the weight of the evidence did not support the verdict; and (2) the conviction for unlawful intercourse in the second degree was inconsistent with the jury verdict of not guilty for kidnapping in the first degree. (D.I. 12 at A-9- A-13.) The Superior Court denied the motion for a new trial. Johnson was sentenced to a total of eighteen years at Level V incarceration, suspended after thirteen years for one year at Level IV supervision, followed by two years of Level III supervision, and then two years at Level II.

Johnson appealed his convictions, alleging: 1) the trial court erred in refusing his request for a missing evidence instruction under *Deberry*; and 2) the trial court erred in failing to grant his motion for a new trial on the charge of unlawful sexual intercourse in the second degree. (D.I. 12, Appellant's Op. Br. in *Johnson v. State*, No. 41, 1999.) The Delaware Supreme Court affirmed Johnson's conviction. *Johnson v. State,* 753 A.2d 438 (Del. 2000). Johnson did not apply for state post-conviction relief.

## II. GOVERNING LEGAL PRINCIPLES

### A. Standard of Review

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When the petitioner is in state custody pursuant to a state court

judgment, and the federal claims asserted in the habeas case were previously adjudicated in state

court on the merits, then a federal court cannot grant a writ of habeas corpus unless it finds that

the state court decision either: (1) was contrary to, or involved an unreasonable application of,

clearly established federal law; or (2) was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). According to

Third Circuit precedent, a federal habeas claim was adjudicated on the merits in state court only

if it "is clear from the face of the state court decision that the merits of the petitioner's

constitutional claims were examined in light of federal law as established by the Supreme Court

of the United States." *Everett v. Beard*, 290 F.3d 500, 508 (3d Cir. 2000).

    If the state court did adjudicate the federal habeas claim on the merits, then the federal

court must review the claim pursuant to a two-step analysis under § 2254(d)(1). *Matteo v.*

*Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir. 1999)(en banc); *see also Werts v.*

*Vaughn,* 228 F.3d 178 (3d Cir. 2000), *cert. denied,* 532 U.S. 980 (2001). First, the federal court

must identify the applicable United States Supreme Court precedent and then determine whether

the state court decision is contrary to that precedent. *Matteo,* 171 F.3d at 888. The petitioner

cannot merely demonstrate "that his interpretation of Supreme Court precedent is more plausible

than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent

*requires* the contrary outcome." *Matteo,* 171 F.3d at 888.

    If the federal court concludes that the state court adjudication is not contrary to the Supreme

Court precedent, the court must then determine whether the state court judgment rests upon an

objectively unreasonable application of clearly established federal law, as determined by the

United States Supreme Court. *Id.* at 880. This analysis involves determining "whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified. If so, then the petition should be granted." *Id.* at 891.

When applying the standard under § 2254(d)(1), a federal court must presume that a state court's determinations of fact are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Exhaustion and Procedural Default

The federal habeas statute states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i)  there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Before seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000).

5

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert,* 134 F.3d at 513; *Evans v. Court of Common Pleas, Delaware County, Pa.,* 959 F.2d 1227, 1230 (3d Cir. 1992)(citations omitted).

A petitioner fairly presents a federal claim to the state's highest court for purposes of exhaustion by asserting a legal theory and facts that are substantially equivalent to those contained in the federal habeas petition. *Coverdale*, 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1996). The petitioner does not need to identify a specific constitutional provision in his state court brief, provided that "the substance of the . . . state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir. 1982)(quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307, 312 (3d Cir. 1980). The exhaustion requirement of § 2254(b) is satisfied if the petitioner presented his federal habeas claims to the state court, even if the state court did not discuss or consider the claims. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir. 1984). "The exhaustion requirement of 28 U.S.C. § 2254(b)-(c) has been judicially interpreted to mean that claims must have been *presented* to the state courts; they need not have been considered or discussed by those courts." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules

6

Explaination for not going Supreme Court

preclude a petitioner from seeking further relief in state courts. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted. *Lines,* 208 F.3d at160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). Because the cause and prejudice exception to the procedural default doctrine is two-pronged, the petitioner must allege cause for the procedural default before the federal court need determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner

demonstrates that failure to review the claim will result in a fundamental miscarriage of justice.

*Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.

2001).  In order to demonstrate a miscarriage of justice, the petitioner must show that a

"constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Murray,* 477 U.S. at 496.  Actual innocence means factual innocence, not legal insufficiency.

