In The United States District Court
for The District Of Delaware

ORIGINAL

Dammeyin G. Johnson
Pro'se Petitioner,

vs.

Thomas C. Carroll
Warden - Respondent.

Civil # 05-817

NOV 30 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Memorandum Of Law
In Support Of Habeas Corpus, 28 U.S.C. § 2254

Petitioner asserts that the events transpired in the instant case, substantially infringed and deprived Petitioner of Due process and Constitutional rights. Petitioner deems that this procedural mechanism (Habeas Corpus) is the best opportunity to obtain a fair and just review; since historically habeas Corpus has served as a safty net for those constitutionally violated. See: Robinson vs. California, 370 U.S. 660 (1962).

### Statement of Facts

1. On September, 199_ Andrea Collins stole Petitioners vehicle when she (alledged victim) returned later that day without the vehicle; Petitioner, Andrea and walked through the general area searching for the vehicle. Andrea refused to tell petitioner where the vehicle was but conceded at trial to having taken it!

2. While searching for the vehicle we stopped at Adams Ford for some food items, Andrea stayed up front but inside the store while Petitioner and Brandon Holmes went to retrieve items. The Security guard testified to seeing Andrea a few feet from himself but she never said anything.

1.

3. The vehicle was not found and Petitioner, Andrea and Brandon Holmes returned to Petitioners residence for the nite. Petitioner and Andrea did engage in consensual sex before going to sleep. The next morning Andrea was going, which was typical following the nites she stayed; which she testified having spent previous nites with Petitioner. The following day Andrea was apprehended by security at the Christiana mall, for breaking into cars stealing. Andrea / suspect was turned over to the Delaware state police, who had learned she had an outstanding warrenting from family Court; for stabbing a girl in Wilmington.

4. Enroute to the police station, Andrea tells the officer she was raped by Petitioner. The officer insisted on taking her to the Hospital but she refused.

The state elected not to prosecute Andrea for the crimes committed at the mall but, had Petitioner arrested and charged. Brandon Holmes to whom was with Petitioner and Andrea, was never interviewed by authorities or charged!

5. The offenses were, U.S.I. in the first degree, 2 counts of Kidnap 1st degree, U.S.P., 3rd degree, Assault third, two counts and 2 counts of aggrevated intimidation and theft. On September 16, 1998 Petitioner was convicted by a jury, on U.S.I. in the third degree, 2 counts of aggrevated intimidation, U.S.C, Assault third and Unlawful imprisonment.

6. On sentencing day the Court imposed a mandatory minimum ten years on Petitioner for U.S.I. in the Second degree. Petitioner was convicted of U.S.I. in the third degree and not second; which is the basis of this Habaes Corpus. For the sake of simplicity Petitioner will confine the statement of facts and this Petition-memorandum thereto.

7. Defense counsel never objected to the imposition of the illegal sentence and Petitioner was ignorant of the law, first time in Superior Court and just a kid!

8. On direct appeal Defense Counsel raised two issues, neither involved the imposition of the illegal sentence. The Delaware Supreme Court ultimately affirmed the convictions.

9. Petitioner than filed a Pro'Se 2254 Habaes Corpus, attempting to secure Review of the two issues that was raised in Supreme Court; which was denied.

10. Petitioner than filed a motion pursuant to Superior Court Criminal Rule 35(a), seeking the Correction of an illegal sentence and abuse of trial courts discretion. Superior Court denied the motion but because Rule 35(a) is specifically designed to challenge an illegal sentence at any time, Petitioner re-filed, to no avail. Petitioner appealed Superior Courts decision to Delaware Supreme Court whom denied Petitioner relief. Petitioner is now submitting this Habaes Corpus. SEE: Christy vs. Horn, 115 F.3d. 201 (3rd, Cir. 1997)

## Summary of Argument(s)

11. At sentencing the trial Court erroneousely imposed ten years on Petitioner, for U.S.I., in the 2nd, degree; an offense Petitioner was never convicted of. The trial record will confirm that the Jury returned a guilty verdict on the offense of U.S.I., in the 3rd, degree.

12. The Judge thanked them for their services and sent them home. The prosecution than requested bail be revoked, based on the 3rd, degree conviction; the trial and sentencing record confirms the above.

13. In hindsight the trial Court asserts clerical error, for the 3rd, degree verdict and claims it should been U.S.I., in the 2nd, degree.

