In The United States District Court

For The District Of Delaware

ORIGINAL

Dammeyin A. Johnson
    Pro'se Petitioner,

vs.

Thomas L. Carroll, et.al,
    Respondents.

Civil # _____,

R  E  C  E  I  V  E  D
NOV 3 0 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Appendix To Habaes Corpus
And Memorandum Of Law

Respectfully
Dammeyin A. Johnson
Dammeyin A. Johnson
1181 Paddock Road
Delaware Correctional
Center, Smyrna DE.
    19977

November 19, 2005

(i)

_Items._         _Table of Contents._         _Pages._

(1) Motion To Corr, Sentence (1-6-04)------------- 1-24

2) Superior Courts ORDER (2-23-04)----------- 25

3) motion To corr, illegal Sentence (3-28-05).......... 26-68

4) Amendment to Corr, Motion (4-18-05)---------- 69-73

5) Superior Cts; ORDER (4-27-05)-------------- 74-75

6) Motion Requesting Relief, Suprm, Ct, Rule 30 (5-5-05)... 76-88

7) Suprm, Ct, Clerk REQUESTING clarity (5-6-05)----------- 89-91

8) Correspondence To Clerk on clarity (5-12-05)........ 92-94

9) Suprm, Ct, Clerks Response (5-18-05)----------- 95

10) Petitioners Reply about Rule 30, motion (5-23-05)____ 96-100

11) Petitioner asserts, state deFault on Rule 30 (5-31-05)... 101

12) STATES motion to AFFIRM (5-31-05)------------ 102-126

13) Suprm, Ct, holding Rule 30 in Abeyance (5-31-05)...127-134

14) PETITIONERS RESPONSE to Motion to AFFIRm (6-7-05)_-135-145

15) Suprm, Ct, Rejecting Petitioners Response (6-9-05)-- 146-147

16) Supreme Cts, decision (7-19-05)------------- 148-149

17) Petitioners motion FOR Re-argument (7-28-05)-- 150-158

18) Supreme Courts Response (8-11-05)-- ------- 159

19) Superior courts criminal Docket (12-17-04)-------- 160-166

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

DAMMEYIN A. JOHNSON
   Pro'se DEFENDANT,

        VS.

STATE OF DELAWARE

CR. ACTION # IN96-11-1141
IN97101615

NOTICE OF MOTION

TO: HON, WILLIAM C. CARPENTER, JR
    SUPERIOR COURT JUDGES CHAMBERS
    DANIEL L. HERRMAN COURTHOUSE
    10th & KING STREET
    WILMINGTON, DEL. 19801

        THE DEFENDANT, DAMMEYIN A. JOHNSON, RESPECTFULLY
submits the ENCLOSED motion AND, HUMBLY REQUEST A
SCHEDULED HEARING AT this HONORABLE COURTS EARLIEST
CONVIENCE.

                    SINCERILY SUBMITTED
                    Dammeyin a. Johnson
                    DAMMEYIN A. JOHNSON
                    Pro'se DEFENDANT
                    1181 PADDOCK ROAD
                    D. C. C., SMYRNA, DEL.
                        19977

DATE: JANUARY, 6 , 2004

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

DAMMEYIN A. Johnson
    Pro'se DEFENDANT

    VS.

STATE OF DELAWARE

Criminal Act, # IN 96-11-1141
IN 97101615

## MOTION FOR CORRECTION OF AN Illegal SENTENCE

(1) DEFENDANT Dammeyin A. Johnson, Pro'se and without the ASSISTANCE OF COUNSEL, FILES this motion pursuant to SUPERIOR COURT Criminal Rule 35(a). AND OF 11 DEL, CODE § 4217, which jurisdiction is PREDICATED upon FOR SENTENCING COURT to ENTERTAIN.

## STATEMENT OF FACTS

II.    DEFENDANT WAS ARRESTED — Charged on 11/22/97, to A substantial number of OFFENSES; which Resulted in A number of convictions by A JURY Trial on 9-16-98 HOWEVER, their is only one charge — count at ISSUE AND DEFENDANT WILL CONFINE this motion to that single ISSUE — COUNT.

III.    Along with other charges submitted For deliberation to the Jury, was the count of UNLAWFUL SEXUAL INTERCOURSE in the FIRST degree (IN 97101615) EXHIBIT A-9, THE trial court gave instructions to a less included OFFENSES, EXHIBIT A-7,8-13, THE JURY RETURNED A verdict of guilty on A less included OFFENSE of UNLAWFUL SEXUAL INTERCOURSE in the THIRD degree, EXHIBIT C-10.

(1)

IV. At sentencing the trial court erroneously sentenced defendant to ten years, for Unlawful Sexual Intercourse in the second degree, Exhibit, C-6, Resulting in the sentence being illegal.

V. At sentencing Defendant should been sentenced for Unlawful Sexual Intercourse in the Third degree, which is a class C-Felony, that Carries a presumptive 0-5 years, according to the Truth and Sentencing guild-lines.

VI. Attached is a copy of Defendants Docket Sheet for this Honorable Courts Reference, Exhibit H.


## ARGUMENT(S)

VII. The Record-exhibits are clear evidence of the Defendants sentence being imposed in violation of the Constitution and equal protection under the law. Title 11 of the Del, code § 4204 states in substance, that every person convicted of an offense, shall be sentenced in accordance with the criminal code and Defendant was clearly not!

VIII. According to 11 Del. code § 773, Unlawful Sexual Intercourse in the Third degree is a lessen included offense, consistant with the courts Instructions and, the Juries Authority to Render. And Further supported by Superior court Criminal Rule 31(2) And (c). The Jurys Findings Are Also consistant with 11 Del. code § 206 (b) (3). This States in part:

A conviction involves the same Result but differs From the offense charged, only in the Respect

(2)

that a less serious injury or risk of injury to
the same person etc.........

IX. The trial Record is void of any evidence
that the alledged victim was injuried, as the
Result of alledgely being Raped. The Jury
Found defendant not guilty of First degree
Kidnap and not guilty of Unlawful Sexual
Intercourse in the First Degree.

