(36)

In The Superior Court of The State of Delaware
In And For New Castle County

Dammeyin A. Johnson
  Pro'se Defendant,

vs.

State of Delaware

CR. Action # IN96-11-1141
Charge # IN97101615

ORDER

And Now, To wit this ____ day of _____ A.D., 2005
the forgoing Motion having been HEARD AND CONSIDERED,
iT is HEREbi/;

ORDERED, that the Defendants sentence be
modified - Corrected as Follow: _____

_____

_____

_____

_____

_____

_____

_____



RECEIVED
NOV 30 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

05 - 817

Hon. Judge, William C. Carpenter, Jr.
Superior Courthouse
500 N. King Street Suite 10400
Wilmington, Delaware
                    19801 - 3725

(31)

## <u>CERTIFICATE OF SERVICE</u>

<u>I, Dammeyin A. Johnson Pro'se</u>, hereby certify that I have served a true and correct cop(ies) of the attached, <u>MOTION FOR CORRECTION OF SENTENCE</u>, upon the following parties:

(1) Prothonotarys Office
Criminal Division
Superior Courthouse
500 N. King Street, Suite, Lower Level
Wilmington, DE. 19801-3746

(2) Mr. Timothy J. Donovan jr
Deputy Attorney General
Department of Justice
820 North French Street
State Carvel Building
Wilmington, DE. 19801

By placing same in a sealed envelope, depositing same in the United States mail, at the Delaware Correctional Center, Smyrna DE. 19977.

Postage paid by Defendant;

On this 28th day of March 2005.

<u>Dammeyin A. Johnson</u>
Signature of Defendant
1181 Paddock Road
D.C.C., Smyrna DE. 19977

8

1    sexual intercourse in the first degree.

2              Now, after considering the evidence, you

3    find the State has failed to establish beyond a

4    reasonable doubt the charge of unlawful sexual

5    intercourse in the first degree, you should find the

6    defendant not guilty of that charge and then consider

7    whether the lesser included offense of unlawful

8    intercourse in the second degree has been

9    established.

10              In order to find the defendant guilty of

11   unlawful sexual intercourse in the second degree, you

12   must find beyond a reasonable doubt:

13              One, the defendant had sexual intercourse

14   with the complaining witness.  I defined sexual

15   intercourse for you.

16              Two, the intercourse occurred without the

17   complaining witness' consent.  Without consent has

18   been explained to you.

19              Three, the defendant was not the

20   complaining witness' voluntary social companion on

21   the occasion of the crime.  And I've defined

22   voluntary social companion for you.

23              And four, the defendant acted

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE          :
                           :
     v.                    :     INDICTMENT BY THE GRAND JURY
                           :
DAMMEYIN A. JOHNSON        :     I.D. NO. 9709009665

The Grand Jury charges DAMMEYIN A. JOHNSON with the

following offenses:

### COUNT I. A FELONY          #N97  10-1615

UNLAWFUL SEXUAL INTERCOURSE FIRST DEGREE, in violation of

11 Del. C., Section 775 a class A felony.

DAMMEYIN A. JOHNSON, on or about the 4th day of September,

1997, in the County of New Castle, State of Delaware, did

intentionally engage in sexual intercourse with Alycia Campbell

without her consent, and Ms. Campbell had not permitted the

defendant sexual intercourse within the previous twelve months,

and the defendant was not Ms. Campbell's voluntary social

companion on the occasion of the crime.

### COUNT II. A FELONY          #N97 7-10-1614

KIDNAPING FIRST DEGREE in violation of Title 11, Section

783A of the Delaware Code of 1974, as amended

DAMMEYIN JOHNSON, on or about the 4th day of September,

1997, in the County of New Castle, State of Delaware, did

unlawfully restrain Alycia Campbell, for the purpose of sexually

9

1    intentionally.  That is, it was his conscious object

2    or purpose to engage in sexual intercourse with the

3    complaining witness without her consent.

4                  If, after considering all of the

5    evidence, you find the State has established beyond a

6    reasonable doubt that the defendant acted in such a

7    manner as to satisfy all of the elements which I have

8    just stated to you, at or about the date and place

9    stated in the indictment, you should then find the

10   defendant guilty of unlawful sexual intercourse

11   second degree.  If you do not so find, or if you have

12   a reasonable doubt as to any element of this offense,

13   you must find the defendant not guilty of unlawful

14   sexual intercourse second degree.

15                  The defendant is also charged with

16   kidnapping in the first degree.  The indictment reads

17   in pertinent part:

18                  Dammeyin Johnson, on or about the 4th day

19   of September of 1997, in the County of New Castle,

20   State of Delaware, did unlawfully restrain Alycia

21   Campbell, for the purpose of sexually violating or

22   abusing her or for the purpose of facilitating the

23   commission of a felony of unlawful sexual intercourse

4

1          (Forelady complies.)

2          THE PROTHONOTARY:  Has the jury agreed upon

3     their verdicts?

4          THE FORELADY:  Yes.

5          THE PROTHONOTARY:  How does the jury find the

6     defendant at the bar as to the charge of Unlawful

7     Intercourse in the First Degree; guilty or not

8     guilty?

9          THE FORELADY:  Not guilty.

10         THE PROTHONOTARY:  As to the lesser-included

11    offense of Unlawful Intercourse in the Third Degree;

12    guilty or not guilty?

13         THE FORELADY:  Guilty.

14         THE PROTHONOTARY:  As to the offense of

15    Kidnapping in the First Degree; guilty or not guilty?

16         THE FORELADY:  Not guilty.

17         THE PROTHONOTARY:  As to the lesser-included

18    offense of Unlawful Imprisonment in the Second Degree;

19    guilty or not guilty?

20         THE FORELADY:  Guilty.

21         THE PROTHONOTARY:  As to the offense of

22    Unlawful Sexual Contact in the Third Degree; guilty or

23    not guilty?

42

10

1  yourself. Every time we try to do something to help

2  you, you resist it. So you're going to sit in jail

3  for a while, and perhaps maybe sitting in jail for a

4  while will maybe make some difference.

5          In regards to 97-10-16 -- think it's

6  1615, I believe, unlawful sexual intercourse in the

7  second degree, the effective date is January 9th,

8  1998. The defendant shall -- costs of prosecution is

9  imposed, but suspended, defendant is placed in the

10 custody of the Department of Correction for a period

11 of ten years at Level 5.

12          In regards to 97-10-1619, aggravated

13 intimidation, the defendant is placed in the custody

14 of the Department of Correction for a period of two

15 years at Level 5.

16          In regards to 97-10-1622, aggravated

17 intimidation, the defendant is placed in the custody

18 of the Department of Correction for a period of two

19 years at Level 5, suspended for one year of Level 4,

20 halfway house. Defendant is to be held at Level 5

21 until Level 4 is available.

22          In regards to 97-10-1617, unlawful sexual

23 contact second, the defendant is placed in the

Exhibit -E





IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                    CASE NO. 9709009665
         V.                          CR.A. NO. PN97101615
DAMMEYIN A JOHNSON
                                     CHARGE: UNLAW.SEX.INT.2
DOB: 08/13/80
SBI: 00306875                        CHARGE DISP: TRIAL - GUILTY LESSE

## SENTENCE ORDER

NOW, THIS  8TH DAY OF JANUARY, 1999, IT IS THE ORDER OF THE COURT
THAT:

   THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

   THE DEFENDANT IS TO PAY THE COST OF PROSECUTION. COSTS ARE
HEREBY SUSPENDED.

   EFFECTIVE January  8,1999, THE DEFENDANT IS PLACED IN THE
CUSTODY OF THE DEPARTMENT OF CORRECTION AT SUPERVISION LEVEL 5   FOR
A PERIOD OF 10 YEARS.

STATE OF DELAWARE V. DAMMEYIN A JOHNSON
9709009665

AS TO THE CHARGE OF IN97101619, AGG.ACT/INTIMI,
IT IS THE ORDER OF THE COURT THAT:

     THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

     THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 2 YEARS.


     THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN97-10-1615.

STATE OF DELAWARE V. DAMMEYIN A JOHNSON
9709009665

AS TO THE CHARGE OF IN97101622, AGG.ACT/INTIMI,
IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 2 YEARS.

THIS SENTENCE IS SUSPENDED FOR 1 YEAR AT SUPERVISION LEVEL 4 -
HALF-WAY HOUSE.

THE DEFENDANT IS TO BE HELD AT SUPERVISION LEVEL 5 UNTIL SPACE
IS AVAILABLE AT SUPERVISION LEVEL 4.

THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN97-10-1619.

STATE OF DELAWARE V. DAMMEYIN A JOHNSON
9709009665

AS TO THE CHARGE OF PN97101617, UNLAW SEX CON 2,
IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 2 YEARS.

THIS SENTENCE IS SUSPENDED FOR 2 YEARS AT SUPERVISION LEVEL 3.

THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN97-10-1622.

STATE OF DELAWARE V. DAMMEYIN A JOHNSON
9709009665

AS TO THE CHARGE OF IN97101618, ASSAULT 3RD,
IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 1 YEAR.

THIS SENTENCE IS SUSPENDED FOR 1 YEAR AT SUPERVISION LEVEL 2.

THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN97-10-1617.

STATE OF DELAWARE V. DAMMEYIN A JOHNSON
9709009665

AS TO THE CHARGE OF PN97101614, UNLAW IMPR 2ND,
IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 1 YEAR.

THIS SENTENCE IS SUSPENDED FOR 1 YEAR AT SUPERVISION LEVEL 2.


THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN97-10-1618.

STATE OF DELAWARE V. DAMMEYIN A JOHNSON,
9709009665

THE FOLLOWING CONDITIONS SHALL APPLY TO THIS SENTENCE, THE
DEFENDANT SHALL:

    PAY FINANCIAL OBLIGATIONS DURING THE PROBATIONARY PERIOD.

