yourself. Every time we try to do something to help you, you resist it. So you're going to sit in jail for a while, and perhaps maybe sitting in jail for a while will maybe make some difference.

In regards to 97-10-16 -- think it's 1615, I believe, unlawful sexual intercourse in the second degree, the effective date is January 9th, 1998. The defendant shall -- costs of prosecution is imposed, but suspended, defendant is placed in the custody of the Department of Correction for a period of ten years at Level 5.

In regards to 97-10-1619, aggravated intimidation, the defendant is placed in the custody of the Department of Correction for a period of two years at Level 5.

In regards to 97-10-1622, aggravated intimidation, the defendant is placed in the custody of the Department of Correction for a period of two years at Level 5, suspended for one year of Level 4, halfway house. Defendant is to be held at Level 5 until Level 4 is available.

In regards to 97-10-1617, unlawful sexual contact second, the defendant is placed in the

05-817

Exh.2614 -E


RECEIVED NOV 30 2005 U.S. DISTRICT COURT



SUPREME COURT OF DELAWARE

CATHY L. HOWARD
Clerk

AUDREY F. BACINO
Assistant Clerk
DEBORAH L. WEBB
Chief Deputy Clerk
LISA A. SEMANS
Senior Court Clerk
DEBRA J. ZATLOKOVICZ
Senior Court Clerk

#3

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

May 6, 2005

Mr. Dammeyin A. Johnson
SBI #00306875
Delaware Correctional Center
RD 1, Box 500
Smyrna, DE 19977

RE: ***Dammeyin A. Johnson v. State,*** No. 190, 2005

Dear Mr. Johnson:

The Court is in receipt of your document entitled "Notice of Motion for an Order and Relief" received May 6, 2005, in the above captioned matter. The Court deemed this document as your notice of appeal from the Superior Court's April 27, 2005 Order. However, your document appears to also raise issues on appeal, which may be construed as an opening brief. If you also wish this document to be deemed as your opening brief, please advise this Court by **May 20, 2005.** If you do not advise this office regarding this document by May 20 a brief schedule will issue.

Very truly yours,

/eas

cc: Loren C. Meyers, Esquire
(with copy of Mr. Johnson's document)

(90)

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
Clerk

AUDREY F. BACINO
Assistant Clerk
DEBORAH L. WEBB
Chief Deputy Clerk
LISA A. SEMANS
Senior Court Clerk
DEBRA J. ZATLOKOVICZ
Senior Court Clerk

May 6, 2005

#2

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Sharon Agnew
Prothonotary
Superior Court
New Castle County Courthouse
Wilmington, DE 19801

RE: ***Dammeyin A. Johnson v. State,*** No. 190, 2005
(Cr.ID No. 9709009665)

Dear Ms. Agnew:

A notice of appeal in the above captioned matter was filed in this Court on May 6, 2005.

Pursuant to Supreme Court Rule 9(b)(ii), the record must be filed with this office no later than **May 31, 2005**. If the record is not filed by the above date, you must seek an extension from the Court and state the reasons for the delay in the transmittal of the record. Any such request for an extension must be specific as to the day the record will be filed.

If you have any questions, please contact me at your convenience.

Very truly yours,

[signature]

/eas

cc: Mr. Dammeyin A. Johnson
Loren C. Meyers, Esquire

(91)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

190 , 2005

| | |
|---|---|
| PRO SE<br>(DCC - #00306875) | DAMMEYIN A. JOHNSON,<br>Defendant Below,<br>Appellant,<br>v. |
| L. C. MEYERS | STATE OF DELAWARE,<br>Plaintiff Below,<br>Appellee. |

DF $ 00.00

2005

| | | |
|---|---|---|
| 1 | May 06 | Notice of appeal from the order dated 4/27/05, in the Superior Court, in and for New Castle County, by Judge Carpenter, in Cr.ID No. 9709009665, with no designation of transcript. (no service shown-copy sent) (eas) |
| 2 | May 06 | Letter dated 5/6/05 from Senior Court Clerk to Prothonotary, record is due to be filed by 5/31/05. (eas) |
| 3 | May 06 | Letter dated 5/6/05 from Senior Court Clerk to appellant, directing him to advise this Court as to whether he want's his document entitled "Notice of Motion for an Order and Relief" to be deemed his opening brief by 5/20/05. (eas) |

(92)

#00306875
Dammeyin A. Johnson
1181 Paddock Road, D.C.C.,
Smyrna, DE. 19977

No. 190, 2005
Cr. I. D. #9709009665

May 12, 2005

Ms. Lisa A. Semans
Senior Court Clerk
Delaware Supreme Court
P.O. Box 476, Dover DE.
19903

Dear Ms. Semans,

In response to your May 6, 2005 correspondence I'm writing to clarify the previous filed motion. I humbly implore - appreciate that the motion in question, be accepted and treated in accordance to, with Supreme Court rule 30! I've also enclosed a copy of Rule 30 for further clarity. As for the exhibits attached to the motion, it's to substantiate the assertions and support the order and relief sought.