*Bousley v. United States*, 523 U.S. 614, 623 (1998).  A petitioner establishes actual innocence by

proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt.

*Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## III. DISCUSSION

### A.  Claim One:  Trial court erred in failing to give a *Deberry* jury instruction

Johnson's first claim for relief is that the Delaware Superior Court committed plain error

by denying  his request for a missing evidence instruction under *Deberry v. State,* 457 A.2d 744

(Del. 1983).  (D.I. 1.)  The State correctly acknowledges that Johnson exhausted this claim by

presenting it on direct appeal to the Delaware Supreme Court.  (D.I. 10 at 3.)  The State also

asserts that Johnson is not entitled to relief under 28 U.S.C. § 2254(d) because the state courts

reasonably applied the relevant constitutional standards in denying the instruction and upholding

such denial.  (*Id.* at 4-6.)

Although the State provides a well-reasoned  argument for denying relief

under § 2254(d)(1), the court concludes that it need not reach this analysis.  Johnson has not

presented the court with a cognizable claim, nor did he fairly present a federal constitutional

claim to the Delaware Supreme Court.  The court disagrees with the State's summarization of

Johnson's claim as asserting a due process violation because Johnson neither specifically nor implicitly alleges a federal due process violation. (D.I. 10 at 3.)  At most, he alleges a violation of the Delaware due process standard and Delaware precedent as contained in *Deberry v. State*, 457 A.2d 744 (Del. 1983) and its progeny.  A quick review of the relevant Delaware caselaw and the record at hand illustrates that Johnson's argument regarding the Delaware Superior Court's error in denying his request for a *Deberry* instruction is entirely premised on Delaware law.

In *Deberry v. State*, 457 A.2d 744 (Del. 1983), the Delaware Supreme Court held that the State, including its police agencies, is obligated under the Delaware constitution's due process standards to preserve evidence material to a defendant's guilt or innocence. *See Lolly*, 611 A.2d 956, 959-60 (Del. 1992).  The Delaware Supreme Court later extended the *Deberry* holding to claims that the police had failed to gather the possibly exculpatory evidence in the first place. *Id.* at 960.  Basically, once the state court establishes that the "State must bear the responsibility for the loss of [or failure to gather] material evidence, an appropriate jury instruction is required as a matter of due process under the Delaware constitution." *Lolly*, 611 A.2d at 961.  A missing evidence instruction requires "the jury to infer that, had the evidence been preserved [or procured], it would have been exculpatory to the defendant." *Lunnon v. State*, 710 A.2d 197, 199 (Del. 1998).

At Johnson's trial, the Delaware Superior Court denied his request for a *Deberry* instruction because it determined that the government did not play a role in Collins' failure to receive a medical examination. *Johnson*, 753 A.2d at 441.  On direct appeal, Johnson claimed that the Superior Court erred in denying his requested *Deberry* instruction, which is essentially the same claim he raises here.  The Delaware Supreme Court carefully reviewed the relevant

9

state precedent, and then specifically affirmed the Superior Court's decision because "the record in this case reflects that no government agent played a role in Collins' failure to seek medical attention." *Id.* at 442.

A federal court may consider a habeas corpus petition filed by a state petitioner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim alleging a mere error of state law does not constitute a violation of due process, and thus, is not cognizable on federal habeas review. *See Engle v. Isaac,* 456 U.S. 107, 121 (1982)(citing *Gryger v. Burke,* 334 U.S. 728, 731 (1948))*; Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Riley v. Harris,* 277 F.3d 261, 310 n.8 (3d Cir. 2001). For example, the "fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). Even if a petitioner couches a state law claim in terms of federal due process or equal protection, a federal court cannot grant federal habeas relief. *Dorn v. Kearney*, 1997 WL 811565, at *2 (D. Del. Dec. 10, 1997). Moreover, alleging that a state court committed plain error in rendering a decision does not allege a violation of due process. *See Bright v. Snyder*, 218 F.Supp.2d 573, 579 (D.Del. 2002).