14. The Delaware State Supreme Court claims that because the Jury was never given instructions on the lessor included offense of U.S.I., in the 3rd, degree; that they couldn't legally convict of such.

15. Petitioner asserts that the sentence imposed for U.S.I., in the 2nd, is in gross violation of the federal and State Constitutions. Petitioner further asserts the sentence was not authorized by law and the Judgement of conviction. Additionally, Petitioners 5th, 6th, 8th, and 14th, Amendments rights where violated; Constituting a gross miscarriage of Justice.

## Jurisdiction and Authorities
## To Entertain Habeas Corpus By State Prisoner

16. Petitioner has demonstrated via trial and sentencing records, of having been deprived the Constitutional Rights to a Fair Trial. Petitioner has further demonstrated that despite the overwhelming evidence of Petitioner being detained unconstitutional, the State Courts refuse to remedy the injustices; Leaving this Honorable District to Review and Remedy the gross miscarriage of Justice. See: Smith vs. Murray 477 U.S. 527 (1986). And failure of this Court will result in a fundamental miscarriage of Justice, See: Edward vs. Carpenter, 529 U.S. 446 (2000), Wenger vs. Frank, 266 F.3d 218 (2001).

17. In the case(s) of Picard vs. Connor, 404 U.S. 270 (1971) and United States ex. Rel. Geisleir vs. Walters, 510 F.2d. 887 (1975), the Courts held that the exhaustion requirements of 28 U.S.C. § 2254 (b)-(c) has been judicially interpreted to mean that claims must have been presented to the State Courts; the (claims) need not have been considered or discussed by those Courts.

18. Petitioner further assert that a miscarriage of Justice will result if the Federal Court fails to review the merits of Petitioners claim(s), particularly the 5th. Amendment issue; of the double Jeopardy violation incorporated in the Arguments. See: McCandles vs. Vaughn, 172 F.3d 255 (1999), Coleman vs. Thompson 501 U.S. 722 (1999) And Caswell vs. Ryan, 953 F.2d 853 (1992).

19. Petitioner has clearly established a colorable claim and has shown prejudice, of the States failure to address the violations; inspite of its prior Court precedental Rulings.

4.

20. The Court held in; Lines vs. Larkin 208 F.3d 153 (2000), Wenger vs. Frank 266 F.3d 218 (2000) and Teague vs. Lane, 489 U.S. 288 (1989) that a Petitioners failure to exhaust state remedies, will be excused if state procedural rules preclude a Petitioner from seeking further relief. Petitioner humbly assert that the state Court Records, will confirm their exist no further recourse; to securing a remedy on the State Court level.

21. Petitioner invokes section(s) B(ii) 1 and 2 of Habaes Corpus 2254 and requesting these merits asserted herein are reviewed; to Remedy the gross injustices Petitioner has been suffering. Unfortunately circumstances exist that render the State Court process ineffective, to protect Petitioners rights and absent this federal Courts, intervention, Justice will be denied Petitioner.

22. Petitioner has shown 5,th. and 8th, amendment violations, that substantially abridged equal protection and due process; that deprived Petitioner of a Fair trial and resulted in an illegal detention... See: Escobar vs O'Leary 943 F.2d 711 (7th Cir. 1991), Baxstrom vs. Herold 383 U.S. 107 and, Specht vs. Patterson 386 U.S. 605 (1967).

23. In, Jones vs Anderson, 183 A.2d 177, the Court held that a constitutional violation on sentencing, can be attacked at any time; as Petitioner draws on the fundamental fairness doctrine. Consequently the federal Courts may correct an illegal sentence at any time or after Appellant review; United States vs. Fowler 794 F.2d 1446 (1986) and Hasse vs United States, 800 F.2d 123 (1986).

24. In, Badea vs. Cox 931 F.2d 573 (9th Cir 1991) the Court ruled that Habeas Corpus, is the proper mechanism, for a prisoner to challenge an illegal sentence. And to the extent a due process claim is implicated; such is cognizable on Habeas Corpus Review; Reynolds vs. Ellingsworth, 843 F.2d 712 (1988).