X. On the other Hand Defendant Acknowledge's -
asserts, that the Narrow Function of This Rule
35(a) is to permit the Correction of An illegal
Sentence not, to Re-examine trial errors on
other improperties prior to the imposition of
Sentencing. SEE: Brittingham vs. State, Del. Supr,
705 A2d 577 (1998)

XI. Consequently because Defendant was convicted
of a less included offense of Unlawful Sexual
Intercourse in the Third degree, the Law
Prohibits Defendant From being Re-tried.
Article I Section VIII of the United States
Constitution. Also, the 5th, Amendment prohibits
the Re-trial of a Defendant convicted of a
Less included offense. SEE: State vs. Munson, Del. Supr.
243 A.2d 691. Because a Re-trial would amount to
placing defendant twice in Jeopardy For the same
offense. SEE: Hamilton vs. State, Del. Supr #152,
1986 (534 A2d 657)

XII. Additionally the Fifth Amendment prohibits a
Criminal defendant From being Sentenced on the
basis of information which is False or which Lacks
minimal indicia of Reliability. Such Sentencing
Renders the entire Sentencing procedure
invalid, as a violation of Due Process. SEE:
United States vs. Robin 545 F2d 775, United States
vs. Tucker 404 / 443 And, State vs Huey 505 A2d 1242.

<u>CONCLUSION</u>

<u>XIII</u>. Although this is a motion for the correction of an illegal sentence, defendant asserts that since incarceration, Defendant has been attending school and Treatment Programs. Defendant hopes-pray to one day enter the community and be a productive asset, unlike the previous liability. Defendant Regrets and feel deep remorse for having acted out of ignorance in the past! However, with all due respect your honor, Defendant testified truthfully on the stand and has learned a valuable lesson from this ordeal. And the courts Remarks to defendant, needing to set in jail "awhile" has weighted heavily upon Defendant.

<u>XIV</u>. The supreme court held in <u>Siple vs. State</u>, <u>Del. Supr.</u> <u>701 A2d 79</u> (1997) that the trial court has complete discretion to extend leniency or to with hold leniency.. The court went further to say that the court has broad discretion to consider information pertaining to past History - Histories. With that being said Defendant Humbly Request the court to consider the conduct of the victim stealing the ~~such~~ Defendants car, than screaming rape subsequent to being arrested to a crime spree out the mall.
Defendant also directs this honorable courts attention to the fact that, aside Defendant admitting to having sexual intercourse with the victim, their was no independant evidence presented at trial that would had contradicted the defendant, had the Defendant Denied the claim!
Defendant is not attempting to shift the blame home but merely point out the mitigating factors, in hope for a lighten sentence
Consequently the <u>Administrative Directive</u> issued on Sept. 15, 1997 #<u>76</u>, allows this honorable court to consider all stated in this conclusion and deviate sentencing standards. Reasons have to be put on <u>forms</u> by the commission.

XV. Compounding the illegal sentence was the prosecutors improper introduction of Defendants Juvenile Record. The prosecutor breached in His obligatory duty to up-hold the Law and protect Defendants rights, along with that of the victims. Defendant was not afforded any prior Notice of the States intent to introduce prior bad Acts Nor, did the state Adhere - comply with the Guild-Lines established in, Getz vs. State., Del. Supr. 538 A.2d 726. Said introduction prejudice - deprived Defendant of Due process + Equal protection under the Law, exhibit F-18. The verbally introduction of Defendants Juvenile Adjudications, in these adult criminal proceedings Also had no Relevance and the prejudical value Far out-weight any potential good intended.

XVI. The prosecutor also commented on the Less included Offense of Unlawful Sexual Intercourse in the Third degree, exhibit E-10, but during sentencing the pro-secutor merely Argued for a Lengthy sentence based on Defendants Juvenile Record, For which Defendant was not prepared to Answer, cause the Absence of prior Notice.

It is undisputable that sentencing is the most critical stage of criminal proceedings for a Defendant. And because the Record-exhibits are clear evidence of Defendants Assertion, Regarding the illegal sentence and invalid Conviction. Defendant has met the burden Required in Howell vs. State, Del. Supr. 421 A2d 892

Because the errors-defects, affects substantial Due process and constitutional previleges, a remedy is mandated by Law.

In Hamilton vs. State, Del. Supr. 534 A2d 657, the court held that a sentencing court Abuses its discretion if it sentences on the basis of inaccurate or unreliable information. See: United States vs. Robin, 545 F.2d 775, which is consistant with the Findings Herein

The prosecutor Also "mis-Represented" the minimum mandatory sentence, For Unlawful Sexual Intercourse in the Third Degree, exhibit E-9+10.

# Relief Sought

XVII.    Defendant don't wish to burden this Honorable Court and therefore will keep the Relief Sought simple!

Defendant Humbly request the ten years imposed for Unlawful Sexual Intercourse in the Second Degree be vacated and or Alternatively Adjusted to conform to the T.I.S., presumptive 0-5 year guild-lines, for Unlawful sexual Intercourse in the Third degree, which is a class C-Felony.

Also, the Department of Corrections Never credited Defendant to the time spent in custody before the imposition of Sentencing, would this Honorable Court Please incorporate the time in question in the New Sentencing Order, Please and thank you.

Respectfully Submitted

Dammeyin A. Johnson

Dammeyin A. Johnson
Pro'se Defendant
1181 Paddock Road
D.C.C., Smyrna, Del.
19977

Date: January 6, 2004

CERTIFICATE OF SERVICE (8)

I, Dammeyin A. Johnson Pro'se Defendant hereby certify that
I have served a true and correct copies of the attached motion
for correction of sentence, upon the following parties:

Prothonotarys Office
Superior Courthouse
Daniel L. Herrman Building
10th & King Street
Wilmington, Del. 19802

Mr Raymond M. Radulski
Assistant Public Defender
State Carvel Office Building
820 North French Street
P.O. Box 8911, Wilm. Del. 19801

Mr. Timothy J. Donovan, Jr
Deputy Attorney General
Department of Justice
820 North French State Carvel
Building, Wilm. Del. 19801

By Placing same in a sealed envolope and depositing
same in the United States mail at the Delaware Correctional
Center, Smyrna, Delaware 19977, Postage to be paid by the
Dept. of Corrections.

On this  6  day of  January  , 2004

Dammeyin A. Johnson
Pro'se Defendants
Signature

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Dammeyini A. Johnson
Pro'se Defendant

vs.

STATE OF DELAWARE

Cr. Action # IN86-11-1141
Charge # IN97101615

<u>ORDER</u>

And Now, To wit, this ___ day of _____ A.D.,
2004, the Foregoing motion having been heard and considered,
it is Hereby

ORDERED, that the Defendants sentence be
modified - corrected as Follows; _____

_____

_____

_____

_____

_____

_____

_____

_____

Hon. Judge, William C. Carpenter, Jr.
Daniel L. Herrman Court House
Superior Court 10th & King St.
Wilmington, Delaware 19801

8

1   sexual intercourse in the first degree.