    HAVE NO CONTACT WITH VICTIM, ALYCIA CAMPBELL OR HER RESIDENCE.

    BE EVALUATED FOR SUBSTANCE ABUSE AND FOLLOW ANY DIRECTIONS FOR
COUNSELING, TESTING, OR TREATMENT MADE BY THE PROBATION OFFICER.

    BE EVALUATED FOR EMOTIONAL AND/OR PSYCHOLOGICAL PROBLEMS AND
FOLLOW ANY DIRECTIONS FOR TREATMENT OR COUNSELING MADE BY THE
PROBATION OFFICER.

    SUCCESSFULLY COMPLETE PROGRAM FOR SEX OFFENDERS.

THE PROVISIONS OF 11 DEL. C. 4120 AND 4336, SEX OFFENDER
REGISTRATION AND COMMUNITY NOTIFICATION, APPLY TO THIS CASE.

JUDGE WILLIAM C. CARPENTER, JR.

STATE OF DELAWARE V. DAMMEYIN A JOHNSON,
9709009665

**FINANCIAL OBLIGATIONS ARE IMPOSED ON THE DEFENDANT PURSUANT TO THIS SENTENCE AS FOLLOWS:**

| | |
|---|---|
| TOTAL CDEFA-DIVERSION ORDERED | 0.00 |
| TOTAL CIVIL PENALTY ORDERED | 0.00 |
| TOTAL COSTS ORDERED | 0.00 |
| TOTAL DRUG SURCHARGE ORDERED | 0.00 |
| TOTAL EXTRADITION ORDERED | 0.00 |
| TOTAL FINE AMOUNT ORDERED | 0.00 |
| TOTAL FORENSIC FINE ORDERED | 0.00 |
| TOTAL SHERIFF KENT ORDERED | 0.00 |
| TOTAL SHERIFF NCC ORDERED | 0.00 |
| TOTAL PUBLIC DEF. FEE ORDERED | 0.00 |
| TOTAL RESTITUTION ORDERED | 0.00 |
| TOTAL SHERIFF SUSSEX ORDERED | 0.00 |
| TOTAL VICTIMS' COMP ORDERED | 0.00 |
| TOTAL VIDEO PHONE FEE ORDERED | 1.00 |

**TOTAL FINANCIAL ORDER**               **1.00**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE

     VS.

DAMMEYIN A JOHNSON

Alias: No Aliases

DOB: 08/13/1980
SBI: 00306875

CASE NUMBER:                          CRIMINAL ACTION NUMBER:
9709009665                              IN97-10-1615
                                        UNLAW.SEX.INT.2(F)
                                        LIO:UNLAW.SEX.INT.1
                                        IN97-10-1619
                                        AGG.ACT/INTIMI(F)
                                        IN97-10-1622
                                        AGG.ACT/INTIMI(F)
                                        IN97-10-1617
                                        UNLAW SEX CON 2(F)
                                        LIO:UNLAW.SEX.PEN.
                                        IN97-10-1618
                                        ASSAULT 3RD(M)
                                        IN97-10-1614
                                        UNLAW IMPR 2ND(M)
                                        LIO:KIDNAP 1ST

## MODIFIED SENTENCE ORDER

NOW THIS 31ST DAY OF AUGUST, 2004,  IT IS THE ORDER OF THE
COURT THAT:  THE ORDER DATED January  8, 1999  IS HEREBY
MODIFIED  AS FOLLOWS:

The defendant is adjudged guilty of the offense(s) charged.
Costs are hereby suspended.  Defendant is to pay all
statutory surcharges.

  AS TO IN97-10-1615- : TIS
  UNLAW.SEX.INT.2

Effective January  9, 1998  the defendant is sentenced
as follows:

  - The defendant is placed in the custody of the Department
of Correction for 10 year(s) at supervision level 5 with
credit for 21 day(s) previously served

**APPROVED ORDER**      1      December 17, 2004 15:12

STATE OF DELAWARE
     VS.
DAMMEYIN A JOHNSON
DOB: 08/13/1980
SBI: 00306875

AS TO IN97-10-1619- : TIS
AGG.ACT/INTIMI

- The defendant is placed in the custody of the Department
of Correction for 2 year(s) at supervision level 5


The level 5 probation is consecutive to any level 5 under
criminal action number 97-10-1615 .


AS TO IN97-10-1622- : TIS
AGG.ACT/INTIMI

- The defendant is placed in the custody of the Department
of Correction for 2 year(s) at supervision level 5


- Suspended immediately

- For 1 year(s)  supervision level 4 **HALFWAY HOUSE**


- Hold at supervision level 5

- Until space is available at supervision level 4 **HALFWAY
HOUSE**

Probation is consecutive to criminal action number
97-10-1619


AS TO IN97-10-1617- : TIS
UNLAW SEX CON 2

- The defendant is placed in the custody of the Department
of Correction for 2 year(s) at supervision level 5


- Suspended immediately

- For 2 year(s)  supervision level 3


Probation is consecutive to criminal action number
97-10-1622


AS TO IN97-10-1618- : TIS
ASSAULT 3RD

**APPROVED ORDER**    2      December 17, 2004 15:12

STATE OF DELAWARE
        VS.
DAMMEYIN A JOHNSON
DOB: 08/13/1980
SBI: 00306875

 - The defendant is placed in the custody of the Department
of Correction for 1 year(s) at supervision level 5


 - Suspended immediately

 - For 1 year(s)  supervision level 2


 Probation is consecutive to criminal action number
97-10-1617


  AS TO IN97-10-1614- : TIS
  UNLAW IMPR 2ND

 - The defendant is placed in the custody of the Department
of Correction for 1 year(s) at supervision level 5


 - Suspended immediately

 - For 1 year(s)  supervision level 2


 Probation is consecutive to criminal action number
97-10-1618

## SPECIAL CONDITIONS BY ORDER

STATE OF DELAWARE
        VS.
DAMMEYIN A JOHNSON
DOB: 08/13/1980
SBI: 00306875

                          CASE NUMBER:
                          9709009665


Pay financial obligations during the probationary period.

Defendant shall be evaluated for substance abuse and follow
recommendation for treatment, counseling and screening.

The defendant shall be evaluated for emotional and/or
psychological problems and follow any directions for
treatment or counseling deemed appropriate by the probation
officer

The provisions of 11 Del C. Sections 4120, 4121, and 4336
Sex Offender Registration and Community Notification -
apply to this case.


### NOTES
Have no contact with victim, Alycia Cambell or her
residence.

Successfully complete program for Sex Offenders.

=======
The original sentencing order dated 01/08/99 is modified to
change the effective date from 01/08/99 to 01/08/98.
 =======


                              _____
                              JUDGE WILLIAM C CARPENTER JR.

## FINANCIAL SUMMARY

_55_

STATE OF DELAWARE
      VS.
DAMMEYIN A JOHNSON
DOB: 08/13/1980
SBI: 00306875

                           CASE NUMBER:
                            9709009665


SENTENCE CONTINUED:

TOTAL DRUG DIVERSION FEE ORDERED

TOTAL CIVIL PENALTY ORDERED

TOTAL DRUG REHAB. TREAT. ED. ORDERED

TOTAL EXTRADITION ORDERED

TOTAL FINE AMOUNT ORDERED

FORENSIC FINE ORDERED                   200.00

RESTITUTION ORDERED

SHERIFF, NCCO ORDERED

SHERIFF, KENT ORDERED

SHERIFF, SUSSEX ORDERED

PUBLIC DEF, FEE ORDERED

PROSECUTION FEE ORDERED

VICTIM'S COM ORDERED

VIDEOPHONE FEE ORDERED               6.00

---

TOTAL                           206.00



SUPERIOR COURT CRIMINAL DOCKET                    Page      1
( as of  04/09/2002 )

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.        AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 9709009665 | IN97101614 | UNLAW IMPR 2ND | TGLI | 09/16/1998 |
| 001 | 9709009665 | IN97101614 | KIDNAP 1ST | TGLI | 09/16/1998 |
| 002 | 9709009665 | I | UNLAW.SEX.PEN.2 | TGLI | 09/16/1998 |
| 003 | 9709009665 | IN97101615 | UNLAW.SEX.INT.2 | TGLI | 09/16/1998 |
| 003 | 9709009665 | IN97101615 | UNLAW.SEX.INT.1 | TGLI | 09/16/1998 |
| 004 | 9709009665 | IN97101616 | KIDNAP 1ST | DISM | 09/16/1998 |
| 005 | 9709009665 | IN97101617 | UNLAW SEX CON 2 | TGLI | 09/16/1998 |
| 006 | 9709009665 | IN97101618 | ASSAULT 3RD | TG | 09/16/1998 |
| 007 | 9709009665 | IN97101619 | AGG.ACT/INTIMI | TG | 09/16/1998 |
| 008 | 9709009665 | IN97101620 | THEFT $1000 OR | TNG | 09/16/1998 |
| 009 | 9709009665 | IN97101621 | ASSAULT 3RD | DISM | 09/16/1998 |
| 010 | 9709009665 | IN97101622 | AGG.ACT/INTIMI | TG | 09/16/1998 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 10/27/1997 | INDICTMENT, TRUE BILL FILED. #25 ARRAIGNMENT BAIL REPRESENTATION 11211997 8:30 CASE REVIEW 12011997 9:00. | |
| 2 | 11/12/1997 | SUMMONS MAILED. | |
| 3 | 11/19/1997 | SUBPOENA(S) MAILED. | |
| 4 | 11/21/1997 | ARRAIGNMENT CALENDAR, CONTINUED. 120597 FOR SHER.SERV. | REYNOLDS MICHAEL P. |
| 5 | 11/24/1997 | SUMMONS SERVED BY SHERIFF. | |
| 6 | 12/04/1997 | SUMMONS SENT BY SHERIFF RETURNED. NON EST. | |
| 7 | 12/05/1997 | ARRAIGNMENT CALENDAR, ISSUE CAPIAS. | REYNOLDS MICHAEL P. |
| 8 | 01/09/1998 | CAPIAS RETURNED IN SUPERIOR COURT. BAIL SET AT: HELD ON SECURED BAIL          28000.00 100 | REYNOLDS MICHAEL P. |