I understand that an appeal is an option but I've elected to proceed by way of a Rule 30 motion, to hopefully avoid burdening the Honorable Court with a lengthy appeal, and to secure an expendient relief!

I thank the Court in advance for its anticipated cooperation.

Respectfully Submitted
Dammeyin A. Johnson
Pro'se Petitioner
1181 Paddock Road
D.C.C., Smyrna DE.
19977

93



**Rule 30. Motions.**

(a) *Form; contents.* An application for an order or other relief shall be made by filing a motion for such order or relief with proof of service on all other parties. The motion shall state the order and relief sought, shall state with particularity the grounds on which it is based, shall cite relevant authorities in support thereof and shall be accompanied by a proposed order. The statement of the grounds for the order or relief and the citation to the authorities in support of the motion shall not be greater than 4 pages in length including the caption of the case and signature of counsel.

(b) *Response; reply.* A party who opposes a motion shall file within 10 days after the service of the motion an answer thereto stating with particularity the grounds on which the motion is opposed and shall cite relevant authorities. Within 7 days after service of an answer to the motion, the moving party may file a reply to the answer. No answer or reply to the answer shall exceed 4 pages in length including the caption of the case and the signature of counsel.

(c) *Determination of motions.* Motions shall be decided without oral argument unless otherwise permitted. If an answer to a motion is required and is not filed within the time allowed by these Rules, a non-responding party shall be deemed to have consented to the relief sought by movant.

(d) *Motion to dismiss an appeal.* A motion to dismiss an appeal on jurisdictional grounds may be filed at any time. A motion to dismiss an appeal on any other ground shall be filed within 10 days after the filing of appellant's brief or within 10 days after the act or omission claimed to be the basis for dismissal.

(e) *Motions not to delay the progress of the appeal.* Unless the Court shall otherwise order, and subject to Rule 25(a), the filing and disposition of a motion shall not stay, alter or extend the time for the filing of briefs pursuant to Rule 15.

(f) *Motions for relief under Rules 14, 15, or 34.* With respect to motions seeking relief from the provisions of Rule 14 or Rule 15 or motions under Rule 34, the Court, in its discretion, may act upon said motions without awaiting an answer or reply, notwithstanding paragraph (b) of this Rule. (Amended, effective Jan. 1, 1980; Mar. 1, 1983; Oct. 1, 1987; May 18, 1989; July 11, 1989; Jan. 1, 1995; Oct. 9, 1998.)

COMMITTEE COMMENT

Reference: Former Rule 19. This rule is substantially changed from former Rule 19. It is designed to abbreviate motion practice, expedite proceedings, eliminate oral argument and require brief memoranda. It applies to all motions including but not limited to motions to dismiss an appeal. However, under paragraph (d) of Rule 30, motions to dismiss an appeal must be filed within a specific time period. Moreover, unless the Court shall otherwise order, the process of deciding a motion shall not delay the filing of briefs. Accordingly, an appellee who wishes to move to dismiss an appeal may expedite the procedures and have an early determination of that motion, but the processing of the motion will not delay his time for filing his brief unless he obtains specific relief from the Court. This would be a departure from former Rule 19(2)(a).

---

**Cross references.** — As to stay of execution on writ of error or certiorari, see § 4502 of Title 11.

**Effect of amendments.** — The 1987 amendment, effective Oct. 1, 1987, added paragraph (f).

The first 1989 amendment, effective May 18, 1989, rewrote the second sentence of (c).

The second 1989 amendment, effective July 11, 1989, inserted "or motions under Rule 34" in (f).

The 1994 amendment, effective Jan. 1, 1995,

(94)

## Certificate of Service

I, Dammeyin A. Johnson, hereby certify that I have served a true and correct cop(ies) of the attached: Motion ~~to~~ Letter to clarify previous filed motion of supreme court rule 30, upon the following parties/person (s):

TO: Ms. Sharon Agnew
Prothonotary office
Superior court - 500 N. King street
Newcastle county courthouse
Wilmington, Delaware 19801

TO:

TO: ms. Loren C. Meyers, esq
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, Delaware 19802

TO:

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 12th day of MAY, 2005

Dammeyin A. Johnson

SUPREME COURT OF DELAWARE (95)

#6

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*

DEBORAH L. WEBB
*Chief Deputy Clerk*

LISA A. SEMANS
*Senior Court Clerk*

SUPREME COURT BUILDING
55 THE GREEN
P.O. BOX 476
DOVER, DE 19903

(302) 739-4155

May 18, 2005

Mr. Dammeyin A. Johnson
SBI # 00306875
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Loren C. Meyers, Esquire
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, Delaware 19801

RE: ***Dammeyin A. Johnson v. State***
No. 190, 2005

Dear Mr. Johnson and Mr. Meyers:

The document filed by Mr. Johnson on May 6, 2005, entitled "Notice of Motion for an Order and Relief" was deemed to be a Notice of Appeal from Judge Carpenter's decision of April 27, 2005. By letter dated May 6, the Senior Court Clerk asked Mr. Johnson if he wished the document to be deemed his opening brief. Mr. Johnson responded, by letter dated May 12, 2005, that he wished the document to be treated as a motion. Because the procedure in this Court is to file a notice of appeal, which is then followed by briefing, Mr. Johnson's document filed on May 6, 2005, is hereby deemed to be his opening brief. A copy of Mr. Johnson's May 12, 2005, letter is hereby enclosed to Mr. Meyers.