Johnson's petition asserts that "the trial court committed plain error by denying defendant's request for a *Deberry* instruction." (D.I. 1 at 5.) He contends that "the State failed to preserve potentially exculpatory evidence for [sic] which could have been secured had the victim been examined. Such evidence, if secured, could [have] possibly exonerated the defendant but, at best, warranted a *Deberry* instruction in the absence of same." (*Id.*) Clearly, these statements only allege a violation of state law, and they are not even couched in terms of

federal due process.  The Delaware Supreme Court has repeatedly stated that the *Deberry* standard differs significantly from the federal missing evidence standard as set forth in *Youngblood v. Arizona*, 488 U.S. 51 (1988).[3]  *See Lolly*, 611 A.2d at 959-60.  Thus, it is clear that the petitioner's mere recitation of the *Deberry* standard does not implicate the federal due process clause.  Moreover, Johnson's allegation that the Superior Court committed plain error by denying the instruction does not implicate the federal due process clause.  *Bright v. Snyder*, 218 F.Supp.2d 573, 579 (D.Del. 2002).  The court concludes that Johnson has only asserted a violation of state law, thereby failing to present this court with a claim cognizable on federal habeas review.

Even if the court were to interpret Johnson's federal habeas claim as asserting a federal due process violation, Johnson failed to exhaust state remedies because he did not present a federal constitutional claim to the Delaware Supreme Court.  The court has reviewed Johnson's brief submitted to the Delaware Supreme Court on appeal.  The brief does not contain one citation to any federal constitutional provision, statute or case interpreting any federal constitutional provision.  Rather, Johnson's argument on direct appeal relied solely on cases from the Delaware courts interpreting Delaware law.  Once again, there is no reference to the federal missing evidence standard enunciated in *Youngblood*.  Further, the State's answering brief did not interpret the claim as asserting a federal constitutional issue, nor did the Delaware Supreme Court analyze it as such.  At most, Johnson's *Deberry* claim in state court asserted a violation of

---

[3]Under *Youngblood*, a criminal defendant can only succeed on a denial of due process claim based upon the police's failure to preserve potentially useful evidence by showing bad faith on the part of police.  In contrast, under *Deberry*, the "conduct of the state's agent is a relevant consideration, but is not determinative." *Lolly*, 611 A.2d at 959-60.

the Delaware Constitution, as illustrated by his contention that "a *Lolly* missing evidence instruction . . . is required as a matter of due process under the Delaware Constitution when the court determines from the totality of the circumstances that the State must bear responsibility for the loss of evidence." (D.I. 12, Appellant's Op. Br. at 8, 9.)   A violation of state constitutional standards does not automatically constitute a violation of federal constitutional standards. *See Twyman v.Carr*, 1997 WL 309456, at *3 (D. Del. Apr. 7, 1997).  For these reasons, the court concludes that Johnson did not fairly present a federal due process claim to the Delaware Supreme Court.

Because Johnson failed to present a federal claim to the Delaware Supreme Court, and Delaware Superior Court Criminal Rule 61(i)(3) precludes him from seeking further relief in the state courts, this claim is procedurally defaulted. *See* Super. Ct. Crim. R. 61(i)(3); *Mundy v. Snyder,* 2002 WL 1285547, at *4 (D. Del. June 10, 2002)(under Rule 61(i)(3), failure to raise an issue on direct appeal renders a claim procedurally defaulted absent a showing of cause and prejudice).   Consequently, federal habeas review of this claim is unavailable absent a showing of cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court fails to review the claim. *Mundy,* 2002 WL 1285547, at *4; *Coleman,* 501 U.S. at 750.

Johnson does not allege, nor does the record reveal, any reason for his failure to present this claim as a federal due process violation to the Delaware Supreme Court.  Because Johnson does not allege cause, the court does not need to reach the question of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).  Moreover, Johnson has not alleged that he is actually innocent.  Thus,  he has not alleged that a fundamental miscarriage of justice will result from

12

failure to review this claim. As a result, federal habeas review of claim one is unavailable.

In conclusion, not only did Johnson fail to assert a federal constitutional claim to the state supreme court, but also he failed to allege a federal constitutional claim to this court. As such, because Johnson has only asserted a violation of state law, he has failed to assert a claim cognizable on federal habeas review. Accordingly, the court will dismiss this claim.

### B. Claim Two: Inconsistent verdicts and insufficient evidence to support conviction for unlawful sexual intercourse in the second degree

Johnson's second claim asserts that his conviction for second degree unlawful sexual intercourse was not supported by the record. (D.I. 1 at 5.) In support of this claim, he states that he "was exonerated from the lead charges of kidnap/rape in the first degree." (*Id.*) These assertions mirror his claim on direct appeal that his conviction was against the weight of the evidence and that his conviction for unlawful sexual intercourse in the second degree was inconsistent with his acquittal for kidnapping and rape in the first degree. *See Johnson*, 753 A.2d at 442.