25. There exist also a clear Abuse of the trial Courts discretion, in imposing the ten years, on a Judgement not rendered by the Jury, Failing to observe that Fundamental Fairness thats essentially to the very concept of Justice; See: United States vs. Tucker, 334 404 U.S. 443 (1972), Townsend vs. Burk, 334 U.S. 736 (1948) United States vs. Jackson 649 F.2d 967 (1981) and, Donnelly vs. DeChristofore 416 U.S. 637 (1974)

26. The Above cited Authorities is evidence of the need For Federal Review And that of Habeas Corpus, Petitioner implore this Honorable Court to Review the merits And the Exhibits; which will Readily confirm that Petitioner is currently detained on an illegal sentence / Also, that Petitioners substantial due process Rights were violated. In addition to Habeas Corpus being the proper mechanism for a Prisoner to challenge the legality or duration of their confinement (Preiser vs. Rodriquez 411 U.S. 475 (1973) Petitioner illegal sentence is predicated upon an unreasonable determination of facts; in lite of the evidence presented in the state court proceedings. Further more, Petitioner is actually innocent (Smith vs. Murray 477 U.S. 527 (1986) and the sentencing court lacked Jurisdiction; to impose a sentence upon Petitioner in the absence of a Valid conviction.

## Issues

27. Petitioners detention is based on an illegal sentence. And Abuse Of the Trial Courts broad discretion

## Arguments

28. On 7-16-98 the jury in New Castle County returned guilty verdicts on a number of criminal offenses. For all practical purposes, Petitioners confining the arguments to the actual issue in dispute. The issue is that U.S.I., in the third degree, is the verdict returned by the Jury, Exhibit A.

29. The problem arose at sentencing, when the trial Court erroneously imposed a ten year sentence on Petitioner, for U.S.I. in the 2nd, degree, Exhibit B.

30. The initial charge Petitioner was indicted on was U.S.I., in the 1st, degree. The trial Court gave jury instructions on the lessor included offense, of U.S.I., in the second degree, Exhibit C.

31. Before retiring the jury for deliberations the Court told the jury that if they find the evidence to be in conflict than it is their duty to Reconcile these conflicts, exhibit D, #6 thru 12. The Judge told the Jury if they find reasonable doubt concerning the guilt of the Defendant, as to a particular charge, than your verdict must be not guilty on that charge.

32. The jury was then given a verdict sheet and retired for deliberations. *ET.withheld Exhibit E, is the minutes of what the trial Judge said to the Jury before deliberations, Exhibit D.

33. When the Jury returned with the verdicts, they were polled, exhibit A, and repeated U.S.I. in the third degree, exhibit E. The Judge then thanked the Jury and sent them home, the prosecution than requested bail be revoked, based on the third degree conviction, see, Exhibit G.

7.

34. Because the trial Court failed to timely address the verdict issue, subsequent to the Jury reading same, the Court in hindsight is requesting that the trial record be ignored or interpretated as clerical error... The record is explicit and the Courts historically has relied on the record for its guidance and truths.

35. For the sake of argument lets say it was a clerical error, the fact the error was not subsequently rectified, prejudice the Petitioner, constituting procedural error because of the Courts inferred; closed mind., SEE: Osburn vs State, Del. Supr., 224 A.2d. 52 (1966) and, Baily vs. State, Del. Supr., 450 A.2d. 400

36. Petitioner asserts their is no independante evidence on the trial Record that would remotely suggest, clerical error. However, their is ample evidence on the record to demonstrate that Petitioners fundamental Rights to a fair trial was bridged.

37. In Owens vs. U.S 497 a.2d 1086 the Court held that the 6th, amendment gives Petitioner the right to have his fate decided by an unanimous verdict; this right is further enforced by Superior Court criminal rule 31(a).

38. In Com, vs. Jackson 324 A.2d 350 (1974) the Court held that a criminal defendant who is tried by a jury can only be convicted by them....... this right is protected by both; federal and State Constitutions.

39. Between the trial Courts apparent closed mind during the reading of the jury verdicts and that of the arbitrary imposition of a sentence, in the absence of a valid verdict, substandial due process And equal protection rights of Petitioner were violated., See: Wolf vs. McDonnell 418 U.S. 539 (1974).

40. The United State Supreme Ct, consistantly held that the Corner Stone of due process; is the protection of individual Rights, against arbitrary Actions of the Government.

41. The trial and sentencing records, speak volumes of the procedural and fundamental fairness that was denied Petitioner. Procedural fairness is suppose to be the governing principles in the prosecution of any Defendant. SEE: Daniels vs. Williams 474 U.S. 331, Griswold vs. Connecticut, 381 U.S. 479 (1965) and Rochin vs. California 342 U.S. 165 (1952).