2           Now, after considering the evidence, you

3   find the State has failed to establish beyond a

4   reasonable doubt the charge of **unlawful sexual**

5   **intercourse in the first degree,** you should find the

6   defendant not guilty of that charge and then consider

7   whether the **lesser included offense of unlawful**

8   **intercourse in the second degree has been**

9   **established.**

10          In order to find the defendant guilty of

11  unlawful sexual intercourse in the second degree, you

12  must find beyond a reasonable doubt:

13          One, the defendant had sexual intercourse

14  with the complaining witness.  I defined sexual

15  intercourse for you.

16          Two, the intercourse occurred without the

17  complaining witness' consent.  Without consent has

18  been explained to you.

19          Three, the defendant was not the

20  complaining witness' voluntary social companion on

21  the occasion of the crime.  And I've defined

22  voluntary social companion for you.

23          And four, the defendant acted

Exhibit A

9

1    intentionally.  That is, it was his conscious object

2    or purpose to engage in sexual intercourse with the

3    complaining witness without her consent.

4              If, after considering all of the

5    evidence, you find the State has established beyond a

6    reasonable doubt that the defendant acted in such a

7    manner as to satisfy all of the elements which I have

8    just stated to you, at or about the date and place

9    stated in the indictment, you should then find the

10   defendant guilty of **unlawful sexual intercourse**

11   **second degree**.  If you do not so find, or if you have

12   a reasonable doubt as to any element of this offense,

13   you must find the defendant not guilty of **unlawful**

14   **sexual intercourse second degree**.

15             The defendant is also charged with

16   kidnapping in the first degree.  The indictment reads

17   in pertinent part:

18             Dammeyin Johnson, on or about the 4th day

19   of September of 1997, in the County of New Castle,

20   State of Delaware, did unlawfully restrain Alycia

21   Campbell, for the purpose of sexually violating or

22   abusing her or for the purpose of facilitating the

23   commission of a felony of unlawful sexual intercourse

(12)

4

1          (Forelady complies.)

2          THE PROTHONOTARY:  Has the jury agreed upon

3    their verdicts?

4          THE FORELADY:  Yes.

5          THE PROTHONOTARY:  How does the jury find the

6    defendant at the bar as to the charge of Unlawful

7    Intercourse in the First Degree; guilty or not

8    guilty?

9          THE FORELADY:  Not guilty.

10          THE PROTHONOTARY:  As to the lesser-included

11    offense of Unlawful Intercourse in the Third Degree;

12    guilty or not guilty?

13          THE FORELADY:  Guilty.

14          THE PROTHONOTARY:  As to the offense of

15    Kidnapping in the First Degree; guilty or not guilty?

16          THE FORELADY:  Not guilty.

17          THE PROTHONOTARY:  As to the lesser-included

18    offense of Unlawful Imprisonment in the Second Degree;

19    guilty or not guilty?

20          THE FORELADY:  Guilty.

21          THE PROTHONOTARY:  As to the offense of

22    Unlawful Sexual Contact in the Third Degree; guilty or

23    not guilty?

Exhibit C

1    yourself.  Every time we try to do something to help

2    you, you resist it.  So you're going to sit in jail

3    for a while, and perhaps maybe sitting in jail for a

4    while will maybe make some difference.

5              In regards to 97-10-16 -- think it's

6    1615, I believe, unlawful sexual intercourse in the

7    second degree, the effective date is January 9th,

8    1998.  The defendant shall -- costs of prosecution is

9    imposed, but suspended, defendant is placed in the

10   custody of the Department of Correction for a period

11   of ten years at Level 5.

12             In regards to 97-10-1619, aggravated

13   intimidation, the defendant is placed in the custody

14   of the Department of Correction for a period of two

15   years at Level 5.

16             In regards to 97-10-1622, aggravated

17   intimidation, the defendant is placed in the custody

18   of the Department of Correction for a period of two

19   years at Level 5, suspended for one year of Level 4,

20   halfway house.  Defendant is to be held at Level 5

21   until Level 4 is available.

22             In regards to 97-10-1617, unlawful sexual

23   contact second, the defendant is placed in the



Exhibit d

1    appreciate all the work that you have done. We thank

2    you.

3            You're excused.

4            (Jury excused.)

5            THE COURT:  On Judge Carpenter's behalf, I

6    will order a presentence investigation.

7            Is there anything else?

8            MR. MILLER:  I have a motion to revoke bail.

9    There's a mandatory minimum period of incarceration on

10   Unlawful Intercourse in the Third Degree of ten years.

11           THE COURT:  I do not think there's anything

12   you could say at this point, Mr. Radulski, that would

13   make Mr. Miller's motion out of order.

14           It's granted.

15           MR. MILLER:  Thank you, your Honor.

16           THE COURT:  Anything else?

17           MR. RADULSKI:  No, your Honor.

18           MR. MILLER:  No, your Honor.

19           THE COURT:  Very well.

20           We will stand in recess.

21                   - - - - - -

22           (Proceedings concluded at 2:45 p.m.)

23                   - - - - - -

Exhibit E

5

1    I think the argument goes as to what

2 happened during the course of this evening.  That's

3 not to try in any way excuse what transpired, but

4 it's clear that people who are 18 years of age don't

5 have the best judgment in the world, and that maybe

6 there was a different way that this dispute could

7 have been handled by, perhaps, a person who had a bit

8 more experience or -- experience in life.

9    And we would submit, Your Honor, that an

10 appropriate sentence would be a minimal sentence,

11 which would still nonetheless result in a lengthy

12 jail term.

13    THE COURT:  Mr. Miller.

14    MR. MILLER:  Your Honor, I'll make my

15 comments somewhat brief, but I think it takes a

16 little while to show, or to demonstrate, to the Court

17 what Mr. Johnson's situation is.

18    He has a lengthy prior Family Court

19 record and was treated pretty nicely.  He was

20 convicted of assault in the third degree in October

21 of '94, receiving stolen property felony in May of

22 1995, possession with intent to deliver cocaine in

23 September of 1995, assault in the third degree in

Exhibit E

6

1   July of '96, and possession of marijuana in May of

2   1997.  A presentence investigator made the summary.

3   As a result of his involvement with Family Court,

4   he's been involved with Ferris and participated in

5   other Level 4 placement programs.