Exhibit - H

SUPERIOR COURT CRIMINAL DOCKET    (51)    Page    2
( as of  04/09/2002 )

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.       AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON


```
      Event
No.   Date         Event                          Judge
-----------------------------------------------------------------------------
      HRG. 020998 AT 9AM
9     02/11/1998 .
      SUMMONS MAILED.
10    02/20/1998                          REYNOLDS MICHAEL P.
      ARRAIGNMENT CALENDAR - CONTROL FOR REPRESENTATION, DEFENDANT WAIVED
      READING OF INDICTMENT, PLEA OF NOT GUILTY ENTERED, JURY TRIAL DEMANDED
      ARR BY RULE 10C PD
11    03/16/1998                          COOCH RICHARD R.
      CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
      042098
      04/20/1998                          GOLDSTEIN CARL
      FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL ...
12    05/01/1998                          TOLIVER CHARLES H. IV
      ORDER SCHEDULING TRIAL FILED.
      TRIAL DATE:09091998
      CASE CATEGORY:1
      ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):HLA
      UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
      OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
      FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
      CONTINUANCE REQUESTS WILL BE DENIED.
13    06/22/1998                          CARPENTER WILLIAM C. JR.
      LETTER FROM JUDGE CARPENTER TO COUNSEL, RE: REMINDING COUNSEL OF
      EXISTENCE OF STATUTORY DEADLINES REGARDING NOTICE AND PRODUCTION
      OF DNA EVIDENCE.
14    06/22/1998                          CARPENTER WILLIAM C. JR.
      MEMORANDUM FILED, FROM JUDGE CARPEMNTER TO COUNSEL, RE:
      CONFIRMING THAT DURING CASE REVIEW, A DEADLINE WAS SET FOR
      THE PRODUCTION OF BALLISTIC REPORTS BY 7/24/98.
15    08/26/1998
      SUBPOENA(S) MAILED.
16    08/28/1998
      STATE'S WITNESS SUBPOENA ISSUED.
17    08/28/1998
      NOTICE OF SERVICE - DISCOVERY RESPONSE.
      FROM:  DANIEL MILLER
18    09/01/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.  ****NOTE COSTS*****
      NON EST
      09/03/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
19    09/09/1998                          SILVERMAN FRED S.
```

Continuing - H

SUPERIOR COURT CRIMINAL DOCKET          Page    3
( as of  04/09/2002 )

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.        AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON


      Event
No.   Date         Event                              Judge
-------------------------------------------------------------------------------
      TRIAL CALENDAR-JURY TRIAL WENT TO TRIAL
20    09/16/1998                            CARPENTER WILLIAM C. JR.
      JURY TRIAL HELD. JURY SWORN. JURY FOUND THE DEFENDANT GUILTY AS TO
      USI 2ND (1615), UNLAW. IMPRISONMENT 2ND (1614), USC 3RD (1617),
      ASSULT 3RD (1618), AGGR. ACT OF INT. (1619) &(1622) NOT GUILTY AS TO
      THEFT (1620) AND ASSAULT 3RD (1621) WAS DISMISSED. PSI ORDERED. BAIL
      REVOKED. 09101998 DEF ORAL MOTION FOR AQUITTAL ON COUNTS 3, 4, 7, AND
      8. DECISION AS TO COUNT 7 DENIED, AS TO COUNT 8 THE CHARGE IS
      DISMISSED, AT TO COUNT 4 - COURT RESERVED DICISSION, AT TO COUNT 3 IT
      WILL BE MERGED WITH COUNT 2. 09111998 AS TO COUNT 4 AMMENDED TO USC
      2ND. 09151998 DEF ORAL MOTION FOR DEBERRY INSTRUCTIONS. 09151998
      DENIED. KINPANING 1ST (1616) WAS DISMISSED BY THE COURT.
      DAG - MILLER
      DEF - RADULSKI
      C/C - BRENHOCH
      C/R - FELDMAN - LEIBOW - J. WHITE - OHARE
21    09/16/1998                            CARPENTER WILLIAM C. JR.
      CHARGE TO THE JURY FILED.
22    09/18/1998
      MOTION FOR NEW TRIAL FILED.
      RAYMOND M. RADULSKI, ESQ.
      09/28/1998                            SILVERMAN FRED S.
      MOTION FOR NEW TRIAL  PASSED.
      FOR O/C WITH J. CARPENTER.
      11/13/1998                            CARPENTER WILLIAM C. JR.
      SENTENCING CALENDAR, SENTENCING CONTINUED 010899
24    12/15/1998                            CARPENTER WILLIAM C. JR.
      LETTER FROM RAYMOND RADULSKI   TO JUDGE CARPENTER
      RE: INCONSISTANT VERDICTS
      MR. RADULSKI REQUESTS THAT DEFT MOTION FOR A NEW TRIAL BE GRANTED.
      LETTER EXPLAINS REASON FOR REQUEST.
23    12/16/1998
      LETTER FROM  R. RADULSKI, ASST. PUBLIC DEFENDER    TO JUDGE
      CARPENTER
      RE: DEF. SUBMITS THAT THE ONLY APPROPRIATE REMEDY GIVEN THE PAUCITY
      OF THE EVIDENCE ANND THE INCONSITENCY OF THE VERDICTS IS TO GRANT
      DEF.'S MOTION FOR A NEW TRIAL OF THE CHARGE OF USI SECOND.
25    12/22/1998                            CARPENTER WILLIAM C. JR.
      LETTER FROM JUDGE CARPENTER  TO DANIEL MILLER, ESQ.
      RE: PLEASE RESPOND TO MR. RADULSKI'S LETTER OF 12151998. THE SENT IS
      PRESENTLY SCHEDULED FOR 01081999, SO A RESPONSE IS TO BE PROVIDED
      TO THE COURT BY 12311998.

SUPERIOR COURT CRIMINAL DOCKET
( as of  04/09/2002 )

Page    4

State of Delaware.v.  DAMMEYIN A JOHNSON                          DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq. ·       AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.           SLUSH JOHNSON

```
        Event
No.     Date            Event                              Judge
--------------------------------------------------------------------------------
26   12/31/1998
        NOTICE OF RESPONSE TO THE DEFT'S MOTION FOR
        A NEW TRIAL. DANIEL R. MILLER, ESQ. REFERRED
        TO JUDGE CARPENTER.
        01/08/1999                                  CARPENTER WILLIAM C. JR.
        SENTENCING CALENDAR: DEFENDANT SENTENCED.
27   01/08/1999                                     CARPENTER WILLIAM C. JR.
        ORDER: MOTION FOR A NEW TRIAL
        AND NOW TO WIT, THIS 8TH DAY OF JANUARY, A.D. 1999 THE FOREGOING
        MOTION HAVING BEEN HEARD AND CONSIDERED, IT IS HEREBY: ORDERED FOR THE
        REASONS SET FORTH IN OPEN COURT ON 1/8/99 THE MOTION DENIED.
28   01/08/1999                                     CARPENTER WILLIAM C. JR.
        SENTENCE: ORDER SIGNED & FILED 2/9/99.
29   02/08/1999
        NOTICE OF APPEAL #41, 1999
30   02/08/1999
        DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT.
        #41, 1999
31   02/08/1999
        LETTER FROM (SUPREME COURT) TO COURT REPORTER
        PURSUANT TO SUPREME COURT RULE 9(E)(IV), THE
        TRANSCRIPT MUST BE FILED WITH THE PROTHONOTARY
        NO LATER THAN 031599.
32   02/08/1999
        LETTER FROM (SUPREME COURT) TO MR. RADULSKI, ESQ.
        THE NOTICE OF APPEAL DOES NOT COMPLY WITH SUPREME
        COURT RULE 7(C)(9) WHICH REQUIRES THAT A COPY OF
        THE ORDER OF JUDGMENT SOUGHT TO BE REVIEWED SHALL
        BE ATTACHED TO THE NOTICE OF APPEAL. PLEASE FILE A
        COPY OF JUDGE CARPENTER 010899 SENTENCING ORDER TO
        BE ATTACHED TO THE NOTICE OF APPEAL UPON YOUR RECEIPT.
33   03/01/1999                                     CARPENTER WILLIAM C. JR.
        TRANSCRIPT OF TRIAL FILED.
        SEPT. 10,1998
34   03/10/1999                                     SILVERMAN FRED S.
        TRANSCRIPT OF VERDICT FILED.
        SEPT. 16, 1998
35   03/10/1999                                     CARPENTER WILLIAM C. JR.
        TRANSCRIPT OF SENTENCING FILED.
        JAN. 8, 1999
36   03/18/1999
        LETTER FROM (SUPREME COURT) TO COURT REPORTER
```

*60*

SUPERIOR COURT CRIMINAL DOCKET                    Page    5
( as of   04/09/2002 )