Pursuant to Supreme Court Rule 15(a)(i), the appellee's answering brief is due **June 17, 2005**. The appellant's reply brief, if any, is due 15 days after service of appellee's answering brief.

Very truly yours,

Audrey F. Bacino

Enclosure to Loren C. Meyers, Esquire

#00306875
Dammeyin A. Johns.
1181 paddock Road D.C.C
Smyrna, De. 19977

(96)

May 23, 2005

Ms. Lisa A. Semans
Senior court clerk
Delaware supreme court
P.O. Box 476, Dover, De.
19903

RE: Dammeyin A. Johnson v. State
No. 190, 2005

Dear, ms. Semans,

I truly apologize for any imposition resulting from this Filing - notice of Appeal! Unfortunately their has been a gross misunderstanding which I thought was rectified - clarified per your request, I sent clarity on the rule 30 motion may 12, 2005 Filed pursuant to supreme court rule; That rule 30 motion requires the state to respond within 10-days or Failing to do so would result in the court ruling in my Favor. I've researched the supreme court rules and nothing prohibits me from filing an appeal as well. I've also encountered case law that Mandates a petitioner give appellant court a chance to review before proceeding to Federal District court, my worst fear is that if I'm forced to seek Federal review, 2254/2255 I don't want the state to Assert petitioner Failed to file an appeal. Also informing this court of ms. Bacino, assistant clerk response on May 18, 2005, which despite my clarity per your request "she insist on deeming the rule 30 order for relief as an opening Breif of an appeal ?.?"

I humbly request that the rule 30 motion be acknowledged and treated pursuant to Supreme court rule 30. I also would ask and appreciate that my notice of appeal is properly docketed please.

I thank you in advance for your anticipated cooperation.

Respectfull submitted

Dammeyin A. Johnson

(97)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Dammeyin A. Johnson
Pro'se Appellant,
vs.
STATE OF DELAWARE,
Appellee.

Supreme Ct. # ____________
I.D. # 9709009665
CR. Action # IN96-11-1141
IN99101615

NOTICE OF APPEAL

Defendant, Dammeyin A. Johnson in the above named case, Appeals from the ORDER of April 27, 2005 OF the Superior Court; in New Castle County.

This appeal Follows the denial of A Rule 35(a) motion for the Correction of an Illegal Sentence. The sentencing Court imposed a sentence in clear violation OF the Delaware Laws of 11 Del. Code AND that OF the Federal and State Constitutions!

May 23, 2005

Respectfully Submitted,
Dammeyin A. Johnson
Dammeyin A. Johnson
Pro'se Appellant
1181 Paddock Road
D.C.C., Smyrna, DE.
19977



SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

April 27, 2005

Dammeyin Johnson - SBI 306875
Delaware Correctional Center
Smyrna, DE 19977

RE: State v. Dammeyin Johnson
ID No. 9709009665

Dear Mr. Johnson:

Your motion for correction of illegal sentence received by the Prothonotary's Office on March 31, 2005 as well as your letter requesting counsel regarding that motion received by the Prothonotary on April 7, 2005 have been referred to me for a decision. Based upon my review of the case file regarding this matter, both motions will be denied.

First, as to your motion for correction of illegal sentence, your principal argument is that the Court has incorrectly sentenced you on an offense of unlawful intercourse second degree when you were actually found guilty by the jury of unlawful intercourse third degree. The verdict sheet provided to the jury, the transcript of the Court's reading of the jury instructions to them as well as the docket in this matter all reflect that the only lesser included offense to which the jury had an option regarding the original charge of unlawful sexual intercourse first degree was the offense of unlawful sexual intercourse second degree. At no time was the third degree statute read to them or provided as an option. I can only surmise that the transcript that you have attached to your motion had an error or the clerk who took the verdict misstated the lesser included offense.



However, it is clear in all subsequent papers filed by your counsel as well as the sentence order that you were convicted of unlawful sexual intercourse in the second degree and were sentenced for that offense. As such, you are not serving an illegal sentence and the sentencing order previously imposed by this Court is legal and appropriate.

Since I have found that your motion has no merit, I also see no reason that counsel should be appointed.

As a result, your motions are hereby denied. I would note that I also wrote to you on February 23, 2004 again reflecting the fact that you were appropriately sentenced consistent with the jury's verdict. Continuing to file motions on this same issue will not change the Court's position.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

(100)

# Certificate of Service

I, Dammeyin A. Johnson, hereby certify that I have served a true and correct cop(ies) of the attached: Notice of Appeal To Delaware Supreme Court upon the following parties/person (s):

TO: Prothonotarys Office
500 N. King St. Suite 500
Lower Level 1,
Wilmington
Delaware 19801

TO: Mr. Timothy J. Donovan Jr.
Deputy Attorney General
Department of Justice
820 North French Street
Wilmington, DE. 19801

TO: ______________________

TO: ______________________

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, postage to be paid by the Dept. Of Corrections.