The State asserts that Johnson has exhausted state remedies. The State contends, however, that Johnson is not entitled to relief under § 2254(d)(1) because the Delaware Supreme Court's adjudication of this claim was neither contrary to, nor an unreasonable application, of well-settled United States Supreme Court precedent. (D.I. 10 at 6-9.)

While the court agrees that the insufficient evidence claim asserted in Johnson's habeas petition is the same claim he presented to the Delaware Supreme Court, the court is again confronted with the question of whether Johnson has actually alleged a federal constitutional claim. A broad reading of this claim suggests that Johnson attempts to allege violations of both

13

state and federal law. *See Jackson v. Virginia*, 443 U.S. 307, 321 (1979)(a petitioner who asserts there is insufficient evidence to support his conviction has "stated a federal constitutional claim . . . cognizable in a federal habeas proceeding").

As previously explained, to the extent that this claim rests on state law, it is not cognizable in this habeas proceeding. However, to the extent that Johnson's insufficient evidence claim asserts a violation of his federal constitutional right to due process, he has presented the court with a cognizable claim for federal habeas relief. The court must next determine whether Johnson has exhausted state remedies, and if he has, the appropriate standard of review to apply.

According to the United States Supreme Court, a federal due process claim has not been fairly presented to a state court unless the court has been "alerted to the fact that the prisoner[] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Johnson's appellate brief failed to cite any federal constitutional provision or other federal law to support his insufficient evidence claim. However, after evaluating this claim under both federal and state law, the Delaware Supreme Court held that the verdicts were consistent and that there was sufficient evidence to support Johnson's conviction. *See Johnson*, 753 A.2d at 442 (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). As such, the court concludes that this claim is both exhausted and adjudicated on the merits. *See Everett*, 290 F.3d at 508. The court must now determine if the Delaware Supreme Court's adjudication of this claim was either contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

14

The clearly established federal law governing insufficiency of evidence claims is *Jackson v. Virginia*, 443 U.S. 307 (1979).  Pursuant to *Jackson*, a reviewing court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319.  This standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* 324 n.16; *see Orban v. Vaughn,* 123 F3d 727, 731 (3d Cir. 1997).  Further, the reviewing court must draw all reasonable inferences from the evidence in favor of the prosecution and presume that the jury resolved all doubts based on conflicting evidence in the prosecution's favor.  *See Wright v West*, 505 U.S. 277, 296-97 (1992)(citing *Jackson*, 443 U.S. at 326).

Under the applicable Delaware law at the time of Johnson's trial, Johnson could be found guilty of unlawful sexual intercourse in the first degree if:  1) he intentionally had sexual intercourse with Collins without her consent; 2) Collins was not Johnson's voluntary social companion at the time of the offense; and 3) Collins had not permitted Johnson to engage in sexual intercourse with her within the previous twelve months.  11 DEL. C. ANN. § 775 (1995); D.I. 12, Appendix to App. Op. Br. No. 41, 1999, Ex. A-5.  Johnson was convicted of the lesser included offense of second degree unlawful sexual intercourse.  This result  required the jury to find that he intentionally engaged in sexual intercourse with Collins without her consent and that Collins was not his voluntary social companion at the time of the offense. 11 DEL. C. ANN. § 774(2)(1995).  The only difference between first and second degree unlawful sexual intercourse was the element of previous consensual intercourse.

During Johnson's trial, Collins testified that Johnson had beaten and raped her after

forcing her to go to his bedroom. *See Johnson*, 753 A.2d at 440. In Delaware, a rape victim's

uncorroborated testimony is sufficient to establish that unlawful sexual intercourse actually

occurred. *See Hammond v. Snyder*, 2000 WL 1239993, at *4 (D. Del. Aug. 23, 2000); *Collazo v.

State*, 719 A.2d 947, at **2 (Del. 1998). Here, the jury could have rejected Collins' testimony

that she had not engaged in consensual intercourse in the preceding twelve month period (a

necessary element for first degree unlawful sexual intercourse) and still have found the evidence

sufficient to establish the essential elements of unlawful sexual intercourse in the second degree

beyond a reasonable doubt. As such, the jury's decision to convict Johnson of second degree

unlawful sexual intercourse was not inconsistent with its decision to acquit him of first degree

unlawful sexual intercourse.