42. Petitioner is currently detained in clear violation of the Federal & State Constitution, and Failure of this Court to review the merits of these claims, will result in a fundamental miscarriage of Justice. SEE: Edward vs. Carpenter 529 U.S. 446 (2000) and, Wenger vs. Frank 266 F.3d 218 (2001).

### The Abuse Of Trial Courts Discretion

43. Petitioner asserts it was a clear abuse of the Courts discretion, to arbitrarily impose a prison sentence, in the absence of due process. The ten years imposed was not based on a valid conviction or authorized by law, inconsistant with 11 Del. Code § 4204., SEE: In North Carolina vs. Pearce 395 U.S. 711 (1969)

44. The Fourteenth Amendment confers substantial rights against States arbitrary and abusive powers. The Fifth Amendment prohibits criminal Defendants from being sentenced as Petitioner was, rendering the entire sentence proceeding a violation of due process. See: United States vs. Robin 545 F.2d 775, United States vs. Tucker, 404 U.S. 443, and State vs. Huey 505 A.2d 1242.

45. In Hamilton vs. State, Del. Supr. 534 A.2d 657, held that a sentencing Court abuse its discretion, when it sentences on basis of inaccurate or unreliable information. Also see: Gardner vs. State, 430 U.S. 349.

46. The trial Court further abused its discretion by the imposition of the illegal sentence; which placed Petitioner twice in danger for the same offense. Petitioner base this assertion on the fact of being prosecuted for U.S.I, 1st, degree; and the Judge giving instructions on the lessor included offense of U.S.I, in the Second degree. The Jury refused to return a guilty verdict on either count but elected to convict of the lessor included offense of U.S.I, in the Third degree.

47. According to 11 Del. Code §773, U.S.I, in the third degree is a lessor included offense of First and Second. In the case of Illinous vs. Vitale 447 U.S. 410 (1980) the court held the double Jeopardy clause is violated whenever a Defendant is prosecuted for a greater offense," after having been convicted of the lesser included offense; possessing the same elements.

48. In the case of Tilden vs. State 513 A.2d 1302 (1986) the Court ruled that inconsistant verdicts is a rule of Jury lenity. The fact of the trial Court giving instructions on the lesser included offense, of U.S.I, in the Second degree, implies the evidence potentially lacking to convict of the greater offense.

49. Petitioner asserts the Jury apparently inferred from the testimony, evidence, observation and that of the victim going on acrime spree verses the Hospital, that U.S.I, in the third degree was practical. At any rate the State Supreme Court held in "Willis", 673 A.2d 1233 (1995) that once a jury convict of the lesser included offense, a Defendant cannot be prosecuted for the greater offense; As was done in Petitioners case.

50. Title 11 § 207 (1)(3) also bars the subsequent prosecution; further supported by; State vs. Esham 321 A.2d 512 and Render vs. State, Del. Supr 349 A.2d 745.

51. In the case of Key vs. State., Del. Supr. 463 A2d 633 (1983) the court ruled that a Defendant may be convicted of an offense, not charged in the indictment or information; provided that crime is included in the offense charged!

52. The test of whether a crime is a lesser included offense, of the charged offense, compare substantive statutes and underlying definitions; 11 Del. Code § 206 (b)(1). It (offense) is established by proof of the same or less than all the facts required to establish the commission of the offense charged. See: Upshur vs. State, Del. Supr., 420 A.2d 165 (1980) And, Poli vs. State, Del. Supr. 418 A.2d 985 (1980).

53. The only independante evidence aside from the victim alledging she was raped, is that of the Petitioner taking the stand and admitting they had sex but, their was no rape. Further more had the victim not been caught stealing that particular day; such a claim would not been made; that day! With the Jury evaluating the totality of the circumstances, bearing in mind they choose not to convict of Kidnap or 1st. degree U.S.I., its apparent the verdict was a compromized one.

54. Petitioner has demonstrated a prima facial case, substantiated by the trial-sentencing record; of Constitutional violations and a liberty interest, warrenting Review: See: Olim vs. Wakinekona 461 U.S. 238, Hewitt vs. Helms 459 U.S. 460., And, Dorfmont vs. Brown 913 F.2d 1399.