6           While involved with DYRS, the defendant

7   was supervised by Mr. Fred Barnes.  It was revealed

8   by Mr. Barnes that the defendant was not cooperative

9   or successful while on probation.  He failed to

10  report to Mr. Barnes, he failed to attend school,

11  other training programs, and he failed also to obey

12  parental supervision.

13          I'll point out also to Your Honor that at

14  the bail hearing for this case, for these charges,

15  which I was personally was at attendance in, the

16  defendant fled from courthouse when he found out that

17  the bail was going to be raised and he was going to

18  be incarcerated.

19          While he was out on bail, or while he was

20  out not on bail, because no bail was ever set, he

21  picked up a set of drug-trafficking charges and then

22  he ultimately was picked up.

23          As Your Honor will recall, I won't go

Exhibit

continuing F

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE          :
                           :
       v.                  :    INDICTMENT BY THE GRAND JURY
                           :
DAMMEYIN A. JOHNSON        :    I.D. NO. 9709009665

The Grand Jury charges DAMMEYIN A. JOHNSON with the

following offenses:

COUNT I. A FELONY          #N97    10-1615

UNLAWFUL SEXUAL INTERCOURSE FIRST DEGREE, in violation of

11 Del. C., Section 775 a class A felony.

DAMMEYIN A. JOHNSON, on or about the 4th day of September,

1997, in the County of New Castle, State of Delaware, did

intentionally engage in sexual intercourse with Alycia Campbell

without her consent, and Ms. Campbell had not permitted the

defendant sexual intercourse within the previous twelve months,

and the defendant was not Ms. Campbell's voluntary social

companion on the occasion of the crime.

COUNT II. A FELONY          #N97-10-1614

KIDNAPING FIRST DEGREE in violation of Title 11, Section

783A of the Delaware Code of 1974, as amended

DAMMEYIN JOHNSON, on or about the 4th day of September,

1997, in the County of New Castle, State of Delaware, did

unlawfully restrain Alycia Campbell, for the purpose of sexually

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    1
                      ( as of  04/09/2002 )
```

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.        AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 9709009665 | IN97101614 | UNLAW IMPR 2ND | TGLI | 09/16/1998 |
| 001 | 9709009665 | IN97101614 | KIDNAP 1ST | TGLI | 09/16/1998 |
| 002 | 9709009665 | I | UNLAW.SEX.PEN.2 | TGLI | 09/16/1998 |
| 003 | 9709009665 | IN97101615 | UNLAW.SEX.INT.2 | TGLI | 09/16/1998 |
| 003 | 9709009665 | IN97101615 | UNLAW.SEX.INT.1 | TGLI | 09/16/1998 |
| 004 | 9709009665 | IN97101616 | KIDNAP 1ST | DISM | 09/16/1998 |
| 005 | 9709009665 | IN97101617 | UNLAW SEX CON 2 | TGLI | 09/16/1998 |
| 006 | 9709009665 | IN97101618 | ASSAULT 3RD | TG | 09/16/1998 |
| 007 | 9709009665 | IN97101619 | AGG.ACT/INTIMI | TG | 09/16/1998 |
| 008 | 9709009665 | IN97101620 | THEFT $1000 OR | TNG | 09/16/1998 |
| 009 | 9709009665 | IN97101621 | ASSAULT 3RD | DISM | 09/16/1998 |
| 010 | 9709009665 | IN97101622 | AGG.ACT/INTIMI | TG | 09/16/1998 |

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|
| 1 | 10/27/1997 | INDICTMENT, TRUE BILL FILED. #25 | |
| | | ARRAIGNMENT BAIL REPRESENTATION 11211997 8:30 | |
| | | CASE REVIEW 12011997 9:00. | |
| 2 | 11/12/1997 | SUMMONS MAILED. | |
| 3 | 11/19/1997 | SUBPOENA(S) MAILED. | |
| 4 | 11/21/1997 | ARRAIGNMENT CALENDAR, CONTINUED. | REYNOLDS MICHAEL P. |
| | | 120597 FOR SHER.SERV. | |
| 5 | 11/24/1997 | SUMMONS SERVED BY SHERIFF. | |
| 6 | 12/04/1997 | SUMMONS SENT BY SHERIFF RETURNED. | |
| | | NON EST. | |
| 7 | 12/05/1997 | ARRAIGNMENT CALENDAR, ISSUE CAPIAS. | REYNOLDS MICHAEL P. |
| 8 | 01/09/1998 | CAPIAS RETURNED IN SUPERIOR COURT. | REYNOLDS MICHAEL P. |
| | | BAIL SET AT: | |
| | | HELD ON SECURED BAIL            28000.00 100 | |

Exhibit

```
                 SUPERIOR COURT CRIMINAL DOCKET              Page    2
                     ( as of   04/09/2002 )
```

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq. '       AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.           SLUSH JOHNSON

```
       Event
No.   Date           Event                        Judge
-----------------------------------------------------------------------------
       HRG. 020998 AT 9AM
 9    02/11/1998
       SUMMONS MAILED.
10    02/20/1998                              REYNOLDS MICHAEL P.
       ARRAIGNMENT CALENDAR - CONTROL FOR REPRESENTATION, DEFENDANT WAIVED
       READING OF INDICTMENT, PLEA OF NOT GUILTY ENTERED, JURY TRIAL DEMANDED
       ARR BY RULE 10C PD
11    03/16/1998                              COOCH RICHARD R.
       CASE REVIEW CALENDAR: SET FOR FINAL CASE REVIEW.
       042098
      04/20/1998                              GOLDSTEIN CARL
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL   .
12    05/01/1998                              TOLIVER CHARLES H. IV
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE:09091998
       CASE CATEGORY:1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):HLA
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
13    06/22/1998                              CARPENTER WILLIAM C. JR.
       LETTER FROM JUDGE CARPENTER TO COUNSEL, RE: REMINDING COUNSEL OF
       EXISTENCE OF STATUTORY DEADLINES REGARDING NOTICE AND PRODUCTION
       OF DNA EVIDENCE.
14    06/22/1998                              CARPENTER WILLIAM C. JR.
       MEMORANDUM FILED, FROM JUDGE CARPEMNTER TO COUNSEL, RE:
       CONFIRMING THAT DURING CASE REVIEW, A DEADLINE WAS SET FOR
       THE PRODUCTION OF BALLISTIC REPORTS BY 7/24/98.
15    08/26/1998
       SUBPOENA(S) MAILED.
16    08/28/1998
       STATE'S WITNESS SUBPOENA ISSUED.
17    08/28/1998
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
       FROM:  DANIEL MILLER
18    09/01/1998
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.  ****NOTE COSTS*****
       NON EST
      09/03/1998
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
19    09/09/1998                              SILVERMAN FRED S.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page   3
                       ( as of  04/09/2002 )
```

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.  ·      AKA: SLUSH JOHNSON   ·
Defense Atty: RAYMOND M RADULSKI , Esq.           SLUSH JOHNSON