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq. .      AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.      SLUSH JOHNSON

```
        Event
No.     Date            Event                          Judge
-----------------------------------------------------------------------------
        PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
        THE TRANSCRIPT IS DUE TO BE FILED NO LATER THAN 041499.
37      04/06/1999                          CARPENTER WILLIAM C. JR.
        TRANSCRIPT OF TRIAL FILED.
        SEPT. 15, 1998
38      04/06/1999                          CARPENTER WILLIAM C. JR.
        TRANSCRIPT OF TRIAL FILED.
        SEPT. 16, 1998
39      04/13/1999                          BIFFERATO VINCENT A. SR.
        TRANSCRIPT OF JURY CHARGE FILED.
        SEPT. 16, 1998
40      04/16/1999
        LETTER FROM (SUPREME COURT) TO COURT REPORTER
        PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
        THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
        051799.
41      05/28/1999
        LETTER FROM (SUPREME COURT) TO COURT REPORTER
        PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
        THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
        061499.
42      06/24/1999
        LETTER FROM (SUPREME COURT) TO COURT REPORTER
        PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
        THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
        071299.
43      07/12/1999
        TRANSCRIPT OF TRIAL FILED.
        SEPT. 9, 1998
44      07/15/1999
        RECORDS SENT TO SUPREME COURT.
45      07/20/1999
        RECEIPT OF RECORDS ACKNOWLEDGED BY
        SUPREME COURT
46      07/20/1999
        LETTER FROM (SUPREME COURT) TO PROTHONOTARY
        PURSUANT TO SUPREME COURT RULE 9(B)(I), THE
        RECOFD AND TRANSCRIPT MUST BE FILED WITH THIS
        OFFICE NO LATER THAN 072299.
47      06/20/2000
        RECEIPT OF RECORD AND MANDATE RETURNED FROM SUPREME COURT.
48      06/20/2000
```

Continuing-H

SUPERIOR COURT CRIMINAL DOCKET                    Page · 6
( as of  04/09/2002 )

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.          AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.            SLUSH JOHNSON

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | | MANDATE FILED FROM SUPREME COURT - AFFIRMED. | |

THE TESTIMONY AT TRIAL RELFECTS THAT JOHNSON INITIALLY FORCED
COLLINS TO ACCOMPANY HIM TO LOCATE HIS CAR.  ACCORDINGLY, THERE WAS
A RATIONAL EVIDENTIARY BASIS FOR THE JURY TO REJECT THE STATE'S
CONTENTION THAT JOHNSON INITIALLY KIDNAPPED COLLINS FOR THE PURPOSE
OF SEXUALLY ASSAULTING HER.  TEH JURY COULD HAVE REASONABLY CONCLUDED
FROM THE EVIDENCE THAT JOHNSON SUSEQUENTLY DECIDED TO SEXUALLY ASSAULT
COLLINS, WHEN HE ARRIVED WITH HER AT HIS HOME, AFTER HE HAD ALREADY
RESTRAINED HER TO LOOK FOR HIS CAR.  THE SUPERIOR COURT PROPERLY HELD
THAT THERE WAS NO VERDICT INCONSISTENCY.

49  06/20/2000
MOTION FOR MODIFICATION OF SENTENCE FILED.
PRO SE - JUDGE CARPENTER
REFERRED TO PRESENTENCE FOR JUDGE CARPENTER 7/26/2000

50  10/26/2000                                    CARPENTER WILLIAM C. JR.
LETTER/ORDER ISSUED BY JUDGE CARPENTER TO DEFENDANT.
YOUR REQUEST FOR MODIFICATION OF SENTENCE SET FORTH IN YOUR LETTER OF
JUNE 14, 2000 IS HEREBY DENIED.  THE SENTENCE IMPOSED IN THIS MATTER
WAS APPROPRIATE, AND MODIFICATION IS NOT WARRANTED.

51  03/21/2001
DEFENDANT'S LETTER FILED. DEFENDANT IS REQUESTING EXTENSION OF TIME TO
FILE RULE 61 AND RULE 35. REFERRED TO JUDGE CARPENTER 3/26/01 AMH

52  04/12/2001                                    CARPENTER WILLIAM C. JR.
LETTER/ORDER ISSUED BY JUDGE CARPENTER.
THE COURT IS IN RECEIPT OF A LETTER FILED WITH THE PROTHONOTARY ON
MARCH 21, 2001 REQUESTING AN EXTENTION OF TIME TO FILE YOUR
POSTCONVICTION RELIEF AND RULE 35 MOTION.  MOTIONS FOR POSTCONVICTION
RELIEF ARE GOVERNED BY RULE 61 OF THE SUPERIOR COURT CRIMINAL RULE
AND REQUIRE THAT SUCH BE FILED WITHIN 3 YEARS OF THE JUDGMENT OF
CONVICTION BECOMING FINAL.  THE SUPREME COURT MANDATE IN THIS MATTER
APPEARS TO HAVE BEEN ISSUED ON JUNE 20, 2000 AND THEREFORE YOU HAVE
THREE YEARS FROM THAT DATE TO FILE A RULE 61 MOTION.  THEREFORE, THE
COURT SEES NO REASON TO GRANT AN EXTENTION OF THAT DEADLINE SINCE IT
IS NOT OCCURED.  AS TO YOUR REQUEST FOR AN EXTENTION TO FILE A RULE
35 MOTION, I HAVE PREVIOUSLY DENIED A MOTION FOR REDUCTION OF
SENTENCE ON OCTOBER 26, 2000.  REPETITIVE MOTION FOR THIS NATURE ARE
FROWNED UPON BY THE COURT AS THE MATTER HAS BEEN CONSIDERED AND
ADDRESSED.  HOWEVER, IS AT ANY FUTURE DATE YOU WOULD LIKE TO FILE S
RULE 35 MOTION, YOU WILL NEED TO FILE A REQUEST TO FILE IT OUT OF
TIME SETTING FORTH THE EXCEPTIONAL CIRCUMSTANCES THAT JUSTIFY SUCH
ACTION.  YOU ARE ADVISED THAT SUCH REQUESTS ARE SELDOM GRANTED.  AS
A RESULT, TO THE EXTENT THAT YOU ARE REQUETING AN EXTENTION OF TIME

continuing-it

SUPERIOR COURT CRIMINAL DOCKET                          Page
( as of  04/09/2002 )

State of Delaware v.  DAMMEYIN A JOHNSON                          DOB: 08/13/198
State's Atty: DANIEL R MILLER , Esq.          AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.            SLUSH JOHNSON

```
      Event
No.   Date          Event                                    Judge
-----------------------------------------------------------------------------
      TO FILE MOTIONS, SAID REQUEST IS HEREBY DENIED.

          *** END OF DOCKET LISTING AS OF  04/09/2002 ***
              PRINTED BY: CSCJHOU
```

1    appreciate all the work that you have done. We thank

2    you.

3            You're excused.

4            (Jury excused.)

5            THE COURT:  On Judge Carpenter's behalf, I

6    will order a presentence investigation.

7            Is there anything else?

8            MR. MILLER:  I have a motion to revoke bail.

9    There's a mandatory minimum period of incarceration on

10   Unlawful Intercourse in the Third Degree of ten years.

11           THE COURT:  I do not think there's anything

12   you could say at this point, Mr. Radulski, that would

13   make Mr. Miller's motion out of order.

14           It's granted.

15           MR. MILLER:  Thank you, your Honor.

16           THE COURT:  Anything else?

17           MR. RADULSKI:  No, your Honor.

18           MR. MILLER:  No, your Honor.

19           THE COURT:  Very well.

20           We will stand in recess.

21                - - - - - -

22           (Proceedings concluded at 2:45 p.m.)

23                - - - - - -

1        THE FORELADY:  Guilty.

2        THE PROTHONOTARY:  As to the offense of

3  Assault in the Third Degree; guilty or not guilty?

4        THE FORELADY:  Guilty.

5        THE PROTHONOTARY:  As to the offense of

6  Aggravated Act of Intimidation that allegedly occurred

7  on September 4th; guilty or not guilty?

8        THE FORELADY:  Guilty.

9        THE PROTHONOTARY:  As to the offense of

10  Aggravated Act of Intimidation that allegedly occurred

11  on September 8th; guilty or not guilty?

12        THE FORELADY:  Guilty.

13        THE PROTHONOTARY:  As to the offense of

14  Theft; guilty or not guilty?

15        THE FORELADY:  Not guilty.

16        THE PROTHONOTARY:  Madam Forelady, please be

17  seated.

18        (Forelady complies.)

19        THE PROTHONOTARY: Members of the Jury,

20  hearken to the verdict as the Court has recorded it,

21  your Foreperson says that you find the defendant at

22  the bar, Dammeyin Johnson, not guilty of Unlawful

23  Intercourse First Degree; guilty of Unlawful

*Exhibit - I*

1   Intercourse in the Third Degree; not guilty of

2   Kidnapping in the First Degree; guilty as to Unlawful

3   Imprisonment in the Second Degree; guilty to Unlawful

4   Sexual Contact in the Third Degree; guilty as to

5   Assault in the Third Degree; guilty as to Aggravated

6   Act of Intimidation that allegedly occurred on

7   September 4th, 1997; guilty as to Aggravated Act of

8   Intimidation that allegedly occurred on September 8th,

9   1997; not guilty as to Theft.

10        So say you all?

11        THE JURORS:  Yes.

12        THE PROTHONOTARY:  Your Honor.

13        THE COURT:  Ladies and Gentlemen of the Jury,

14   a quick glance at some of the paperwork tells me that

15   this must not have been a particularly pleasant

16   experience for you.  But I want to assure you on

17   behalf of Judge Carpenter and everyone else involved

18   in this trial that we very much appreciate the fact

19   that you answered the call for jury duty, took time

20   out of your busy lives in order to do what was an

21   unpleasant task.  You've rendered a verdict.  I can't

22   comment on that, other than to say that it's a good

23   thing that you reached a verdict.  We do very much

## 1302 Del.    513 ATLANTIC REPORTER, 2d SERIES

beyond her life. Our ruling was (and remains) "that an oral trust be impressed upon the land in question for the equal benefit of Smith, Sr.'s two children," that is, his daughter, Mary Ambler Sadler, and his son, John Lewis Smith, Jr. Slip op., p. 3. The legal effect of this ruling is that Mrs. Sadler and John Lewis Smith, Jr. each became, upon the death of their father, undivided interest in the Indian Beach lands; and that upon Mrs. Sadler's death, her two children, the plaintiffs, Mary Sadler Levin and John Ambler Sadler, succeeded by operation of law to their mother's fifty percent tenancy in common interest in all of the then-remaining and unsold Indian Beach lands that had been deeded in 1946 to John Lewis Smith, Jr. As we previously found, the evidence permits but one reasonable conclusion: that following the death of Mary Ambler Sadler; and that she, by virtue of the oral trust, became, upon her father's death, an equitable owner of an undivided one-half fee simple interest in the whole tract, with the remaining one-half interest thereof being held by her half brother, John Lewis Smith, Jr.