On this 23rd day of May, 2005

Dammeyin A. Johnson

# 00306875

(101)

Dammeyin A. Johnson
1181 Paddock Road
D.C.C., Smyrna DE.
19977

Honorable Judge's
Delaware Supreme Court
55 The Green
P.O. Box 476
Dover, DE. 19903

May 31, 2005

Case # No. 190,2005.

RE: Rule 30 motion, State in Default.

Dear Supreme Court Justice's,

On 5-5-05 I filed a Pro'se motion pursuant to Supreme Court Rule 30! On 5-6-05 I recieved a letter from Clerk Lisa A. Semans requesting clarity on the motion and on 5-12-05 clarity was sent. Copies of the motion and correspondences on clarity was sent to Loren Myers Mr. Timothy N. Donovan, Jr. and the Clerks office.

To date Ive not recieved the States response to the motion, which amounts to a default! The Rule 30 motion- language clearly states that failure on aparty responding within the required 10 days; that relief will be granted in favor of the Petitioner.

Sence the filing of the Rule 30 motion, twenty actual working days elapsed. I am now requesting this Honorable Court to please "ORDER" the relief sought in the motion.

Respectfully Submitted

[signature]

Dammeyin A. Johnson
1181 Paddock Road
D.C.C., Smyrna DE.
19977

cc: Mr Loren Myers
Mr Timothy N. Donovan, Jr.

(102)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **DAMMEYIN A. JOHNSON,** | ) | |
| | ) | |
| Defendant Below, | ) | |
| Appellant | ) | |
| | ) | |
| vs. | ) | No. 190, 2005 |
| | ) | |
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| Plaintiff Below, | ) | |
| Appellee | ) | |

**MOTION TO AFFIRM**

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1. The grand jury indicted Dammeyin Johnson on one count of first degree unlawful sexual intercourse and several other charges, based on his assault of a 19-year-old woman in September 1998. The jury acquitted Johnson of first degree unlawful sexual intercourse (USI), but convicted him of the lesser included offense of second degree unlawful sexual intercourse; Johnson was also convicted of several additional offenses. On direct appeal, the convictions were affirmed. *Johnson v. State*, 753 A.2d 438 (Del. 2000).

2. In January 2004, Johnson filed what he called a motion to correct an illegal sentence. According to him, the jury had convicted him, not of second degree USI, but of third degree USI. As Johnson's argument ran, the ten year prison sentence he received for that

conviction was not authorized by statute. (B6-12). Superior Court denied the motion, holding that Johnson was sentenced consistent with the jury's verdict, the jury not having been instructed at all on third degree USI. (B13). Johnson did not appeal that decision.

3. In March 2005, Johnson filed yet another motion to correct an illegal sentence. That motion repeated the claim Johnson had made in his January 2004 motion. (B14-21). Superior Court again denied the motion, writing that the verdict sheet, the jury instructions, and the docket all showed that the only lesser included offense on which the jury "had an option regarding the original charge of unlawful sexual intercourse first degree was the offense of unlawful sexual intercourse second degree. At no time was the third degree statute read to them or provided as an option." (Ex. A to Op. Brf.) According to the judge, he could "only surmise that the transcript. . . had an error or the clerk who took the verdict misstated the lesser included offense." (Ex. A to Op. Brf.)

4. Regardless of whether Johnson's motion should have been treated as a post-conviction motion, *see* Super. Ct. Crim. R. 61(a), it is clear that Johnson's March 2005 motion was procedurally barred. If the March 2005 motion was in actuality a post-conviction motion, then Johnson's attempt to relitigate his claim was foreclosed by Criminal Rule 61(i)(4), the issue having been decided by Superior Court in February 2004. (B13). If the March 2005 motion could instead be properly treated as one to correct an illegal sentence under Criminal

(104)

Rule 35(a), relitigation of the issue was foreclosed by the law of the case doctrine. *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998).

5. And finally, Superior Court correctly denied the motion on the merits. A seemingly ambiguous verdict "'may be given significance and correctly interpreted by reference to the allegations, the facts in evidence, and the instructions of the court.'" *State v. Walker*, 605 S.E.2d 647, 658 (N.C. App. 2004) (quoting cases). *Accord Davis v. State*, 484 S.E.2d 655, 658-59 (Ga. App. 1997). As Superior Court pointed out, the jury instructions in Johnson's case gave the jury three options with respect to the particular count: guilty as charged, guilty of second degree USI, or not guilty. (B3-5). In light of those instructions, Superior Court could reasonably decide that the reference in the verdict transcript to third degree USI was either an error in transcription or an error on the part of the court clerk.

6. The judgment of the Superior Court should accordingly be affirmed.

Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French St.
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210

May 31, 2005

105



Now, with the general principles in mind, let's turn to the specific crimes charged in this case.