Johnson was also charged with two counts of first degree kidnapping, which required a

finding that he unlawfully restrained Collins for the purpose of sexually assaulting her. 11 Del. C.

Ann. § 781 (1995); D.I. 12, Appendix to App. Op. Br. No. 41, 1999, Ex. A-5, A-6. He was

convicted of the lesser included offense of second degree unlawful imprisonment, 11 Del. C.

Ann. § 781 (1995), requiring the jury to find only that Johnson knowingly and unlawfully

restrained Collins; the purpose of such restraint was not relevant.

At Johnson's trial, Collins testified that Johnson grabbed her and forced her to walk

around the city, eventually leading her back to his house and confining her in his bedroom. *See

Johnson*, 753 A.2d at 440. This testimony provided a sufficient basis to lead a rational trier of

fact to find Johnson guilty of second degree unlawful imprisonment. *See Jackson*, 443 U.S. at

319.

Further, the jury's decision to acquit Johnson of first degree kidnapping (requiring

16

unlawful restraint for the purpose of sexual assault) was not inconsistent with its decision to convict him of second degree unlawful sexual intercourse. The jury could reasonably have concluded that the restraint used to keep Collins in the bedroom was part of the second degree unlawful sexual intercourse, and thus, not sufficient to establish a required element for first degree kidnapping. *See Weber v. State*, 547 A.2d 948, 957-59 (Del. 1988). However, it was also reasonable for the jury to conclude that the restraint used during the march through Wilmington to search for Johnson's car constituted second degree unlawful imprisonment, a completely separate act of restraint from that exhibited during the subsequent rape. *See id.*

In short, viewing the evidence in a light most favorable to the State, the court concludes that a rational jury could reasonably conclude that Johnson was guilty of second degree unlawful sexual intercourse and second degree unlawful imprisonment, and that such convictions were not inconsistent with his acquittal for first degree rape and kidnapping. As such, the Delaware Supreme Court's rejection of Johnson's challenge to the sufficiency of the evidence was neither contrary to, nor an unreasonable application of, clearly established federal law. Consequently, this claim does not provide a basis for federal habeas relief.

### C. Application for the Appointment of Counsel

Johnson asks the court to appoint counsel pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United District States District Courts, 28 U.S.C. *foll.* § 2254, for the "limited purpose of representing defendant at an evidentiary hearing." (D.I. 4.) Because Rule 7 does not address the appointment of counsel, the court presumes that Johnson meant to cite Rule 8(c). 28 U.S.C. *foll.* § 2254. Johnson asserts that counsel should be appointed because he is "ignorant of the law." *Id.*

17

It is well settled that Johnson does not have a Sixth Amendment right to counsel in this habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n. 5 (3d Cir. 1999). However, a district court may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c), 28 U.S.C. *foll.* § 2254. As explained above, the court is dismissing Johnson's § 2254 petition because it fails to allege any grounds for federal habeas relief. In these circumstances, the "interests of justice" do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Thus, the court will deny Johnson's application for the appointment of counsel.

## IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Moreover, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

18

be allowed to proceed further." *Id.*

For the reasons stated above, the court concludes that neither of Johnson's claims provide a basis for federal habeas relief. Reasonable jurists would not find these conclusions unreasonable. Consequently, Johnson has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Dammeyin A. Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. Dammeyin A. Johnson's application for the appointment of counsel is DENIED as moot. (D.I. 4.)

3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: December 10 , 2003

UNITED STATES DISTRICT JUDGE

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
*Judge*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

February 23, 2004

Dammeyin A. Johnson
Delaware Correctional Center
Smyrna, DE 19977

RE:    State v. Dammeyin Johnson
       ID No. 9709009665

Dear Mr. Johnson:

The Court is in receipt of your letter of January 9, 2004 which is captioned "Motion for Correction of Illegal Sentence" pursuant to Rule 35 of the Superior Court criminal rules. The basis of your Motion is the Court erroneously sentenced you on the charge of Unlawful Sexual Intercourse in the Second Degree when you were actually convicted of Unlawful Sexual Intercourse in the Third Degree. I understand the argument, but my review of the file regarding this matter reflects you are simply incorrect. I have again reviewed the jury instructions that were issued in this matter and in fact the jury was instructed on Unlawful Sexual Intercourse in the First Degree as well as the lesser included offense of Unlawful Sexual Intercourse Second Degree. At no time was the jury instructed as to Unlawful Sexual Intercourse Third Degree as you allege in your Rule 35 petition. You were found guilty of this lesser included offense and sentenced consistent with the jury's verdict. As such, your Motion for Relief is again DENIED.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

cc:    Prothonotary

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

April 27, 2005

Dammeyin Johnson - SBI 306875
Delaware Correctional Center
Smyrna, DE 19977

     RE:  State v. Dammeyin Johnson
          ID No. 9709009665

Dear Mr. Johnson:

     Your motion for correction of illegal sentence received by the Prothonotary's Office on March 31, 2005 as well as your letter requesting counsel regarding that motion received by the Prothonotary on April 7, 2005 have been referred to me for a decision. Based upon my review of the case file regarding this matter, both motions will be denied.

     First, as to your motion for correction of illegal sentence, your principal argument is that the Court has incorrectly sentenced you on an offense of unlawful intercourse second degree when you were actually found guilty by the jury of unlawful intercourse third degree. The verdict sheet provided to the jury, the transcript of the Court's reading of the jury instructions to them as well as the docket in this matter all reflect that the only lesser included offense to which the jury had an option regarding the original charge of unlawful sexual intercourse first degree was the offense of unlawful sexual intercourse second degree. At no time was the third degree statute read to them or provided as an option. I can only surmise that the transcript that you have attached to your motion had an error or the clerk who took the verdict misstated the lesser included offense.

However, it is clear in all subsequent papers filed by your counsel as well as the sentence order that you were convicted of unlawful sexual intercourse in the second degree and were sentenced for that offense. As such, you are not serving an illegal sentence and the sentencing order previously imposed by this Court is legal and appropriate.

Since I have found that your motion has no merit, I also see no reason that counsel should be appointed.

As a result, your motions are hereby denied. I would note that I also wrote to you on February 23, 2004 again reflecting the fact that you were appropriately sentenced consistent with the jury's verdict. Continuing to file motions on this same issue will not change the Court's position.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMMEYIN A. JOHNSON, | § | |
| | § | |
| Defendant Below- | § | No. 190, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 9709009665 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 31, 2005
Decided: July 19, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## **ORDER**

This 19th day of July 2005, upon consideration of the appellant's opening brief,[1] the State's motion to affirm, and the record below, it appears to the Court that:

(1)  Johnson filed this appeal from the Superior Court's order, dated April 27, 2005, denying his motion for correction of an illegal sentence. The State has filed a motion to affirm the Superior Court's judgment on the

---

[1] On May 6, 2005, the Court received a document entitled "Notice of Motion for an Order and Relief." At the time, Johnson did not have an appeal pending before this Court. The Clerk of the Court therefore treated Johnson's motion as a notice of appeal. Moreover, because the "motion" contained substantive arguments, supported by case law, and requested immediate resentencing, the "motion" was be deemed his opening brief on appeal.

(4)    As the Superior Court pointed out, however, the jury was not instructed on the charge of unlawful sexual intercourse in the third degree. The verdict sheet, the jury instructions, and the docket all reflect that the only lesser included offense to the original charge of first degree unlawful sexual intercourse on which the jury was instructed was second degree unlawful sexual intercourse.    Thus, the jury only had three options with respect to the charge of first degree unlawful sexual intercourse: guilty as charged, guilty of the lesser included offense of second degree unlawful sexual intercourse, or not guilty.    In light of the record, we find no error in the Superior Court's conclusion that the reference in the transcript to third degree unlawful sexual intercourse was either an error in transcription or simply a misstatement by the court clerk in reading the verdict.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Chief Justice

-3-

THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMMEYIN A. JOHNSON, | § | |
| | § | |
| Defendant Below– | § | No. 190, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 9709009665 |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted: August 1, 2005
Decided:  August 11, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

### *O R D E R*

This 11th day of August 2005, the Court having considered the appellant's Motion to Re-Argue and Review Relevant Facts dated August 1, 2005, and it appearing that the motion should be denied.

NOW, THEREFORE, IT IS ORDERED that the appellant's motion be and the same hereby is,

**DENIED**.

BY THE COURT:

Chief Justice