55. Further more, Just as the Jury have authority to render inconsistant verdicts, verdicts on crimes not charged; the Jury had authority to convict on the lesser included offense despite the absence of an Instructions!
See: State vs. Brazzell 460 A.2d 1306 (1983)
     State vs. Matushefske 215 A.2d 433 And
     State vs. Baily 551 A.2d 1206 (1988).

## Conclusion

56. The Honorable Court held in North Carolina vs. Pearce 395 U.S. 771 (1969) that "Due process, moreover, is a guarantee that a man should be tried and convicted, only in accordance with valid laws. If a conviction is not valid under these laws, statutory and Constitutional, that man has been denied due process and a Constitutional right to have the conviction/sentence set aside; and not be deprived of life or liberty!

## Relief

57. That the ten years imposed for U.S.I. in the Second degree be vacated, and that the case is remanded back to Superior Court with instructions to either modify the Second degree verdict to that rendered by the Jury or grant Petitioner a new trial on the offense in question, or released.

Alternatively, whatever other relief the Court deem just and appropriate.

November 19, 2005

Respectfully,
Dammeyin A. Johnson
Dammeyin A. Johnson
Pro'Se Petitioner
1181 Paddock Road
D.C.C., Smyrna DE.
19977

4

1         (Forelady complies.)
2         THE PROTHONOTARY: Has the jury agreed upon
3    their verdicts?
4         THE FORELADY: Yes.
5         THE PROTHONOTARY: How does the jury find the
6    defendant at the bar as to the charge of Unlawful
7    Intercourse in the First Degree; guilty or not
8    guilty?
9         THE FORELADY: Not guilty.
10        **THE PROTHONOTARY: As to the lesser-included**
11   **offense of Unlawful Intercourse in the Third Degree;**
12   **guilty or not guilty?**
13        **THE FORELADY: Guilty.**
14        THE PROTHONOTARY: As to the offense of
15   Kidnapping in the First Degree; guilty or not guilty?
16        THE FORELADY: Not guilty.
17        THE PROTHONOTARY: As to the lesser-included
18   offense of Unlawful Imprisonment in the Second Degree;
19   guilty or not guilty?
20        THE FORELADY: Guilty.
21        THE PROTHONOTARY: As to the offense of
22   Unlawful Sexual Contact in the Third Degree; guilty or
23   not guilty?

Exhibit-A

10

1  yourself.  Every time we try to do something to help
2  you, you resist it.  So you're going to sit in jail
3  for a while, and perhaps maybe sitting in jail for a
4  while will maybe make some difference.
5              In regards to 97-10-16 -- think it's
6  1615, I believe, unlawful sexual intercourse in the
7  second degree, the effective date is January 9th,
8  1998.  The defendant shall -- costs of prosecution is
9  imposed, but suspended, defendant is placed in the
10 custody of the Department of Correction for a period
11 of ten years at Level 5.
12             In regards to 97-10-1619, aggravated
13 intimidation, the defendant is placed in the custody
14 of the Department of Correction for a period of two
15 years at Level 5.
16             In regards to 97-10-1622, aggravated
17 intimidation, the defendant is placed in the custody
18 of the Department of Correction for a period of two
19 years at Level 5, suspended for one year of Level 4,
20 halfway house.  Defendant is to be held at Level 5
21 until Level 4 is available.
22             In regards to 97-10-1617, unlawful sexual
23 contact second, the defendant is placed in the

Exhibit-B

8

1  sexual intercourse in the first degree.
2         Now, after considering the evidence, you
3  find the State has failed to establish beyond a
4  reasonable doubt the charge of unlawful sexual
5  intercourse in the first degree, you should find the
6  defendant not guilty of that charge and **then consider**
7  **whether the lesser included offense of unlawful**
8  **intercourse in the second degree has been**
9  established.
10        In order to find the defendant guilty of
11 unlawful sexual intercourse in the second degree, you
12 must find beyond a reasonable doubt:
13        One, the defendant had sexual intercourse
14 with the complaining witness.  I defined sexual
15 intercourse for you.
16        Two, the intercourse occurred without the
17 complaining witness' consent.  Without consent has
18 been explained to you.
19        Three, the defendant was not the
20 complaining witness' voluntary social companion on
21 the occasion of the crime.  And I've defined
22 voluntary social companion for you.
23        And four, the defendant acted

Exhibit - C.