```
      Event
No.   Date           Event                        Judge
------------------------------------------------------------------------
      TRIAL CALENDAR-JURY TRIAL WENT TO TRIAL
20    09/16/1998                               CARPENTER WILLIAM C. JR.
      JURY TRIAL HELD. JURY SWORN. JURY FOUND THE DEFENDANT GUILTY AS TO
      USI 2ND (1615), UNLAW. IMPRISONMENT 2ND (1614), USC 3RD (1617),
      ASSULT 3RD (1618), AGGR. ACT OF INT. (1619) &(1622) NOT GUILTY AS TO
      THEFT (1620) AND ASSAULT 3RD (1621) WAS DISMISSED. PSI ORDERED. BAIL
      REVOKED. 09101998 DEF ORAL MOTION FOR AQUITTAL ON COUNTS 3, 4, 7, AND
      8. DECISION AS TO COUNT 7 DENIED, AS TO COUNT 8 THE CHARGE IS
      DISMISSED, AT TO COUNT 4 - COURT RESERVED DICISSION, AT TO COUNT 3 IT
      WILL BE MERGED WITH COUNT 2. 09111998 AS TO COUNT 4 AMMENDED TO USC
      2ND. 09151998 DEF ORAL MOTION FOR DEBERRY INSTRUCTIONS. 09151998
      DENIED. KINPANING 1ST (1616) WAS DISMISSED BY THE COURT.
      DAG - MILLER
      DEF - RADULSKI
      C/C - BRENHOCH
      C/R - FELDMAN - LEIBOW - J. WHITE - OHARE
21    09/16/1998                               CARPENTER WILLIAM C. JR.
      CHARGE TO THE JURY FILED.
22    09/18/1998
      MOTION FOR NEW TRIAL FILED.
      RAYMOND M. RADULSKI, ESQ.
      09/28/1998                               SILVERMAN FRED S.
      MOTION FOR NEW TRIAL  PASSED.
      FOR O/C WITH J. CARPENTER.
      11/13/1998                               CARPENTER WILLIAM C. JR.
      SENTENCING CALENDAR, SENTENCING CONTINUED 010899
24    12/15/1998                               CARPENTER WILLIAM C. JR.
      LETTER FROM RAYMOND RADULSKI   TO JUDGE CARPENTER
      RE:_INCONSISTANT VERDICTS
      MR. RADULSKI REQUESTS THAT DEFT MOTION FOR A NEW TRIAL BE GRANTED.
      LETTER EXPLAINS REASON FOR REQUEST.
23    12/16/1998
      LETTER FROM  R. RADULSKI, ASST. PUBLIC DEFENDER     TO JUDGE
      CARPENTER
      RE: DEF. SUBMITS THAT THE ONLY APPROPRIATE REMEDY GIVEN THE PAUCITY
      OF THE EVIDENCE ANND THE INCONSITENCY OF THE VERDICTS IS TO GRANT
      DEF.'S MOTION FOR A NEW TRIAL OF THE CHARGE OF USI SECOND.
25    12/22/1998                               CARPENTER WILLIAM C. JR.
      LETTER FROM JUDGE CARPENTER  TO DANIEL MILLER, ESQ.
      RE:_PLEASE RESPOND TO MR. RADULSKI'S LETTER OF 12151998. THE SENT IS
      PRESENTLY SCHEDULED FOR 01081999, SO A RESPONSE IS TO BE PROVIDED
      TO THE COURT BY 12311998.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET                    Page    4
                       ( as of  04/09/2002 )
```

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.      AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.        SLUSH JOHNSON

```
        Event
No.     Date            Event                          Judge
-------------------------------------------------------------------------------
26      12/31/1998
        NOTICE OF RESPONSE TO THE DEFT'S MOTION FOR
        A NEW TRIAL. DANIEL R. MILLER, ESQ. REFERRED
        TO JUDGE CARPENTER.
        01/08/1999                              CARPENTER WILLIAM C. JR.
        SENTENCING CALENDAR: DEFENDANT SENTENCED.
27      01/08/1999                              CARPENTER WILLIAM C. JR.
        ORDER: MOTION FOR A NEW TRIAL
        AND NOW TO WIT, THIS 8TH DAY OF JANUARY, A.D. 1999 THE FOREGOING
        MOTION HAVING BEEN HEARD AND CONSIDERED, IT IS HEREBY: ORDERED FOR THE
        REASONS SET FORTH IN OPEN COURT ON 1/8/99 THE MOTION DENIED.
28      01/08/1999                              CARPENTER WILLIAM C. JR.
        SENTENCE: ORDER SIGNED & FILED 2/9/99.
29      02/08/1999
        NOTICE OF APPEAL #41, 1999
30      02/08/1999
        DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT.
        #41, 1999
31      02/08/1999
        LETTER FROM (SUPREME COURT) TO COURT REPORTER
        PURSUANT TO SUPREME COURT RULE 9(E)(IV), THE
        TRANSCRIPT MUST BE FILED WITH THE PROTHONOTARY
        NO LATER THAN 031599.
32      02/08/1999
        LETTER FROM (SUPREME COURT) TO MR. RADULSKI, ESQ.
        THE NOTICE OF APPEAL DOES NOT COMPLY WITH SUPREME
        COURT RULE 7(C)(9) WHICH REQUIRES THAT A COPY OF
        THE ORDER OF JUDGMENT SOUGHT TO BE REVIEWED SHALL
        BE ATTACHED TO THE NOTICE OF APPEAL. PLEASE FILE A
        COPY OF JUDGE CARPENTER 010899 SENTENCING ORDER TO
        BE ATTACHED TO THE NOTICE OF APPEAL UPON YOUR RECEIPT.
33      03/01/1999                              CARPENTER WILLIAM C. JR.
        TRANSCRIPT OF TRIAL FILED.
        SEPT. 10,1998
34      03/10/1999                              SILVERMAN FRED S.
        TRANSCRIPT OF VERDICT FILED.
        SEPT. 16, 1998
35      03/10/1999                              CARPENTER WILLIAM C. JR.
        TRANSCRIPT OF SENTENCING FILED.
        JAN. 8, 1999
36      03/18/1999
        LETTER FROM (SUPREME COURT) TO COURT REPORTER
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page     5
                       ( as of  04/09/2002 )