"Therefore, the case is remanded to the Court of Chancery with instructions to fashion an appropriate remedy and enter such order as shall be required to reflect that the plaintiffs, Mary Sadler Levin and John Ambler Sadler, possess jointly as tenants in common to each other a fifty percent undivided interest with John Lewis Smith, Jr. in all the remaining unsold Indian Beach lands which were conveyed by deed in 1946 to John Lewis Smith, Jr. Defendant Smith shall also be required to account to plaintiffs for their share of the proceeds of all real estate transfers involving the Indian Beach lands made by defendant Smith from 1946 to date.

The motion for reargument is denied.

---

Goldfield TILDEN, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: March 27, 1986.

Decided: Aug. 5, 1986.

Defendant was convicted in the Superior Court, New Castle County, of various robbery, theft and weapons offenses, and he appealed. The Supreme Court, Walsh, J., held that: (1) jury's findings of guilty as to possession of a deadly weapon "in the second degree" and theft "in the first degree" were not a nullity on grounds that such offenses did not exist under Delaware criminal code, and (2) although jury's verdict finding defendant guilty of two counts of robbery in the second degree while at the same time finding him guilty as to companion charges of possession of a deadly weapon on during commission of a felony robbery was legally inconsistent, it would be upheld as exercise in jury lenity.

Affirmed.

**1. Criminal Law ⟨893⟩**

Jury's findings of guilty as to possession of a deadly weapon "in the second degree" and theft "in the first degree" were not a nullity on grounds that such offenses did not exist under Delaware criminal code, where trial judge resolved ambiguity in colloquy which clarified jury's intention to find defendant guilty of offenses set forth in court's instruction. 11 Del.C. §§ 101-1451.

**2. Criminal Law ⟨893⟩**

Jury's intention controls rendition of its verdict; where form of verdict is imprecise or contains superfluous language, verdict will not be invalidated if jury's intention is nonetheless clear or subject to clarification.

**3. Criminal Law ⟨875(1)⟩**

Where language used by jury unmistakably expresses a conclusion, defects of form will not serve to invalidate the verdict.

**4. Criminal Law ⟨878(4)⟩**

Although jury's verdict finding defendant guilty of two counts of robbery in the second degree while at the same time finding him guilty as to companion charges of possession of a deadly weapon during commission of a felony robbery was legally inconsistent, it would be upheld as exercise in jury lenity. 11 Del.C. §§ 832, 1447.

**5. Criminal Law ⟨878(4)⟩**

Controlling standard for testing claim of inconsistent verdicts is rule of jury lenity coupled with sufficiency of evidence standard; receding from *Johnson v. State,* 409 A.2d 1043 (Del.).

Upon Appeal from Superior Court. AFFIRMED.

Court Below: Superior Court of the State of Delaware in and for New Castle County Cr.A. Nos. IN84-01-1769, 0134, 1773, 1771, 1770, 0139, 0138, 0136, 0135, IN77-12-0026 and 0027.

Anthony A. Figliola, Jr., Wilmington, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., McNEILLY, HORSEY, MOORE and WALSH, JJ., constituting the Court en banc.

WALSH, Justice.

The defendant, Goldfield Tilden, was convicted of various robbery, theft and weapons offenses in the Superior Court. He appeals on the ground that the jury's verdict in certain respects was defective in

---

## TILDEN v. STATE    Del. 1303
### Cite as, Del.Supr., 513 A.2d 1302 (1986)

both form and content and must be set aside. Post-trial, the trial judge refused to set aside the verdicts but acknowledged their inconsistency. Because the issue before us requires that we reexamine a previous decision of this Court and, if necessary overrule it, we have considered the appeal en banc. We conclude that the jury's verdict in this case, although inconsistent, represents an extension of lenity to the defendant and that the convictions must be affirmed

I

The factual basis underlying the jury's verdict was essentially undisputed at trial. On December 16, 1983, two passengers leaving the Wilmington Train Station were robbed by an individual armed with a gun which one victim described as "unusual"—bigger than a handgun but smaller than a rifle. Both victims were able to give a detailed description of the robber but were unable, at that time, to identify him in a photographic lineup.

Two weeks later, the defendant was arrested in connection with the theft of an automobile. Because the defendant bore a close resemblance to the description of the train station robber, his photograph was included in a new photographic lineup. One victim identified the defendant and the other victim identified a coat seized from the defendant as similar to that worn by the train station robber. The police later executed a search warrant and seized a sawed-off shotgun from the defendant's room. One of the victims identified the gun as the weapon used in the robbery.

The robbery and theft incidents were tried together and the defendant was subsequently convicted of a total of ten charges. Of the total convictions only the felony theft charge and four of the offenses arising out of the train station incident are the subject of this appeal: two separate findings of guilt as to robbery second degree (lesser included offenses of charges of robbery first degree—Counts I and II of the indictment) and two separate findings of guilt of possession of a deadly

weapon during the commission of the robberies (Counts III and IV of the indictment).

## II

[1]  The manner in which the trial judge accepted the jury's announced findings of guilt as to one of the weapons offenses and the theft felony charge is the basis for the defendant's first claim of error.[1] Defendant contends that the trial judge impermissibly molded the jury's erroneous findings instead of ordering the jury to deliberate further after clarifying instructions.

Defendant's argument that the jury's findings of guilty as to possession of a deadly weapon "in the second degree" and theft "in the first degree" were a nullity is premised upon the contention that no such offenses exist under the Delaware Criminal Code (11 Del.C. §§ 101–1451). Had the jury's verdict ended with the foreleady's initial defective announcement there would be merit in the defendant's position. However, the trial judge quickly resolved the ambiguity in a colloquy which clarified the jury's intention to find the defendant guilty of the offenses set forth in the court's

---

1. The jury's announcement, in pertinent part, was as follows:

THE PROTHONOTARY: Does the jury find the Defendant at the bar, Goldfield Tilden, guilty or not guilty as to the charge of Count I, robbery first degree?

THE FORELADY: Guilty in the second degree.

THE PROTHONOTARY: As to Count II, robbery in the first degree?

THE FORELADY: Guilty in the second degree.

THE PROTHONOTARY: As to Count III, possession of a deadly weapon during the commission of a felony.

THE FORELADY: Guilty in the second degree.

THE COURT: Well, what was the verdict there?

THE FORELADY: Guilty in the second degree.

THE COURT: Well, it is guilty.

THE PROTHONOTARY: As to Count IV, possession of a deadly weapon during commission of a felony?

THE FORELADY: Guilty.

---

instructions. Moreover, when the forelady's announced verdict was repeated by the Prothonotary for affirmation by the entire panel there was no dissent from the corrected verdict.[2]

[2, 3]  The jury's intention controls the rendition of its verdict. Where the form of the verdict is imprecise or contains superfluous language the verdict will not be invalidated if the jury's intention is nonetheless clear or subject to clarification. See Powell v. State, Del.Supr., 7 Terry 551, 86 A.2d 371 (1952). Where the language used by the jury unmistakably expresses a conclusion, defects of form will not serve to invalidate the verdict. Barber v. State, Md.Ct.Spec.App., 295 A.2d 814 (1972). Nor is the trial judge precluded from attempting to resolve technical defects in the jury's verdict. Indeed, it is the duty of the trial judge to do so, so long as he does not usurp the jury's fact-finding function or prevent the intended result. Here the trial judge quickly and alertly resolved the defects.

## III

[4]  The defendant next asserts that the jury's verdict is legally inconsistent to the

---

2. THE PROTHONOTARY: As to Count VII, theft more than $100.

THE FORELADY: Guilty in the first degree.

THE PROTHONOTARY: Guilty of the felony?

THE FORELADY: Yes.

THE PROTHONOTARY: Thank you. Please be seated.

Members of the jury, hearken to the verdicts as the Court has recorded them: Your foreleady says that you find Goldfield Tilden, the Defendant at the bar, guilty of Count I, robbery second degree; guilty of Count II, robbery second degree; guilty of Count III, possession of a deadly weapon during the commission of a felony, guilty of Count IV, possession of a deadly weapon during the commission of a felony, guilty of Count V, possession of a deadly weapon by a person prohibited; Count VI, possession of a destructive weapon; Count VII, theft felony—

THE COURT: Well.

THE PROTHONOTARY: Guilty, Count VIII, guilty of possession of a deadly weapon during the commission of a felony; Count IX, guilty of possession of a deadly weapon by a person prohibited; Count X, guilty of possession of a destructive weapon. So say you all?

(The jury affirmed.)

---

extent it found him guilty of two counts of robbery second degree while at the same time returning verdicts of guilty as to the companion charges of possession of a deadly weapon during the commission of a felony of robbery. He argues that under Delaware law, robbery in the second degree is elevated to robbery in the first degree if the additional element of possession of a deadly weapon is charged, as it was here.[3] By its findings of guilty, the argument runs, on the lesser charges of robbery second degree, the jury implicitly rejected the State's evidence concerning the weapon element, the same evidence which forms the basis for the related weapons charges. Accordingly, in the defendant's view, the weapons verdicts must be declared fatally inconsistent with the robbery second degree findings.