The defendant is charged with unlawful sexual intercourse first degree. This count reads as follows:

Dammeyin A. Johnson, on or about the 4th day of September of 1997, in the County of New Castle, State of Delaware, did intentionally engage in sexual intercourse with Alycia Campbell without her consent, and Ms. Campbell had not permitted the defendant's sexual intercourse within the previous twelve months, and the defendant was not Ms. Campbell's voluntary social companion on the occasion of the crime.

In order to find the defendant guilty of unlawful sexual intercourse first degree, you must find the State has established the following elements beyond a reasonable doubt:

The first element is the defendant had sexual intercourse with the complaining witness. Sexual intercourse is defined as an act of physical union of the genitalia of one person with the mouth,

(106)



anus or genitalia of another person. It occurs upon penetration, however slight. Ejaculation is not required.

The second element is that the intercourse occurred without the complaining witness' consent. Under our law relating to sexual offenses, without consent means the defendant compels the complaining witness to submit by force, by gesture, or by threat of death, physical injury, pain or kidnapping to be inflicted upon the complaining witness or a third party; or the defendant compels the complaining witness to submit by any other means which would compel a reasonable person under the circumstances to submit. It is not required that the complaining witness resist the force or threat to the utmost, or to resist if resistance would be futile or foolhardy. Rather, the complaining witness need witness resist only to the extent that it is reasonably necessary to make the complaining witness' refusal to consent known to the defendant.

The third element is that the defendant was not the complaining witness' voluntary social companion on the occasion of the act. A voluntary

social companion is defined as a person who in the defendant's company on the occasion of the offense as a result of the person's exercise of rational intellect and free will, without trick, coercion or duress.

The fourth element is the complaining witness had not permitted the defendant to engage in sexual intercourse with her within the previous twelve months.

The fifth element, the defendant acted intentionally. That is, it was his conscious object or purpose to engage in sexual intercourse with the complaining witness without her consent.

If, after considering all of the evidence, you find that the State has established beyond a reasonable doubt that the defendant acted in such a manner as to satisfy all of the elements which I have just stated, at or about the date and place stated in the indictment, you should find the defendant guilty of unlawful sexual intercourse in the first degree. If you do not so find, or if you have a reasonable doubt as to any of the elements, you must find the defendant not guilty of unlawful

108



sexual intercourse in the first degree.

Now, after considering the evidence, you find the State has failed to establish beyond a reasonable doubt the charge of unlawful sexual intercourse in the first degree, you should find the defendant not guilty of that charge and then consider whether the lesser included offense of unlawful intercourse in the second degree has been established.

In order to find the defendant guilty of unlawful sexual intercourse in the second degree, you must find beyond a reasonable doubt:

One, the defendant had sexual intercourse with the complaining witness. I defined sexual intercourse for you.

Two, the intercourse occurred without the complaining witness' consent. Without consent has been explained to you.

Three, the defendant was not the complaining witness' voluntary social companion on the occasion of the crime. And I've defined voluntary social companion for you.

And four, the defendant acted

(109)



intentionally. That is, it was his conscious object or purpose to engage in sexual intercourse with the complaining witness without her consent.

If, after considering all of the evidence, you find the State has established beyond a reasonable doubt that the defendant acted in such a manner as to satisfy all of the elements which I have just stated to you, at or about the date and place stated in the indictment, you should then find the defendant guilty of unlawful sexual intercourse second degree. If you do not so find, or if you have a reasonable doubt as to any element of this offense, you must find the defendant not guilty of unlawful sexual intercourse second degree.

The defendant is also charged with kidnapping in the first degree. The indictment reads in pertinent part:

Dammeyin Johnson, on or about the 4th day of September of 1997, in the County of New Castle, State of Delaware, did unlawfully restrain Alycia Campbell, for the purpose of sexually violating or abusing her or for the purpose of facilitating the commission of a felony of unlawful sexual intercourse

110

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

55

970009CCS

DAMMEYIN A. JOHNSON
PRO'SE DEFENDANT
VS.
STATE OF DELAWARE

CR. ACTION# IN96-11-1141
IN97101615

FILED
PROTHONOTARY
2004 JAN -9 AM 10:28

NOTICE OF MOTION

TO: HON. William C. Carpenter JR.
Superior Court Judges' Chambers
New Castle County Courthouse
500 N. King Street, Suite 10400
Wilmington, DE 19801

The Defendant DAMMEYIN A. JOHNSON, respectfully submits the enclosed motion and, humbly requests a scheduled hearing at this Honorable Courts' earliest convience.

DATE: JANUARY, 6, 2004

Sincerely Submitted

Dammeyin A. Johnson
DAMMEYIN A. JOHNSON
PRO'SE DEFENDANT
1181 Paddock Road
D.C.C., Smyrna, DE
19977

B 06

(111)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

DAMMEYIN A. JOHNSON
Pro'se DEFENDANT

vs.

STATE OF DELAWARE

Criminal Act, # IN96-04-1641
IN97101615

FILED PROTHONOTARY 2004 JAN -9 AM 10:28

MOTION FOR CORRECTION OF AN ILLEGAL SENTENCE

(1) Defendant, Dammeyin A. Johnson, Pro'se and without the Assistance of counsel, Files this motion pursuant to Superior Court criminal Rule 35(a). And of 11 Del., code § 4217, which jurisdiction is predicated upon For Sentencing Court to entertain.