24

1  credibility of each person who has testified and as
2  to the weight to be given to the testimony of each.
3  You are to judge the credibility of all of the
4  witnesses that have testified before you whether for
5  the prosecution or for the defense.
6           If you should find the evidence in this
7  case to be in conflict, then it is your duty to
8  reconcile those conflicts if you can. If you cannot
9  reconcile these conflicts, then it is your duty to
10 give credit to that portion of the testimony in which
11 you believe is worthy of credit and to disregard that
12 portion of the testimony which you do not believe to
13 be worthy of credit.
14          In considering the credibility of
15 witnesses and in considering any conflict in
16 testimony, you should take into consideration each
17 witness' means of knowledge, strength of memory,
18 opportunities for observation, the reasonableness or
19 unreasonableness of the testimony, the consistency or
20 inconsistency of the testimony, the motives
21 influencing the witnesses, the fact, if it is a fact,
22 that the testimony has been contradicted, the
23 witness' bias, or prejudice, or interest in the

Exhibit-D

5

1    THE FORELADY: Guilty.
2    THE PROTHONOTARY: As to the offense of
3 Assault in the Third Degree; guilty or not guilty?
4    THE FORELADY: Guilty.
5    THE PROTHONOTARY: As to the offense of
6 Aggravated Act of Intimidation that allegedly occurred
7 on September 4th; guilty or not guilty?
8    THE FORELADY: Guilty.
9    THE PROTHONOTARY: As to the offense of
10 Aggravated Act of Intimidation that allegedly occurred
11 on September 8th; guilty or not guilty?
12    THE FORELADY: Guilty.
13    THE PROTHONOTARY: As to the offense of
14 Theft; guilty or not guilty?
15    THE FORELADY: Not guilty.
16    THE PROTHONOTARY: Madam Forelady, please be
17 seated.
18    (Forelady complies.)
19    THE PROTHONOTARY: Members of the Jury,
20 hearken to the verdict as the Court has recorded it,
21 your Foreperson says that you find the defendant at
22 the bar, Dammeyin Johnson, not guilty of Unlawful
23 Intercourse First Degree; guilty of Unlawful

Exhibit-F

6

1  Intercourse in the Third Degree; not guilty of
2  Kidnapping in the First Degree; guilty as to Unlawful
3  Imprisonment in the Second Degree; guilty to Unlawful
4  Sexual Contact in the Third Degree; guilty as to
5  Assault in the Third Degree; guilty as to Aggravated
6  Act of Intimidation that allegedly occurred on
7  September 4th, 1997; guilty as to Aggravated Act of
8  Intimidation that allegedly occurred on September 8th,
9  1997; not guilty as to Theft.
10          So say you all?
11          THE JURORS:  Yes.
12          THE PROTHONOTARY:  Your Honor.
13          THE COURT:  Ladies and Gentlemen of the Jury,
14 a quick glance at some of the paperwork tells me that
15 this must not have been a particularly pleasant
16 experience for you.  But I want to assure you on
17 behalf of Judge Carpenter and everyone else involved
18 in this trial that we very much appreciate the fact
19 that you answered the call for jury duty, took time
20 out of your busy lives in order to do what was an
21 unpleasant task.  You've rendered a verdict.  I can't
22 comment on that, other than to say that it's a good
23 thing that you reached a verdict.  We do very much

Exhibit - F

7

```
 1    appreciate all the work that you have done. We thank
 2    you.
 3            You're excused.
 4            (Jury excused.)
 5            THE COURT:  On Judge Carpenter's behalf, I
 6    will order a presentence investigation.
 7            Is there anything else?
 8            MR. MILLER:  I have a motion to revoke bail.
 9    There's a mandatory minimum period of incarceration on
10    Unlawful Intercourse in the Third Degree of ten years.
11            THE COURT:  I do not think there's anything
12    you could say at this point, Mr. Radulski, that would
13    make Mr. Miller's motion out of order.
14            It's granted.
15            MR. MILLER:  Thank you, your Honor.
16            THE COURT:  Anything else?
17            MR. RADULSKI:  No, your Honor.
18            MR. MILLER:  No, your Honor.
19            THE COURT:  Very well.
20            We will stand in recess.
21                    ------
22            (Proceedings concluded at 2:45 p.m.)
23                    ------
```

Exhibit-G