State of Delaware v.  DAMMEYIN A JOHNSON                 DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq. ·     AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.         SLUSH JOHNSON


       Event
No.    Date            Event                        Judge
-----------------------------------------------------------------------
       PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
       THE TRANSCRIPT IS DUE TO BE FILED NO LATER THAN 041499.
37   04/06/1999                             CARPENTER WILLIAM C. JR.
       TRANSCRIPT OF TRIAL FILED.
       SEPT. 15, 1998
38   04/06/1999                             CARPENTER WILLIAM C. JR.
       TRANSCRIPT OF TRIAL FILED.
       SEPT. 16, 1998
39   04/13/1999      -- -                   BIFFERATO VINCENT A. SR.
       TRANSCRIPT OF JURY CHARGE FILED.
       SEPT. 16, 1998
40   04/16/1999
       LETTER FROM (SUPREME COURT) TO COURT REPORTER
       PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
       THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
       051799.
41   05/28/1999
       LETTER FROM (SUPREME COURT) TO COURT REPORTER
       PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
       THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
       061499.
42   06/24/1999
       LETTER FROM (SUPREME COURT) TO COURT REPORTER
       PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
       THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
       071299.
43   07/12/1999
       TRANSCRIPT OF TRIAL FILED.
       SEPT. 9, 1998
44   07/15/1999
       RECORDS SENT TO SUPREME COURT.
45   07/20/1999
       RECEIPT OF RECORDS ACKNOWLEDGED BY
       SUPREME COURT
46   07/20/1999
       LETTER FROM (SUPREME COURT) TO PROTHONOTARY
       PURSUANT TO SUPREME COURT RULE 9(B)(I), THE
       RECOFD AND TRANSCRIPT MUST BE FILED WITH THIS
       OFFICE NO LATER THAN 072299.
47   06/20/2000
       RECEIPT OF RECORD AND MANDATE RETURNED FROM SUPREME COURT.
48   06/20/2000
```

SUPERIOR COURT CRIMINAL DOCKET                    Page · 6
( as of  04/09/2002 )

State of Delaware v.  DAMMEYIN A JOHNSON                      DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq. ,      AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON

```
        Event
No.     Date          Event                               Judge
-----------------------------------------------------------------------------
```

         MANDATE FILED FROM SUPREME COURT - AFFIRMED.
         THE TESTIMONY AT TRIAL RELFECTS THAT JOHNSON INITIALLY FORCED
         COLLINS TO ACCOMPANY HIM TO LOCATE HIS CAR.  ACCORDINGLY, THERE WAS
         A RATIONAL EVIDENTIARY BASIS FOR THE JURY TO REJECT THE STATE'S
         CONTENTION THAT JOHNSON INITIALLY KIDNAPPED COLLINS FOR THE PURPOSE
         OF SEXUALLY ASSAULTING HER.  TEH JURY COULD HAVE REASONABLY CONCLUDED
         FROM THE EVIDENCE THAT JOHNSON SUSEQUENTLY DECIDED TO SEXUALLY ASSAULT
         COLLINS, WHEN HE ARRIVED WITH HER AT HIS HOME, AFTER HE HAD ALREADY
         RESTRAINED HER TO LOOK FOR HIS CAR.  THE SUPERIOR COURT PROPERLY HELD
         THAT THERE WAS NO VERDICT INCONSISTENCY.
49     06/20/2000
         MOTION FOR MODIFICATION OF SENTENCE FILED.
         PRO SE - JUDGE CARPENTER
         REFERRED TO PRESENTENCE FOR JUDGE CARPENTER 7/26/2000
50     10/26/2000                          CARPENTER WILLIAM C. JR.
         LETTER/ORDER ISSUED BY JUDGE CARPENTER TO DEFENDANT.
         YOUR REQUEST FOR MODIFICATION OF SENTENCE SET FORTH IN YOUR LETTER OF
         JUNE 14, 2000 IS HEREBY DENIED.  THE SENTENCE IMPOSED IN THIS MATTER
         WAS APPROPRIATE, AND MODIFICATION IS NOT WARRANTED.
51     03/21/2001
         DEFENDANT'S LETTER FILED. DEFENDANT IS REQUESTING EXTENSION OF TIME TO
         FILE RULE 61 AND RULE 35. REFERRED TO JUDGE CARPENTER 3/26/01 AMH
52     04/12/2001                          CARPENTER WILLIAM C. JR.
         LETTER/ORDER ISSUED BY JUDGE CARPENTER.
         THE COURT IS IN RECEIPT OF A LETTER FILED WITH THE PROTHONOTARY ON
         MARCH 21, 2001 REQUESTING AN EXTENTION OF TIME TO FILE YOUR
         POSTCONVICTION RELIEF AND RULE 35 MOTION.  MOTIONS FOR POSTCONVICTION
         RELIEF ARE GOVERNED BY RULE 61 OF THE SUPERIOR COURT CRIMINAL RULE
         AND REQUIRE THAT SUCH BE FILED WITHIN 3 YEARS OF THE JUDGMENT OF
         CONVICTION BECOMING FINAL.  THE SUPREME COURT MANDATE IN THIS MATTER
         APPEARS TO HAVE BEEN ISSUED ON JUNE 20, 2000 AND THEREFORE YOU HAVE
         THREE YEARS FROM THAT DATE TO FILE A RULE 61 MOTION.  THEREFORE, THE
         COURT SEES NO REASON TO GRANT AN EXTENTION OF THAT DEADLINE SINCE IT
         IS NOT OCCURED.  AS TO YOUR REQUEST FOR AN EXTENTION TO FILE A RULE
         35 MOTION, I HAVE PREVIOUSLY DENIED A MOTION FOR REDUCTION OF
         SENTENCE ON OCTOBER 26, 2000.  REPETITIVE MOTION FOR THIS NATURE ARE
         FROWNED UPON BY THE COURT AS THE MATTER HAS BEEN CONSIDERED AND
         ADDRESSED.  HOWEVER, IS AT ANY FUTURE DATE YOU WOULD LIKE TO FILE S
         RULE 35 MOTION, YOU WILL NEED TO FILE A REQUEST TO FILE IT OUT OF
         TIME SETTING FORTH THE EXCEPTIONAL CIRCUMSTANCES THAT JUSTIFY SUCH
         ACTION.  YOU ARE ADVISED THAT SUCH REQUESTS ARE SELDOM GRANTED.  AS
         A RESULT, TO THE EXTENT THAT YOU ARE REQUETING AN EXTENTION OF TIME

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    7
                       ( as of  04/09/2002 )

ate of Delaware v.  DAMMEYIN A JOHNSON                DOB: 08/13/1980
tate's Atty: DANIEL R MILLER , Esq.         AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON

          Event
No.      Date              Event                        Judge
-----------------------------------------------------------------------
      TO FILE MOTIONS, SAID REQUEST IS HEREBY DENIED.

              *** END OF DOCKET LISTING AS OF  04/09/2002 ***
                   PRINTED BY: CSCJHOU
```