The State concedes that the weapons and robbery second degree verdicts are inconsistent, but urges that this result be viewed as an exercise in jury lenity. The trial judge adopted this rationale in denying postconviction relief although the ruling

---

3. The robbery and weapons charges were indicted as follows:

### COUNT I. A FELONY

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

GOLDFIELD TILDEN, on or about the 16th day of December, 1983, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Patricia Newton by attempt to compel the said Patricia Newton during the property consisting of Fifty-Six Dollars ($56.00) in United States Currency, and when in the course of the commission of the crime, he displayed what appeared to be a deadly weapon, to wit: a sawed-off shotgun.

### COUNT II. A FELONY

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

GOLDFIELD TILDEN, on or about the 16th day of December, 1983, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Basll Constantine with intent to compel the said Basil Constantine to deliver up property consisting of Thirty-Eight Dollars ($38.00) in United States Currency and a credit

---

appears to be at variance with the holding of this Court in Johnson v. State, Del. Supr., 409 A.2d 1043 (1979) (per curiam).

In Johnson, this Court reversed a conviction of conspiracy in the second degree because the jury had found the defendant not guilty of burglary in the third degree—the overt act alleged in the conspiracy charge. The Court also refused to sustain the conspiracy charge on the ground that the overt act might have been committed by an unnamed coconspirator since no such allegation was contained in the indictment. Although the Court did not label the verdicts as inconsistent, it invalidated the conspiracy conviction because the burglary acquittal was a failure by the State "to prove * * * the overt act necessary to the conspiracy charge...." Id. at 1044. In Johnson this Court did not examine the evidence presented at trial to determine if the verdicts, though inconsistent, were separately sustainable but accepted the jury's acquittal as preclusive on the issue of failure of proof.

---

card, and when in the course of the commission of the crime, he displayed what appeared to be a deadly weapon, to wit: a sawed-off shotgun.

#N-84-01-1770

### COUNT III. A FELONY

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11 Section 1447 of the Delaware Code of 1974, as amended.

GOLDFIELD TILDEN, on or about the 16th day of December, 1983, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing a sawed-off shotgun, a deadly weapon, during the commission of Robbery First Degree, as set forth in Count I of this Indictment, incorporated herein by reference.

#N-84-01-1771

### COUNT IV. A FELONY

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

GOLDFIELD TILDEN, on or about the 16th day of December, 1983, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony, by possessing a sawed-off shotgun, a deadly weapon, during the commission of Robbery First Degree, as set forth in Count II of this Indictment, incorporated herein by reference.

Verdicts alleged to be inconsistent have been upheld in later decisions by this Court where there was a basis for imputing the predicate element to an accomplice, *Stewart v. State*, Del.Supr., 437 A.2d 153 (1981) or where the predicate act. was established in alternative form, *Hindt v. State*, Del. Supr., 421 A.2d 1325 (1980). The present case, however, requires that we face directly the question of whether a jury's verdict directed to separate counts of the indictment must be consistent with each other.

Inconsistent verdicts may take the form of acquittal of a predicate offense but conviction of a compound offense; or conviction of a lesser included offense which implicitly results in an acquittal of a more serious offense the aggravating element of which is required for the conviction of a related compound offense. In *Johnson*, it was concluded that a conviction of the compound offense could not stand in the absence of the establishment of the predicate felony which was an essential element.[4] Here, the aggravating element, the possession of a deadly weapon, was determined to be lacking in the robbery charge but since the offense of robbery second degree qualified as a predicate felony under 11 *Del.C.* § 1447(b), the jury's verdict is inconsistent only to the extent it determined the presence of a deadly weapon in the same incident.

The rationale underlying the principle of verdict consistency is that the convictions must be logically responsive to integrated counts in a multicount indictment. But this is not the prevailing view. IV *Wharton's Criminal Procedure* § 574 (12th ed. 1976). If the inconsistency can be explained in terms of jury lenity, the convictions may stand. *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *United States v. Uzzolino*, 3d Cir., 651 F.2d 207, *cert. denied*, 454 U.S. 865, 102 S.Ct. 327, 70 L.Ed.2d 166 (1981). In *United States v. Powell*, the U.S. Supreme Court, in the exercise of its supervisory

authority over the federal criminal process, reaffirmed the rule established in *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), which insulated jury verdicts from judicial review on the basis of inconsistency.

In *United States v. Powell*, the defendant had been acquitted of the predicate felonies involving the distribution or conspiracy to distribute illegal drugs but convicted of the compounded charge of telephone facilitation of such felonies. Although it assumed that the Government was required to prove the predicate felony as an element of the facilitating offense the Court nonetheless upheld the concededly inconsistent jury verdicts:

The rule that the defendant may not upset such a verdict embodies a prudent acknowledgment of a number of factors. First, as the above quote suggests, inconsistent verdicts—even verdicts that acquit on a predicate offense while convicting on the compound offense—should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error, the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause. *See Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); *Kepner v. United States*, 195 U.S. 100, 130, 133, 24 S.Ct. 797, 804, 805, 49 L.Ed. 114 (1904); *United States v. Powell*, 469 U.S. 57, 105 S.Ct. at 477 [83 L.Ed.2d 461].

4. The overt act alleged in a conspiracy charge need not, itself, be a separately charged offense.

## HARRIS v. NEW CASTLE COUNTY
Cite as, Del.Supr., 513 A.2d 1307 (1986)   Del.   1307

We believe the rule of jury lenity finds proper application in cases of verdict inconsistency in this State. Moreover, as the Court noted in *United States v. Powell*, "a criminal defendant is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence by the trial and appellate courts." *Id* 105 S.Ct. at 478.

Here the trial judge examined the evidence posttrial and concluded that it was sufficient to establish the basis for convictions under both weapons charges. We likewise are satisfied that the State presented sufficient evidence through the testimony of the robbery victims, coupled with the seizure of the sawed-off shotgun, which viewed in a light most favorable to the prosecution established that a rational fact finder could have found the defendant guilty beyond a reasonable doubt as to the weapons charge. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

[5] The State requests that we overrule our holding in *Johnson* as contrary to the clear weight of authority upholding inconsistent verdicts. We note, however, that there is no indication that the principle of jury lenity was considered by the Court in *Johnson*; the State instead sought to uphold the verdicts as consistent on the basis of accomplice liability. Moreover, the Court did not evaluate the evidence under the standard of *Jackson*, but accepted the jury's verdict as preclusive on the question of sufficiency of the evidence on the burglary charge. While we decline to expressly overrule *Johnson*, we hold that the controlling standard for testing a claim of inconsistent verdicts is the rule of jury lenity now approved coupled with the sufficiency of evidence standard.

Defendant's convictions, although based on inconsistent verdicts, are supported by sufficient evidence and are accordingly AFFIRMED.

Charles HARRIS and Antrina Harris, Plaintiffs-Appellants,

v.

NEW CASTLE COUNTY, Defendant-Appellee.

Supreme Court of Delaware.

Submitted: Oct. 1, 1985.

Decided: Aug. 1, 1986.

County police officer who was injured in automobile accident in course of his employment brought declaratory judgment action seeking decree prohibiting county from imposing workman's compensation lien upon sums recovered under county's uninsured's motorist coverage. The Superior Court, Newcastle County, granted judgment for county, and officer appealed. The Supreme Court held that county could impose workman's compensation statutory lien upon sums recovered by county police officer under county's uninsured motorist coverage.

Affirmed.

1. Workers' Compensation ⚖2251

Employer's statutory right of reimbursement for compensation benefits paid injured employee extends to employee's recovery in third-party tort suit of uninsured motorist coverage benefits under policy maintained by his employer, disagreeing with *Knight v. Insurance Co. of North America*, 647 F.2d 127 (10th Cir.); *Merchants Mut. Ins. v. Orthopedic Professional*, 124 N.H. 648, 480 A.2d 840; *Janzen v. Land O' Lakes Inc.*, 278 N.W.2d 67 (Minn.); *Horne v. Superior Life Insurance Company*, 203 Va. 282, 123 S.E.2d 401; and *Rhodes v. Automobile Ignition Co.*, 218 Pa.Super 281, 275 A.2d 846. 19 Del.C. § 2363(e).

2. Workers' Compensation ⚖2252

County could impose workman's compensation statutory lien upon sums recov-

In The SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Dammeyin A. Johnson
        Pro'se Defendant,

    vs.

STATE OF DELAWARE.

C.R. ACTION# IN-96-11-1141
        IN 97101615

## NOTICE OF AMENDMENT

To: Prothonotarys
New Castle County
SUPERIOR CourtHouse
500 N. King St. Lower Level 1
Wilmington, DE. 19801-3725

    DEFENDANT Dammeyin A. Johnson, submitts
the ENCLOSED AMENDMENT," FOR the MOTION FiLED
on March 28 th, 2005, in THis Honorable Court.

Respectfully Submitted
Dammeyin A. Johnson
#306875
Dammeyin A. Johnson
1181 Paddock Road
D.C.C., Smyrna, DE.
    19977

April 18, 2005

70

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE County

Dammeyin A. Johnson
    Pro'se Defendant,

      vs.

STATE OF Delaware,

CR. Action # IN-96-11-1141
IN 97101615

AMENDMENT TO MOTION
FOR CORRECTION OF SENTENCE

Defendant, Dammeyin A. Johnson FILED a motion for Correction of Sentence, pursuant to Superior Court Criminal Rule 35 (a).

1. The basis of the motion was that the Jury CONVICTED Defendant of a Lessor included offense of Unlawful Sexual Intercourse in the Third degree, which is a class c, felony; with a sentencing range of 0-5 years.

2. At sentencing the Trial Court imposed a Ten year Level V, sentence on the offense of Unlawful Sexual Intercourse in the Second degree", Contrary to the Jury verdict.