STATEMENT OF FACTS

II. Defendant was arrested - charged on 11/22/97, to A substantial number of offenses; which Resulted in A number of convictions by A Jury Trial on 9-16-98. However, their is only one charge - count at ISSUE And Defendant will confine this motion to that single issue - count.

III. Along with other charges submitted For deliberation to the Jury, was the count of Unlawful Sexual Intercourse in the First degree (IN97101615) exhibit A-9, The trial court gave instructions to a less included offenses, exhibit A-7, B-13, The Jury Returned A verdict of guilty on A less included offense of Unlawful Sexual Intercourse in the Third degree, exhibit C-10.

(112)

IV. At sentencing the trial court erroneously sentenced defendant to ten years, for Unlawful Sexual Intercourse in the second degree, exhibit, C-6, Resulting in the sentence being illegal.

V. At sentencing Defendant should been sentenced for Unlawful sexual Intercourse in the Third degree, which is a class C-Felony, that carries a presumptive 0-5 years, according to the Truth and Sentencing guild-lines.

VI. Attached is a copy of Defendants Docket Sheet for this Honorable Courts Reference, exhibit H.

ARGUMENT(S)

VII. The Record-exhibits are clear evidence of the Defendants sentence being imposed in violation of the Constitution and equal protection under the law. Title 11 of the Del. code § 4204 states in substance, that every person convicted of an offense, shall be sentenced in accordance with the criminal code and defendant was clearly not!

VIII. According to 11 Del. code § 773, Unlawful sexual Intercourse in the Third degree is a lesser included offense, consistant with the courts Instructions and, the Juries authority to Render. And Further supported by Superior Court Criminal Rule 31(a) and (c). The Jurys Findings are also consistant with 11 Del. Code § 206(b)(3). This states in part:

A conviction involves the same result but differs from the offense charged, only in the respect

(13)

that a less serious injury or risk of injury to the same person etc.......

IX. The trial Record is void of any evidence that the alledged victim was injuried, as the Result of alledgely being Raped. The Jury Found defendant not guilty of First degree Kidnap and not guilty of Unlawful sexual Intercourse in the First Degree.

X On the other Hand defendant acknowledge's - asserts, that the narrow Function of this Rule 35(a) is to permit the correction of an illegal sentence not, to re-examine trial error's or other improperties prior to the imposition of Sentencing, SEE: Brittingham vs. State, Del. Supr., 705 A2d 577 (1998)

XI. Consequently because Defendant was convicted of a less included offense of Unlawful Sexual Intercourse in the Third degree, The Law Prohabits Defendant From being Re-tried ,, Articule I section VIII of the United States Constitution, Also, the 5th, Amendment prohabits the Re-trial of a Defendant convicted of a less included offense. SEE: State vs. Munson, Del. Supr. 243 A.2d 691. Because a Re-trial would amount to placing defendant twice in jeopardy for the same offense. SEE: Hamilton vs. State, Del. Supr #152, 1986 (534 A2d 657)

XII. Additionally the Fifth amendment prohabits a Criminal defendant From being sentenced on the basis of information which is False or which lacks minimal indicia of Reliability. Such Sentencing renders the entire sentencing procedure

B 09invalid, as a violation of Due Process., SEE: United States vs. Robin 545 F2d 775, United States vs. Tucker 404 / 443 and, State vs Huey 505 A2d 1242.

(119)

# Conclusion

XIII. Although this is a motion for the correction of an illegal sentence, Defendant assents that since incarceration, Defendant has been attending school and Treatment Programs. Defendant Hopes - pray to one day enter the community and be a productive asset, unlike the previous liability. Defendant Regrets and Feel deep Remorse for Having acted out of ignorance in the past! However, with all due Respect your Honor, Defendant testified truthfully on the Stand and has learned a valuable lesson from this ordeal. And the courts Remarks to Defendant, needing to set in Jail "awhile" has weighted heavily upon Defendant.

XIV. The supreme Court Held in Siple vs. State, Del. Supr. 701 A2d 79 (1997) that the trial court has complete discretion to extend leniency or to with hold leniency... The court went further to say that the court has broad discretion to consider information pertaining to past History - Histories. With that being said Defendant Humbly request the court to consider the conduct of the victim stealing the ~~vict~~ Defendants car, than screaming Rape subsequent to being arrested to a crime spree out the mall.
Defendant also directs this Honorable Courts attention to the fact that, aside Defendant Admitting to having sexual intercourse with the victim, their was no independant evidence presented at trial that would had contradicted the Defendant, had the Defendant Denied the claim!
Defendant is not attempting to shift the blame Home but merely point out the mitigating factors, in Hope for a lighter sentence

Consequently the Administrative Directive issued on Sept. 15, 1997 # 76., Allows this Honorable Court to consider All stated in this conclusion and deviate sentencing standards. Reasons have to be put on forms by the Commission.