*25*

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

February 23, 2004

Dammeyin A. Johnson
Delaware Correctional Center
Smyrna, DE 19977

> RE:   State v. Dammeyin Johnson
>        ID No. 9709009665

Dear Mr. Johnson:

The Court is in receipt of your letter of January 9, 2004 which is captioned "Motion for Correction of Illegal Sentence" pursuant to Rule 35 of the Superior Court criminal rules. The basis of your Motion is the Court erroneously sentenced you on the charge of Unlawful Sexual Intercourse in the Second Degree when you were actually convicted of Unlawful Sexual Intercourse in the Third Degree. I understand the argument, but my review of the file regarding this matter reflects you are simply incorrect. I have again reviewed the jury instructions that were issued in this matter and in fact the jury was instructed on Unlawful Sexual Intercourse in the First Degree as well as the lesser included offense of Unlawful Sexual Intercourse Second Degree. At no time was the jury instructed as to Unlawful Sexual Intercourse Third Degree as you allege in your Rule 35 petition. You were found guilty of this lesser included offense and sentenced consistent with the jury's verdict. As such, your Motion for Relief is again DENIED.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

cc:   Prothonotary

26

Dammeyin A. Johnson
1181 Paddock Road
D.C.C., Smyrna DE.
19977

Hon, William C. Carpenter, jr
Judges Chambers
Superior CourtHouse
500 North King St. Suite 10400
Wilmington, DE. 19801-3725

March 28, 2005
IN 97101615

RE: Supreme Court Decision

Dear Honorable Judge,

  I recently come into possession of the enclosed Supreme Court case (Tilden vs. State 513 A.2d 1302 (1986). The case necessitates the Honorable Courts consideration, as it bears on the merit-issue in Defendants motion!

  I humbly implore the Courts consideration and I thank you, in advance for your anticipated cooperation.

Sincerely Submitted,

Dammeyin A. Johnson
Dammeyin A. Johnson
1181 Paddock Road
D.C.C., Smyrna DE.
19977

cc: ProThonotarys Office
 Mr. Timothy J. Donovan jr.

(27)

# Certificate of Service

I, _Dammeyia A. Johnson_ , hereby certify that I have served a true and correct copy of the attached motion upon the following party, on the _25_ day of _march_ 2005.

_Mr. Timothy J. Donovan, Jr_
**Deputy Attorney General**
**Department of Justice**
**820 North French Street** (*or other address if different county*)
**Wilmington, DE 19801**


_3/25/05_
**Date signed**

_Dammeyia A. Johnson_
**Signature of Movant (Notarization not required)**

(28)

In The Superior Court Of The State Of Delaware
In And For New Castle County

Dammeyin A. Johnson
        Pro'se Defendant

                            CR. Action # IN 96-11-1141
                            IN 97101615

        vs.

State Of Delaware

NOTICE OF MOTION

To: Hon, William C. Carpenter, jr
    Judges Chambers
    Superior Court House
    500 N. King St, Suite 10400
    Wilm. DE. 19801-3725

        The Defendant, Dammeyin A. Johnson, respectfully
submits the enclosed motion for correction of an illegal
sentence, and imposed fine.
Defendant humbly request a hearing at the Honorable
Courts, earliest convience please.

                            Respectfully Submitted
                            Dammeyin A. Johnson
                            Dammeyin A. Johnson
                            1181 Paddock Road
                            Delaware Correctional
March 28, 2005              Center, Smyrna DE.
                                    19977

(29)

In The Superior Court Of The State Of Delaware
In And For New Castle County

Dammeyin A. Johnson
    Pro'se Defendant
      vs.
State Of Delaware,

Criminal Action # IN96-11-1141
      IN97101615

## Motion For Correction Of An Illegal Sentence

1.    Defendant, Dammeyin A. Johnson, Pro'se Files this motion pursuant to Superior Court criminal rule 35-a)., And of 11 Del. Code § 4217 which jurisdiction - Authority is predicated upon to entertain said motion.

2.    The sentence is in violation of Delaware Laws and that of the Delaware State Constitution.

## Statement Of Facts

3.    Defendant was arrested - charged on 11-22-97 to a number of criminal offenses, which resulted in a number of convictions by a Jury trial on 9-16-98. Because their is only a single count at issue, Defendant will confine the motion to that. The count in Question is Unlawful Sexual Intercourse in the Second degree.

4.    Along with other charges submitted for deliberations to the Jury, was the count of Unlawful Sexual Intercourse in the First degree, (IN97101615) Exhibit; A and B. The Trial Court gave instructions to Less included offenses, Exhibit, A-7 and, C-13. The Jury returned a guilty verdict on the Less included offense of, Unlawful Sexual Intercourse in the Third degree, Exhibit D-10.

1

5. At sentencing on January 8, 1999 the Court erroneously Sentenced defendant to Ten years for Unlawful Sexual Intercourse in the Second degree; Exhibit E-6. The Jury never convicted Defendant of Unlawful Sexual Intercourse in the Second degree but, Unlawful sexual Intercourse in the Third degree, Exhibit D-10.  D-10

6. Regarding fines the Court suspended all except for "One Dollar," Exhibit E-p.8.

7. Counsel of record never appealed the improper sentence to the Delaware State Supreme Court.

8. Than on August 31st, 2004 Defendant was granted-afforded credit time owed. In addition to the Honorable Court granting the Credit time The Court imposed an additional fine of "Two hundered and four dollars," Exhibit G-8, 5 years later

The initial Sentencing ORDER (Exhibit E) and the docket sheet; Exhibit H, is attached for inspection.