3. Defense Counsel never raised these issues on Direct Appeal, despite the Trial-sentencing Court records Confirm the above assertion(s)

4. Defendant humbly submit the Following Issue(s) and Argument(s), in Support of the Rule 35(a) and that of the Relief Sought.

1.

_Issue's And Arguments_

5. In _Brown vs. Ohio 432 u.s. 161 (1977)_ the United States Supreme Court said; where a person has been tried and convicted for a crime which has various incidents included in it (greater and Lessor included) offenses" He cannot be tried a second time for one of those incident regards of the sequence, without being twice put in Jeopardy.

6. In _STATE OF Illinois us. John M. Vitale_, 447 u.s. 410 (1980) the Court said the double Jeopardy Clause protects against a second prosecution for the same offense, after Conviction. The court reasoned that for purposes of the double Jeopardy clause, the greater offense is by definition the same as the Lessor offense, included within it!

7. As in Defendants case, the elements of the Lessor included offense of Unlawful Sexual Intercourse in the third-degree required no proof beyond that which was necessary for a conviction of the greater offense!

8. In _Garrett us. United States 471 u.s. 773 (1985)_ The Court repeated the same holdings - held herein "Prohibiting double jeopardy and; from trying a Defendant for a greater offense" after it has convicted him on a Lessor included offense.

9. Defendant herein has demonstrated a clear unequivocal showing via Transcripts of the imposition of an Illegal Sentence; And abuse of the Trial Courts broad discretion; SEE: _Howell vs. State of Delaware 421 A.2d 892_ The Court ruled it would not disturb a sentence in the absence of such a clean showing

10. Additionally, the imposition of the Conviction/Sentence Constituted "Plain error" because Defendants Fundamental rights to a Fair trial And Due Process where violated, SEE: NEXT PAGE

2.

WainWright vs. State of Del, 564 A.2d. 1096 AND Bromwell vs. State, 427 A.2d 884

11.    Compounding the errors mentioned above, Defendant was never afforded a full judicial hearing and the relevant protections due process is suppose to guarantee. Instead At sentencing, the Court imposed a ten year sentence on a conviction, not rendered by the Jury; SEE: United States ex; Rel, Gerchman vs. Maroney 355 F. 2d. 302, Oyler vs. Boles, 368 U.S. 448 AND Chandler vs. Fretag 348 U.S. 3

The United States Supreme Court has Long held that any sentence based on extensive and materially incorrect information, is violative of the Due Process Clause.

12. In conclusion the imposition of the Unlawful Sexual intercourse in The second degree, contrary to the Juries verdict contradicted the governing Laws of the Delaware Code's, Due process and precedents Lais down by the Courts; SEE: Williams vs. Taylor 529 U.S. 362 (2003) and Bell vs. Core, 535 U.S. 685 (2002)

3.

13

## CERTIFICATE OF SERVICE

I, Dammeyin A. Johnson, hereby certify that I haved served a true and correct cop(ies) of the attached; NOTICE OF AMENDMENT, upon the following parties:

(1) Hon, James T. Vaughn jr
PRESIDENT Judge
New Castle County
Superior CourtHouse
500 N. King St.
Wilm. DE. 19801-3725

(3) Mr. Timothy J. Donovan, jr
Deputy Attorney General
Department of Justice
820 N. French Street, State
Carvel Building
Wilmington, Delaware
19801

(2) Hon. William C. Carpenter jr.
Judges Chambers
New Castle County
Superior Courthouse
500 N. King St. Suite 10400
Wilm, De 19801-3733

By placing same in a sealed stamped envelope depositing in the United States mail bag" at the Delaware Correctional Center, Smyrna DE, 19977

On this 18th, day of April 2005

Dammeyin A. Johnson
Signature off Defendant
Dammeyin A. Johnson
1181 Padelock Road, D.C.C;
Smyrna, DE. 19977

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

April 27, 2005

Dammeyin Johnson - SBI 306875
Delaware Correctional Center
Smyrna, DE 19977

RE:   State v. Dammeyin Johnson
      ID No. 9709009665

Dear Mr. Johnson:

Your motion for correction of illegal sentence received by the
Prothonotary's Office on March 31, 2005 as well as your letter requesting
counsel regarding that motion received by the Prothonotary on April 7, 2005
have been referred to me for a decision. Based upon my review of the case
file regarding this matter, both motions will be denied.

First, as to your motion for correction of illegal sentence, your
principal argument is that the Court has incorrectly sentenced you on an
offense of unlawful intercourse second degree when you were actually
found guilty by the jury of unlawful intercourse third degree. The verdict
sheet provided to the jury, the transcript of the Court's reading of the jury
instructions to them as well as the docket in this matter all reflect that the
only lesser included offense to which the jury had an option regarding the
original charge of unlawful sexual intercourse first degree was the offense
of unlawful sexual intercourse second degree. At no time was the third
degree statute read to them or provided as an option. I can only surmise that
the transcript that you have attached to your motion had an error or the clerk
who took the verdict misstated the lesser included offense.

However, it is clear in all subsequent papers filed by your counsel as well as the sentence order that you were convicted of unlawful sexual intercourse in the second degree and were sentenced for that offense. As such, you are not serving an illegal sentence and the sentencing order previously imposed by this Court is legal and appropriate.

Since I have found that your motion has no merit, I also see no reason that counsel should be appointed.

As a result, your motions are hereby denied. I would note that I also wrote to you on February 23, 2004 again reflecting the fact that you were appropriately sentenced consistent with the jury's verdict. Continuing to file motions on this same issue will not change the Court's position.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Dammeyin A. Johnson
    Pro'se Petitioner.,
      vs.
STATE OF DELAWARE,
    Respondent.

SUPREME Ct. # _____ ,
I.D. # 9709009665
CR. Action # IN 96-11-1141
    IN 97101615

## NOTICE OF MOTION
### For AN ORDER AND Relief

    Dammeyin A. Johnson Pro'se Petitioner submits this motion pursuant to Supreme Court rule 30(a), humbly requesting an ORDER For Relief! On April 27th, 2005 the Superior Court in New Castle County, denied Petitioners Motion For Correction of an illegal Sentence; Exhibit __A__.      STATEMENT OF FACTS:

(1)    On __11-22-97__ Petitioner/Defendant was arrested and charged with a number of criminal offenses. On September 16, 1998 Petitioner was found guilty by a jury and (1) verdict in particular is the basis of this motion; which Petitioner will confine the issues and arguments too.

(2)    The offense of Unlawful Sexual Intercourse in the First degree (IN 97101615), the trial Court gave an instruction on a lesser included offense of Second degree; Exhibit __B__. The Jury returned a guilty verdict on the lesser included offense of Unlawful Sexual Intercourse in the third degree and not second, Exhibit __C__. The verdict was Re-read and the Judge thanked them, Exhibit __D__.

(3)    At sentencing on __1-8-99__, the Judge imposed a __10__ year sentence on Petitioner for the offense of Unlawful Sexual Intercourse in the Second degree, Exhibit __E__.

### ISSUE(S)

(A) Can a Judge at sentencing substitute a Juries verdict and impose a Legal sentence on that verdict; in the absence of Due Process?

(B) Do a Jury have authority to convict of a lesser included offense when the elements of that offense is included in the greater offense?

1.

## Arguments

(4)   Subsequent to the guilty verdicts being read the Trial Court had the option to address the issue of the third degree verdict and, to clarify the instructions on the Lesser included offense of Second degree . . . . . . . . . . . the record is silent as the Court having questioned the verdict

(5)   According to Title 11 § 773 of the Del. Code, Unlawful Sexual intercourse in the Third degree, is a Lesser included offense of Second degree. The Juries verdict to the Lesser included offense of third degree, was within their powers to render and Consistant with Criminal Rule 31(a) And (c).

(6)   In Further support is <u>Tilden vs. State</u> 513 A.2d 1302(1986) this Honorable Court ruled; inconsistant verdicts is rule of Jury Lenity, coupled with sufficiency of evidence standard, SEE: <u>Johnson vs. State</u>  409 A.2d 1043.

(7)   The Fact the Court gave an instruction on a Lesser included offense implies a reasonable jury would have found the evidence Lacking to convict of the substantial offense. At any rate Title 11 § 206 (a) (1) (b) (1) (3) clearly states that a Defendant cannot be Convicted of more than one offense, after having been Convicted of a Lesser included offense.

(8)   Title 11 § 207 (1) (3) also bars a subsequent prosecution for an offense based on the same Facts, of the Former prosecution, SEE: <u>State vs. Esham</u> 321 A.2d 512 (1974) And, <u>State vs. Hamilton</u>, Del. Super., 318 A.2d 624 (1974)

(9)   In the case of <u>Reader vs. State</u> Del. Supr. Ct. 349 A.2d 745 (1975) the Court ruled the State may not split up and seperately prosecute distincts parts of the same offense, which is what occurried in Petitioners case

(10)   The three prong test established in <u>State vs. Willis</u>, Del. Super. Ct. 673 A.2d 1233 (1995) clearly prohibits the prosecution of Petitioner, for the greater offense, once the Jury convicted of the Lesser included offense of third degree.

(11)   In the case of <u>Brown vs. Ohio</u> 432 U.S. 161 (1977) the court held; where a person has been convicted for a crime which has various incidents included in it (greater + Lesser included) offenses; one cannot be tried a second time without being put in Jeopardy.

## Summary of Arguments

(12)   Petitioner has demonstrated unequivocally a clear showing "via Court transcripts" the imposition of an illegal sentence and abuse of the trial Courts broad discretion; warrenting relief! SEE: Howell vs. State Del. Supr. 421 A.2d 892

(13)   The offense of Unlawful Sexual Intercourse in the third degree, the court substituted that verdict of Juries with (second degree) and that of the imposition of a 10 year Sentence; was in gross violation-contradiction of the governing Laws the 14th., amendment, the Constitutional and the Precedents laid down by the Courts., SEE: Bell vs. Core 535 U.S. 685 (2002) And Williams vs. Taylor., 529 U.S. 362 (2003).