B 10

115

XV. Compounding the illegal sentence was the prosecutors improper introduction of Defendants Juvenile Record. The prosecutor breached in his obligatory duty to uphold the law and protect Defendants rights, along with that of the victims. Defendant was not afforded any prior Notice of the States intent to introduce prior bad acts nor, did the State adhere - comply with the Guild-lines established in, Getz vs. State., Del. Supr. 534 A.2d 726. Said introduction prejudice - deprived Defendant of due process + equal protection under the law., exhibit E-18. The verbally introduction of Defendants Juvenile adjudications, in these adult criminal proceedings also had no relevance and the prejudical value far out-weight any potential good intended.

XVI. The prosecutor also commented on the less included offense of Unlawful Sexual Intercourse in the Third degree., exhibit E-10, but during sentencing the prosecutor merely argued for a lengthy sentence, based on Defendants Juvenile Record, for which Defendant was not prepared to answer, cause the absence of prior notice.

It is undisputable that sentencing is the most critical stage of criminal proceedings for a Defendant. And because the Record - exhabits are clear evidence of Defendants assertion, Regarding the illegal sentence and invalid conviction. Defendant has ment the burden required in Howell vs. State., Del. Supr. 421 A2d 892

Because the errors-defects, affects substantial due process and constitutional previleges, a Remedy is mandated by Law.

In Hamilton vs. State., Del. Supr. 534 A.2d 657, the court held that a sentencing court abuses it's discretion if it sentences on the basis of inaccurate or unreliable information. See: United States vs. Robin, 545 F.2d 775, which is consistant with the Findings Herein

The prosecutor also "mis-represented" the minimum mandatory sentence, for Unlawful Sexual Intercourse in the Third degree., exhabit E-9+10.

116

## Relief Sought

XVII DEFENDANT dont wish to burden this Honorable Court AND therefore will keep the Relief Sought simple!

DEFENDANT Humbly request the ten years imposed For Unlawful Sexual Intercourse in the Second Degree be vacated AND or Alternatively Adjusted to conform to the T.I.S., presumptive 0-5 year guild-lines, For Unlawful Sexual Intercourse in the Third degree, which is a class C-Felony.

Also, THE DEPARTMENT OF CORRECTIONS NEVER credited DEFENDANT to the time spent in custody before the imposition of Sentencing, would this Honorable Court Please incorporate the time in question in the New Sentencing Order, Please and thank you.

Respectfully Submitted
Dammeyin A. Johnson
Dammeyin A. Johnson
Pro'se DEFENDANT
1181 Paddock Road
D.C.C., Smyrna, Del. 19977

Date: JANUARY, 6, 2004

117

56

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

February 23, 2004

Dammeyin A. Johnson
Delaware Correctional Center
Smyrna, DE 19977

RE: State v. Dammeyin Johnson
ID No. 9709009665

Dear Mr. Johnson:

The Court is in receipt of your letter of January 9, 2004 which is captioned "Motion for Correction of Illegal Sentence" pursuant to Rule 35 of the Superior Court criminal rules. The basis of your Motion is the Court erroneously sentenced you on the charge of Unlawful Sexual Intercourse in the Second Degree when you were actually convicted of Unlawful Sexual Intercourse in the Third Degree. I understand the argument, but my review of the file regarding this matter reflects you are simply incorrect. I have again reviewed the jury instructions that were issued in this matter and in fact the jury was instructed on Unlawful Sexual Intercourse in the First Degree as well as the lesser included offense of Unlawful Sexual Intercourse Second Degree. At no time was the jury instructed as to Unlawful Sexual Intercourse Third Degree as you allege in your Rule 35 petition. You were found guilty of this lesser included offense and sentenced consistent with the jury's verdict. As such, your Motion for Relief is again DENIED.

Sincerely yours,

William C Carpenter Jr

Judge William C. Carpenter, Jr.

WCCjr:twp

cc: Prothonotary

(118)

062

In The Superior Court of The State of Delaware
In And For New Castle County

Dammeyin A. Johnson
Pro'se Defendant

vs.

State of Delaware

#9709009665

CR. Action # IN 96-11-1141
IN 97101615




## Notice of Motion

To: Hon, William C. Carpenter, jr
Judges Chambers
Superior Courthouse
500 N. King St, Suite 10400
Wilm. DE. 19801-3725

The Defendant, Dammeyin A. Johnson, respectfully submits the enclosed motion for Correction of an illegal sentence, and imposed fine.
Defendant humbly request a hearing at the Honorable Courts, earliest convience please.

March 28, 2005

Respectfully Submitted
Dammeyin A. Johnson
Dammeyin A. Johnson
1181 Paddock Road
Delaware Correctional Center, Smyrna DE. 19977

(119)

In The Superior Court Of The State Of Delaware
In And For New Castle County

Dammeyin A. Johnson
Pro'se Defendant
vs.
State of Delaware,

Criminal Action # IN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
IN197101615

Motion For Correction Of an Illegal Sentence

1. Defendant, Dammeyin A. Johnson Pro'se files this motion pursuant to Superior Court criminal rule 35 a)., and of 11 Del. code § 4217 which jurisdiction - authority is predicated upon to entertain said motion.