## Issue's/Violation Claim's

(a) The Honorable Court committed plain error in Sentencing Defendant on a conviction, not rendered by the Jury. The Jury Returned a guilty verdict on Unlawful Sexual Intercourse in the Third degree," not second degree; as the Court imposed a sentence On.

(B) In The absence of an Indictment, trial, guilty plea, Equal Protection or Due process of Law, can a Judge manufacture a verdict and sentence a Defendant on; and it be Legally binding.

(c) When the Jury return a guilty verdict on a Less included offense, come sentencing; can the Judge Simply elevate the offense despite the Jury having had Authority to render the verdict?

2

## Argument(s)

9.  The Delaware Supreme Court ruled - held in Brittingham vs. State, 705 A.2d 577 (1998) that the Narrow Function of Rule 35 (A) is to permit the correction of an Illegal sentence, at any time....

10.  In the case of Smith vs State 751 A.2d 878 (#462, 1999/decided 2000) the Delaware Supreme Court held that relief under Superior Court criminal Rule 35 (a) is available when the sentence imposed exceeds the Statutory Limits (2) when the sentence is internally Contradictory or in Violation of the Double Jeopardy Clause.

11.  The Delaware State Supreme Court, Repeated the same regarding rule 35 (a), in JEREMIAL L. SEWELL vs. STATE #615, 2002 / decided March 6, 2003.

12.  In Defendants case the record - exhibits are clear evidence of Defendants sentence being imposed improperly. Under the Law, Title 11 Del. Code § 4204 states in substance that every person convicted of an offense, shall be Sentenced in accordance with the criminal Code(s).

13.  According to title 11 Del. Code § 773, Unlawful Sexual intercourse in the Third degree, is a Lesser incld. offense; Consistant with the Courts instructions, Exhibit C.

The trial record is void of any evidence that the alledged victim was seriously injured. The record is clear that the alledged victim reported the alledged rape, "days Later after/while being escorted by Police, after getting caught stealing out the Mall!

14. The Jury apparently inferred from the Instructions, testimony, Evidence or Lack their of, to convict on a Lesser included offense, of Unlawful Sexual Intercourse in the Third degree : The Juries findings were Consistant and supported by, Superior Court criminal rule 31(a) and (c) And that of 11 Del. Code §206(b)(3), which states in part:

   A conviction involves the same result but differs from the offense charged, only in the respect that a Less serious injury or risk of injury to the person etc...

15. Defendant was undisputably Convicted of Unlawful Sexual Intercourse In The third degree and not second. When the Sentencing Court imposed a Ten year sentence For a second degree offense," the offense/sentence was in gross violation of the Double Jeopardy Clauses, of both the Delaware State Constitution and the United States Constitution.

16. The record is clear as to the verdict's returned by the Jury, which was read twice, Exhibit D-10, I-23. Once the verdicts were read, the record is silient as to the Court or Prosecution Questioning the verdicts.

17. At sentencing however, the record Confirms the Sentencing Courts uncertainty," regarding the actual Count; Exhibit E-5. Instead of the Court re-examining the record for clarity, the Court proceeded with Sentencing, on the bogus second degree Count! Placing Defendant twice in Jeopardy for the same offense, the Jury never Convicted of., See: Constituting double Jeopardy., See;
   STATE vs. Manson, Del. Supr. 243 A.2d 691 And Hamilton vs. State, Del. Supr. #152 (534 A.2d, 657) 1986.

18. The Fifth Amendment prohibits a criminal Defendant from being sentenced on the basis of information which is false or lacks minimal indicia of Reliability. Such sentencing renders the entire procedure invalid as a violation of Due process; United States vs. Robin 545 F.2d 775, United States vs. Tucker 404 And, State vs. Huey 505 A.2d 1242.

19. At sentencing the Prosecutor commented on the less included offense of Unlawful Sexual Intercourse in the third degree; Exhibit J-10. Than the Prosecutor mis-represented the minimum mandatory sentence for Unlawful Sexual Intercourse in the third degree; see Exhibit J-9.

20. The Delaware State Supreme Court held in Howell vs. State 421 A.2d 892, their must be a clear showing of an imposition of an illegal sentence or abuse of a Trial Judges broad discretion. Defendant herein has demonstrated both factors out-lined in Howell. Because sentencing is a critical stage of the criminal proceedings for a Defendant, in effect the bottom line; every reasonable safe-guard should be employed to protect the rights guaranteed by the Constitution.

21. In The case of Tilden vs. State, Del. Supreme Court 513 A.2d 1302-(1986), made perfactly clear a Juries authority to render verdicts; on less included offenses, as exercised in Defendants case. Exhibit K

In further support of the Tilden case and that of a juries authority to render verdicts to less included offenses, is: Johnson vs. State 409 A.2d 1043 (Del. Supe.). In essence the Supreme Court stated a Jury has discretion to grant Lenity!

5

(34)

# Conclusion

22.    Defendants conviction/sentence imposed for the offense of Unlawful Sexual Intercourse in the Second-degree, are both invalid. The Court simply Lacked the Legal authority to impose either conviction or sentence, in the absence of Due process of Law.

23.    The record is evidence of the Jury having Legal authority to render the conviction to a Lesser included offense and the Supreme Court decision Further confirms, the Juries authority.

24.    Defendants case, falls well within Superior court Criminal Rule 35(a), for a Correction of Sentence and the relief sought.

In addition, this Honorable Court Can also Vacate the Two hundered and four dollar Fine, the Court imposed.

The conviction, sentence and Fine were all imposed in violation of the Double Jeopardy Clauses and Due process.

In THE iNTEREST oF JusTice Defendant seek a remedy to the improperties, out-lined in the MoTion

Finally, your Honor, Defendants confinement is unconstitutional, based on the invalid conviction-sentence!

## Relief Sought

37

25. Defendant dont wish to burden this Honorable Court and apologize for any inconvenices, that resulted from this Action. Defendant humbly request the below is Considered - Granted!

26. That the Ten years imposed for Unlawful Sexual Intercourse in the second degree be respectively vacated, and the Conviction.

27. Alternatively reduce the second degree count

to Unlawful Sexual intercourse, in the third degree. And adjust the current 10 year sentence, to conform with the T.I.S, guild lines of 0-5 years, for the offense of Unlawful sexual intercourse in the third degree.

28. Lastly Defendant request the Honorable Court suspend the Two hundered and four dollar Fine.

Respectfully Submitted

Dammeyin A. Johnson

Dammeyin A. Johnson
Pro'se Defendant
1181 Paddock Road
D.C.C, Smyrna De.
        19977

March 28, 2005