(14)   Under double Jeopardy principles, conviction on a lesser included offense, bars a subsequent prosecution on a greater offense; SEE; Illinois vs. VITALE 100 S.Ct. 2260, 65 L.Ed.2d. 228, 447 U.S. 410.

(15)   The narrow Function of rule 35 (a) is to permit the Correction of an illegal Sentence, not to re-examine trial errors and despite the record confirming the sentencing being imposed in violation of the Law, the Trial Court declines to Correct it!

## Relief Sought

(16)   That Petitioner is re-sentenced in accordance with 11 Del. Code § 4204 for the offense -verdict rendered by the Jury. Unlawful Sexual Intercourse in the third degree is a class C- Felony that carnies 0-5 years! Alternatively whatever other relief the Court deems just and Proper.

Respectfully Submitted
Dammeyn A. Johnson
Dammeyn A. Johnson
1181 Paddock Road
D.C.C., Smyrna, DE.
19977

May 5, 2005

3

79

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Dammeyin A. Johnson
Pro'se Petitioner,
vs.
STATE OF DELAWARE
Respondent.

Supreme Ct. # ____,
I.D. #9709009665
Crim. Action # IN 96-11-1141,
IN 97101615

## Proposed Order

That the 10 year sentence for UnLawFuL Sexual Intercourse in the second degree be forth-with vacated, on double jeopardy grounds and Due process violations.

Petitioner humbly request the Court to restore the guilty verdict" to that rendered by the Jury on September 16, 1998, which was UnLawFuL Sexual Intercourse in the Third degree, a class C-Felony that carries 0-5 years.

Alternatively Petitioner would settle for the sentence to be adjusted, as to conform with the T.I.S., guild Lines of 0-5 years for U.S.I., in the Third degree.

In The interest of Justice Petitioner implore this Honorable Court, to implement what portion of this proposed ORDER, deemed Just and Appropriate.

Date: May 5, 2005

Respectfully Submitted,
Dammeyin A. Johnson
DAMMEYIN A. Johnson
1181 Paddock Road
D.C.C., Smyrna DE.
19977

80

## CERTIFICATE OF SERVICE

I, Dammeyin A. Johnson Pro'se, hereby certify that I have served a true and correct cop(ies) of the attached; MOTION FOR RULE 30(A) RELIEF, upon the following parties:

*) Mr. Timothy d. Donovan Jr
Deputy Attorney General
Department of Justice
820 North French Street
State Carvel Building
Wilmington, DE. 19801

By placing same in a sealed envelope, depositing same in the United States mail, at the Delaware Correctional Center, Smyrna DE. 19977.

Postage paid by Defendant;

On this 5th day of March 2005.

Dammeyin A. Johnson
Signature of Defendant
1181 Paddock Road
D.C.C., Smyrna DE.
19977

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

April 27, 2005

Dammeyin Johnson - SBI 306875
Delaware Correctional Center
Smyrna, DE 19977

      RE:  State v. Dammeyin Johnson
           ID No. 9709009665

Dear Mr. Johnson:

     Your motion for correction of illegal sentence received by the Prothonotary's Office on March 31, 2005 as well as your letter requesting counsel regarding that motion received by the Prothonotary on April 7, 2005 have been referred to me for a decision. Based upon my review of the case file regarding this matter, both motions will be denied.

     First, as to your motion for correction of illegal sentence, your principal argument is that the Court has incorrectly sentenced you on an offense of unlawful intercourse second degree when you were actually found guilty by the jury of unlawful intercourse third degree. The verdict sheet provided to the jury, the transcript of the Court's reading of the jury instructions to them as well as the docket in this matter all reflect that the only lesser included offense to which the jury had an option regarding the original charge of unlawful sexual intercourse first degree was the offense of unlawful sexual intercourse second degree. At no time was the third degree statute read to them or provided as an option. I can only surmise that the transcript that you have attached to your motion had an error or the clerk who took the verdict misstated the lesser included offense.

A

However, it is clear in all subsequent papers filed by your counsel as well as the sentence order that you were convicted of unlawful sexual intercourse in the second degree and were sentenced for that offense. As such, you are not serving an illegal sentence and the sentencing order previously imposed by this Court is legal and appropriate.

Since I have found that your motion has no merit, I also see no reason that counsel should be appointed.

As a result, your motions are hereby denied. I would note that I also wrote to you on February 23, 2004 again reflecting the fact that you were appropriately sentenced consistent with the jury's verdict. Continuing to file motions on this same issue will not change the Court's position.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

8

1    sexual intercourse in the first degree.

2         Now, after considering the evidence, you

3    find the State has failed to establish beyond a

4    reasonable doubt the charge of unlawful sexual

5    intercourse in the first degree, you should find the

6    defendant not guilty of that charge and **then consider**

7    **whether the lesser included offense of unlawful**

8    **intercourse in the second degree has been**

9    **established.**

10         In order to find the defendant guilty of

11   unlawful sexual intercourse in the second degree, you

12   must find beyond a reasonable doubt:

13         One, the defendant had sexual intercourse

14   with the complaining witness.  I defined sexual

15   intercourse for you.

16         Two, the intercourse occurred without the

17   complaining witness' consent.  Without consent has

18   been explained to you.

19         Three, the defendant was not the

20   complaining witness' voluntary social companion on

21   the occasion of the crime.  And I've defined

22   voluntary social companion for you.

23         And four, the defendant acted

4

1                (Forelady complies.)

2            THE PROTHONOTARY:  Has the jury agreed upon

3    their verdicts?

4            THE FORELADY:  Yes.

5            THE PROTHONOTARY:  How does the jury find the

6    defendant at the bar as to the charge of Unlawful

7    Intercourse in the First Degree; guilty or not

8    guilty?

9            THE FORELADY:  Not guilty.

10           THE PROTHONOTARY:  As to the lesser-included

11   offense of Unlawful Intercourse in the Third Degree;

12   guilty or not guilty?

13           THE FORELADY:  Guilty.

14           THE PROTHONOTARY:  As to the offense of

15   Kidnapping in the First Degree; guilty or not guilty?

16           THE FORELADY:  Not guilty.

17           THE PROTHONOTARY:  As to the lesser-included

18   offense of Unlawful Imprisonment in the Second Degree;

19   guilty or not guilty?

20           THE FORELADY:  Guilty.

21           THE PROTHONOTARY:  As to the offense of

22   Unlawful Sexual Contact in the Third Degree; guilty or

23   not guilty?

Exhibit - C

1           THE FORELADY:  Guilty.

2           THE PROTHONOTARY:  As to the offense of

3    Assault in the Third Degree; guilty or not guilty?

4           THE FORELADY:  Guilty.

5           THE PROTHONOTARY:  As to the offense of

6    Aggravated Act of Intimidation that allegedly occurred

7    on September 4th; guilty or not guilty?

8           THE FORELADY:  Guilty.

9           THE PROTHONOTARY:  As to the offense of

10   Aggravated Act of Intimidation that allegedly occurred

11   on September 8th; guilty or not guilty?

12          THE FORELADY:  Guilty.

13          THE PROTHONOTARY:  As to the offense of

14   Theft; guilty or not guilty?

15          THE FORELADY:  Not guilty.

16          THE PROTHONOTARY:  Madam Forelady, please be

17   seated.

18          (Forelady complies.)

19          THE PROTHONOTARY:  Members of the Jury,

20   hearken to the verdict as the Court has recorded it,

21   your Foreperson says that you find the defendant at

22   the bar, Dammeyin Johnson, not guilty of Unlawful

23   Intercourse First Degree; guilty of Unlawful

Exhibit - D

(86)

6

```
 1    Intercourse in the Third Degree; not guilty of
 2    Kidnapping in the First Degree; guilty as to Unlawful
 3    Imprisonment in the Second Degree; guilty to Unlawful
 4    Sexual Contact in the Third Degree; guilty as to
 5    Assault in the Third Degree; guilty as to Aggravated
 6    Act of Intimidation that allegedly occurred on
 7    September 4th, 1997; guilty as to Aggravated Act of
 8    Intimidation that allegedly occurred on September 8th,
 9    1997; not guilty as to Theft.
10            So say you all?
11            THE JURORS:  Yes.
12            THE PROTHONOTARY:  Your Honor.
13            THE COURT:  Ladies and Gentlemen of the Jury,
14    a quick glance at some of the paperwork tells me that
15    this must not have been a particularly pleasant
16    experience for you.  But I want to assure you on
17    behalf of Judge Carpenter and everyone else involved
18    in this trial that we very much appreciate the fact
19    that you answered the call for jury duty, took time
20    out of your busy lives in order to do what was an
21    unpleasant task.  You've rendered a verdict.  I can't
22    comment on that, other than to say that it's a good
23    thing that you reached a verdict.  We do very much
```

Exhibit - D - continue



1  appreciate all the work that you have done.  We thank

2  you.

3           You're excused.

4           (Jury excused.)

5           THE COURT:  On Judge Carpenter's behalf, I

6  will order a presentence investigation.

7           Is there anything else?

8  *prosecuter* →  MR. MILLER:  I have a motion to revoke bail.

9  There's a mandatory minimum period of incarceration on

10 Unlawful Intercourse in the Third Degree of ten years.

11          THE COURT:  I do not think there's anything

12 you could say at this point, Mr. Radulski, that would

13 make Mr. Miller's motion out of order.

14          It's granted.

15          MR. MILLER:  Thank you, your Honor.

16          THE COURT:  Anything else?

17          MR. RADULSKI:  No, your Honor.

18          MR. MILLER:  No, your Honor.

19          THE COURT:  Very well.

20          We will stand in recess.

21                  ------

22          (Proceedings concluded at 2:45 p.m.)

23                  ------

*Exhibit -D- continue*