2. The sentence is in violation of Delaware Laws and that of the Delaware State Constitutional.

Statement of Facts

3. Defendant was arrested - charged on 11-22-97 to a number of criminal offenses, which resulted in a number of convictions by a Jury trial on 9-16-98. Because their is only a single count at issue, Defendant will confine the motion to that. The count in question is Unlawful Sexual Intercourse in the Second degree.

4. Along with other charges submitted for deliberations to the jury, was the count of Unlawful Sexual Intercourse in the First degree, (IN197101615) Exhabit, A and B. The Trial Court gave instructions to Less included offenses, Exhabit, A-7 and, C-13. The jury returned a guilty verdict on the Less included offense of, Unlawful sexual Intercourse in the Third degree, exhabit D-10.

(120)

5. At sentencing on January 8, 1999 the Court erroneously sentenced defendant to Ten years for Unlawful Sexual Intercourse in the Second degree; exhabit E-6. The Jury never convicted Defendant of Unlawful Sexual Intercourse in the Second degree but, Unlawful sexual Intercourse in the Third degree, exhabit D-10. D-10

6. Regarding Fines the Court suspended all except for "One Dollar," exhabit E-pg.8.

7. Counsel of record never appealled the improper sentence to the Delaware State Supreme Court.

8. Than on August 31st, 2004 Defendant was granted-afforded credit time owed. In addition to the Honorable Court granting the Credit time The Court imposed an additional fine of "Two hundered and four dollars," exhabit G-8; V years Lat
The initial Sentencing ORDER (exhabit E) and the docket sheet; exhabit H, is attached for inspection.

## Issue's/Violation Claim's

(a) The Honorable Court committed plain error in Sentencing Defendant on a conviction, not rendered by the Jury. The Jury Returned a guilty verdict on Unlawful Sexual Intercourse in the Third degree," not second degree; as the Court imposed a sentence On.

(B) In The absence of an Indictment, trial, guilty plea, Equal Protection or Due process of Law, can a Judge manufacture a verdict and sentence a Defendant on; and it be Legally binding.

(C) When the Jury return a guilty verdict on a Less included offense, come sentencing; can the Judge simply elevate the offense despite the Jury having had Authority to render the verdict?

(121)

# ArgumenT(s)

9. The Delaware Supreme CourT ruled-held in Brittingham vs. State, 705 A.2d 577 (1998) that the Narrow Function of Rule 35(A) is to permit the correction of an Illegal sentence, at any time....

10. In the case of Smith vs State 751 A.2d 878 (#462, 1999/decided 2000) The Delaware Supreme Court held that relief under Superior Court criminal Rule 35(a) is available when the sentence imposed exceeds the Statutory Limits (a) when the sentence is internally contradictory or in Violation of the Double Jeopardy Clause.

11. The Delaware State Supreme CourT, Repeated the same regarding rule 35(a), in JEREMIAH L. SEWELL vs. STATE #615, 2002/decided March 6, 2003.

12. In Defendants case the record-exhabits are clear evidence of Defendants sentence being imposed improperly. Under the Law, Title 11 Del. Code § 4204 states in substance that every person convicted of an offense, shall be sentenced in accordance with the Criminal Code(s).

13. According to title 11 Del. Code § 773, Unlawful Sexual intercourse in the Third degree, is a Lesser incld. offense; consistant with the Courts instructions, exhabit C.

The trial record is void of any evidence that the alledged victim was seriously injuried. The record is clear that the alledged victim reported the alledged rape," days later after/while being escorted by Police, after getting caught stealing out the Mall!

(122)

14. The Jury apparently inferred from the Instructions, testimony, Evidence or Lack their of, to convict on a Lesser included offense, of Unlawful Sexual Intercourse in the Third degree; The Juries Findings were consistant and supported by, Superior Court criminal rule 31(a) and (c) AND that of 11 Del. Code § 206(b)(3), which states inpart:

> A conviction involves the same result but differs from the offense charged, only in the respect that a Less serious injury or risk of injury to the person etc...

15. Defendant was undisputably convicted of Unlawful sexual Intercourse IN The third degree and not second. When the Sentencing Court imposed a Ten year sentence for a second degree offense," the offense/sentence was in gross violation of the Double Jeopardy Clauses, of both the Delaware State Constitution and the United States Constitution.

16. The record is clear as to the verdict's returned by the Jury, which was read twice, exhabit D-10, I-23. Once the verdicts were read, the record is sillent as to the Court or Prosecution Questioning the verdicts.

17. At sentencing however, the record confirms the Sentencing Courts uncertainty," regarding the actual Count; exhabit E-5. Instead of the Court re-examining the record for clarity, the Court proceeded with Sentencing, on the bogus second degree Count! Placing Defendant twice in jeopardy for the same offense, the jury never convicted of., SEE: Constituting double jeopardy., SEE;

STATE vs. Manson, Del. Supr. 243 A.2d 691 AND Hamilton vs. State, Del. Supr. #152 (534 A.2d, 657) 1986.