(123)

18. The Fifth Amendment prohibits a criminal Defendant from being sentenced on the basis of information which is false or lacks minimal indicia of Reliability. Such sentencing renders the entire procedure invalid as a violation of due process; United States vs. Robin 545 F.2d 775, United States vs. Tucker 404 AND, State vs. Huey 505 A.2d 1242.

19. At sentencing the Prosecutor commented on the less included offense of Unlawful Sexual Intercourse in the third degree; Exhibit J-10. Than the Prosecutor mis-represented the minimum mandatory sentence for Unlawful Sexual Intercourse in the third degree; see Exhibit J-9.

20. The Delaware State Supreme Court held in Howell vs. State 421 A.2d 892, their must be a clear showing of an imposition of an illegal sentence or abuse of a Trial Judges broad discretion. Defendant herein has demonstrated both factors out-lined in Howell. Because sentencing is a critical stage of the criminal proceedings for a Defendant, in effect the bottom line; every reasonable safe-guard should be employed to protect the rights guaranteed by the Constitution.

21. In the case of Tilden vs. State, Del. Supreme Court 513 A.2d 1302 (1986), made perfactly clear a Juries authority to render verdicts; on less included offenses, as exercised in Defendants case. Exhibit K.

   In further support of the Tilden case and that of a juries authority to render verdicts to less included offenses, is: Johnson vs. State 409 A.2d 1043 (Del. Supe.). In essence the Supreme Court stated a Jury has discretion to grant Lenity!

NOV 30 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

B     19

05-817

(124)

# Conclusion

22.   Defendants conviction/sentence imposed for the offense of Unlawful Sexual Intercourse in the Second-degree are both invalid. The Court simply Lacked the Legal authority to impose either conviction or sentence, in the absence of Due process of Law.

23.   The record is evidence of the Jury having Legal authority to render the conviction to a Lesser included offense and the Supreme Court decision Further Confirms, the Juries authority.

24.  Defendants case, falls well within superior court Criminal Rule 35 (a), for a correction of Sentence and the relief sought.

In addition, this Honorable Court Can also Vacate the Two hundered and four dollar Fine, the Court imposed.

The conviction, sentence and fine were all imposed in violation of the Double Jeopardy Clauses and Due process.

In THE iNtEREST of JusTice Defendant seek a remedy to the improperties, out-lined in the MoTioN

Finally, your Honor; The Defendants Confinement is unconstitutional, based on the invalid conviction-sentence!

## Relief Sought

25. Defendant dont wish to burden this Honorable Court and apologize for any inconviences, that resulted from this Action. Defendant humbly request the below is Considered - Granted!

26. That the Ten years imposed for Unlawful Sexual Intercourse in the second degree be respectively vacated, and the conviction.

27. Alternatively reduce the second degree count

to Unlawful Sexual Intercourse, in the third degree. And adjust the current 10 year sentence, to conform with the T.I.S, guild lines of 0-5 years, for the offense of Unlawful sexual intercourse in the third degree.

28. Lastly Defendant request the Honorable Court suspend the Two hundered and four dollar Fine.

Respectfully Submitted

Dammeyin A. Johnson
Dammeyin A. Johnson
Pro'se Defendant
1181 Paddock Road
D.C.C., Smyrna DE.
19977

March 28, 2005

*(12G)*

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the Supreme Court of Delaware, hereby certifies that on May 31, 2005, he caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to the following:

Dammeyin A. Johnson
No. 306875
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Loren C. Meyers
Chief of Appeals Division
Dept. of Justice

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

#11
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

May 31, 2005

Mr. Dammeyin A. Johnson
SBI #00306875
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE:  ***Johnson v. State***, No. 190, 2005

Dear Mr. Johnson:

The Court is in receipt of your letter dated May 23, 2005, regarding your document entitled "Notice of Motion for an Order and Relief" filed on May 5, 2005, in the above captioned matter. Please be advised that the State filed a Motion to Affirm today. Therefore, the Court will hold this document in abeyance pending the decision of said motion.

Per your request, enclosed please find a docket sheet in this matter.

Very truly yours,

/eas

Enclosure

cc:  Loren C. Meyers, Esquire
      (with copy of appellant's letter)

No. 306875
Dammeyin A. Johnson
1181 Paddock Road D.C.C
Smyrna, De. 19977

May 23, 2005

Ms. Lisa A. Semans
Senior court clerk
Delaware supreme court
P.o. Box 476, Dover, De.
                    19903

RE: Dammeyin A. Johnson v. State
     No. 190, 2005

Dear, ms. Semans,

I truly apologize for any imposition resulting from this Filing-notice of Appeal! Unfortunately their has been a gross misunderstanding which I thought was rectified-clarified per your request, I sent clarity on the rule 30 motion May 12,2005 Filed pursuant to Supreme court rule; That rule 30 motion requires the state to respond within 10-days or Failing to do so would result in the court ruling in my Favor. I've researched the Supreme court rules and nothing prohibits me from filing an appeal as well. I've also encountered case law that mandates a petitioner give appellant court a chance to review before proceeding to Federal District court, my worst Fear is that if I'm forced to seek Federal review, 2254/2255 I don't want the state to Assert petitioner Failed to file an appeal. Also informing this court of ms. Bacino, assistant clerk response on May 18, 2005, which despite my clarity per your request "she insist on deeming the rule 30 order for relief as an opening Breif of an appeal??"

I humbly request that the rule 30 motion be acknowledged and treated pursuant to Supreme court rule 30. I also would ask and appreciate that my notice of appeal is properly docketed please.

I thank you in advance for your anticipated cooperation.

Respectfully submitted

Dammeyin A. Johnson

(129)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Dammeyin A. Johnson
Pro'se Appellant,

vs.

STATE OF DELAWARE,
Appellee.

SUPREME Ct. # _____

I.D. # 9709009665
Cr. Action # IN96-11-1141
IN99101615

## NOTICE OF APPEAL

DEFENDANT, Dammeyin A. Johnson in the above named case, Appeals from the ORDER of April 27, 2005 of the Superior Court; in New Castle County.

This appeal Follows the denial of A Rule 35(a) motion for the Correction of an Illegal Sentence. The Sentencing Court imposed a sentence in clear violation of the Delaware Laws of 11 Del. Code And that of the Federal and State Constitutions!

Respectfully Submitted,

Dammeyin A. Johnson

Dammeyin A. Johnson
Pro'se Appellant
1181 Paddock Road
D.C.C., Smyrna, DE.
19977

May 23, 2005

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

April 27, 2005

Dammeyin Johnson - SBI 306875
Delaware Correctional Center
Smyrna, DE 19977

> RE:  State v. Dammeyin Johnson
>      ID No. 9709009665

Dear Mr. Johnson:

Your motion for correction of illegal sentence received by the Prothonotary's Office on March 31, 2005 as well as your letter requesting counsel regarding that motion received by the Prothonotary on April 7, 2005 have been referred to me for a decision. Based upon my review of the case file regarding this matter, both motions will be denied.

First, as to your motion for correction of illegal sentence, your principal argument is that the Court has incorrectly sentenced you on an offense of unlawful intercourse second degree when you were actually found guilty by the jury of unlawful intercourse third degree. The verdict sheet provided to the jury, the transcript of the Court's reading of the jury instructions to them as well as the docket in this matter all reflect that the only lesser included offense to which the jury had an option regarding the original charge of unlawful sexual intercourse first degree was the offense of unlawful sexual intercourse second degree. At no time was the third degree statute read to them or provided as an option. I can only surmise that the transcript that you have attached to your motion had an error or the clerk who took the verdict misstated the lesser included offense.

However, it is clear in all subsequent papers filed by your counsel as well as the sentence order that you were convicted of unlawful sexual intercourse in the second degree and were sentenced for that offense. As such, you are not serving an illegal sentence and the sentencing order previously imposed by this Court is legal and appropriate.

Since I have found that your motion has no merit, I also see no reason that counsel should be appointed.

As a result, your motions are hereby denied. I would note that I also wrote to you on February 23, 2004 again reflecting the fact that you were appropriately sentenced consistent with the jury's verdict. Continuing to file motions on this same issue will not change the Court's position.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

132

## Certificate of Service

I, _Dammeyin A. Johnson_ , hereby certify that I have served a true and correct cop(ies) of the attached: _Notice of Appeal To Delaware Supreme Court_ upon the following parties/person (s):

TO: _Prothonotarys Office_
_500 N. King St. Suite 500_
_Lower Level 1.,_
_Wilmington_
_Delaware  19801_

TO: _Mr. Timothy J. Donovan jr._
_Deputy Attorney General_
_Department Of Justice_
_820 North French Street_
_Wilmington, De. 19801_

TO: _____

_____

_____

_____

_____

TO: _____

_____

_____

_____

_____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road,  Smyrna, DE 19977, postage to be paid by the Dept. Of Corrections.

On this _23rd_ day of _May_____, 2005

_Dammeyin A. Johnson_

IN THE SUPREME COURT OF THE STATE OF DELAWARE (173)

190 , 2005

PRO SE                        DAMMEYIN A. JOHNSON,
(DCC - #00306875)               Defendant Below,
                                Appellant,
                              v.

L. C. MEYERS                  STATE OF DELAWARE,
                                Plaintiff Below,
                                Appellee.

DF $ 00.00

2005

| 1 | May | 06 | Document entitled "Notice of Motion for an Order and Relief" deemed to be Notice of Appeal from the Order dated 4/27/05 in the Superior Court in and for New Castle County by Judge Carpenter in Cr. ID No. 9709009665 with no designation of transcript (no service shown-copy sent) (eas) (afb). |
| 2 | May | 06 | Letter dated 5/6/05 from Senior Court Clerk to Prothonotary, record is due to be filed by 5/31/05. (eas) |
| 3 | May | 06 | Letter dated 5/6/05 from Senior Court Clerk to appellant, directing him to advise this Court as to whether he wants his document entitled "Notice of Motion for an Order and Relief" to be deemed his opening brief by 5/20/05. (eas) |
| 4 | May | 13 | Letter dated 5/12/05 from appellant to Senior Court Clerk advising that he wishes his document entitled "Notice of Motion for an Order and Relief" to be considered a motion pursuant to Supreme Court Rule 30 (served by mail 5/12/05) (afb). |
| 5 | May | 13 | Letter dated 5/12/05 from appellant to Senior Court Clerk requesting a copy of his docket sheet (no service shown) (afb). |
| 6 | May | 18 | Letter dated 5/18/05 from Assistant Clerk to parties deeming appellant's Motion to be his opening brief and informing appellee that the answering brief is due to be filed by 6/17/05 (afb). |
| 7 | May | 26 | Record as ordered. (eas) |
| 8 | May | 31 | Motion to Affirm by appellee. (served by mail 5/31/05) (rdd). |
| 9 | May | 31 | Letter dated 5/23/05 from appellant to Senior Court Clerk, regarding his document which was deemed his opening brief and enclosing a copy of a correctly formated notice of appeal. (eas) |

JO    May    31    Letter dated 5/23/05 from appellant to Clerk,
                   requesting a docket sheet. (sent) (eas)

11    May    31    Letter dated 5/31/05 from Senior Court Clerk to Senior
                   Court Clerk, advising that the Court will hold his
                   letter in abeyance pending the outcome of the State's
                   Motion to Affirm. (eas)

135

IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAMMEYIN A. Johnson
   DEFENDANT Below,
   Appellant,

     VS.

STATE OF DELAWARE
   PlainTiFF Below
   APPELLEE.

No. 190, 2005

## RESPONSE To STATES MOTION To AFFIRM

    Appellant Assumes the MoTiON To AFFirm is A Reply to Appellant - Petitioners Rule 30 moTiON, Filed in this Honorable Court, According to the Rule 30 motion, Appellee - RespondenT had (10) Actual working days to respond AND the State has FaileD; Amounting to DeFault. ExhibiT-A docket reFlects the date the Rule 30 motion was RecieveD by THe CourT, which acopy oF the rule 30 moTioN was senT To the State.

    The Rule 35(a) motions FileD in the SuperioR CourT was done to give that Honorable Ample time to CoRRect — RemeDy the illegally imposeD SentencE, ON A VerdicT NoT RENDERED by the Jury.

(1)

136

Because of Counsels ineffectiveness in failing to address the issue(s) at sentencing or raising said issue on direct Appeal via Supreme Court Rule 8; Appellant is finally in Supreme Court. Appellant apologizes for any imposition but the gravity of the Constitutional violations, warrents Appellant Review.

The States motion to affirm should not be granted for several Realistic and Constitutional Reasons.....

(1) The Law Requires every Defendant be sentenced in accordance with Title 11 of the Delaware Code. Appellant was not sentenced in accordance to the Delaware Code.

(2) Appellant was also placed in Jeopardy twice for the same offense by the sentencing court imposing a sentence on a verdict for which Appellant was not found guilty.

(3) Appellants fourteenth amendment Rights to due process was also violated by the above (1) and (2).

No offense intended but for a Chief Appeals Attorney to Request this Honorable Court, to disregard the transcripts as an error; is preposterous. If such was an error, why didnt the prosecuter at the sentencing seek to Remedy the problem ???

(157)

WHEN the Jury returned AND Read the verdicts, the Jury was polled A SECOND-Time AND Again stated U.S. I, in the thrid degree. Exhabit _B_.

IF there was A mistake OR QUESTION AS to the Juries Authority to have returned A verdict on A Lessor included OFFENSE, the Judge could had sent the Jury back ~~For~~ with instructions, FOR Further deliberations. Instead the HONORABLE Court thanked the Jury For their SERVICE AND sent them Home, Exhabit _B/C_.

For decades, Juries have RENdERED verdicts that was INCONSISTANT with the EVIDENCE PRESENTED OR the Courts instructions! Despite such CONTRADICTIONS AND INCONSISTANCIES the Supreme Court has up-held the verdicts, based on Juries Authority empowered by the law to exercise such.

THE ISSUE BEFORE This HONORABLE Court is clear " Appellant was CONVICTED oF a Lesser OFFENSE than INSTRUCTED, AND a SENTENCE WAS IMPOSED ON A verdict NOT RENDERED by the Jury. THE TRANSCRIPTS OF the Court CONFIRMS the ABOVE AND it is the RECORD FOR which the Courts has historically RELIED FOR guildance.

On the OTHER hAND, their is NO EVIDENCE IN the RECORD to suggest Clerical ERROR but volumes OF EVIDENCE to suggest that alot oF CLOSED-MINDS EXISTED At the time the verdicts were READ,

178

Appellant Humbly pray this Honorable Court will not grant the Motion to Affirm but Review the merits in the interest of Justice.

Honorable Justices, if the State is Allowed to Claim clerical error each time they Fail to Address discrepancys At the approprinte Levels" the credibility of Transcripts would soon be of No significance.

The verdict-sentence was imposed in Gross violation of the Delaware Laws and the Constitution.

Appellant pray For the Relief sought in the Rule 30 motion OR Alternatively whatever Relief the Court deem Justue And Appropriate.

Respectfully Submitted,

Dammeijin A Johnson

Pro'se Appellant, Signature
1181 Paddock Road
D.C.C. Smyrna Del.
1997

Date: June 7, 2005

(4)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

190 , 2005

PRO SE
(DCC - #00306875)

DAMMEYIN A. JOHNSON,
  Defendant Below,
  Appellant,
  v.

L. C. MEYERS

STATE OF DELAWARE,
  Plaintiff Below,
  Appellee.

DF $ 00.00

2005

| 1 | May 06 | Document entitled "Notice of Motion for an Order and Relief" deemed to be Notice of Appeal from the Order dated 4/27/05 in the Superior Court in and for New Castle County by Judge Carpenter in Cr. ID No. 9709009665 with no designation of transcript (no service shown-copy sent) (eas) (afb). |
| 2 | May 06 | Letter dated 5/6/05 from Senior Court Clerk to Prothonotary, record is due to be filed by 5/31/05. (eas) |
| 3 | May 06 | Letter dated 5/6/05 from Senior Court Clerk to appellant, directing him to advise this Court as to whether he wants his document entitled "Notice of Motion for an Order and Relief" to be deemed his opening brief by 5/20/05. (eas) |
| 4 | May 13 | Letter dated 5/12/05 from appellant to Senior Court Clerk advising that he wishes his document entitled "Notice of Motion for an Order and Relief" to be considered a motion pursuant to Supreme Court Rule 30 (served by mail 5/12/05) (afb). |
| 5 | May 13 | Letter dated 5/12/05 from appellant to Senior Court Clerk requesting a copy of his docket sheet (no service shown) (afb). |
| 6 | May 18 | Letter dated 5/18/05 from Assistant Clerk to parties deeming appellant's Motion to be his opening brief and informing appellee that the answering brief is due to be filed by 6/17/05 (afb). |
| 7 | May 26 | Record as ordered. (eas) |
| 8 | May 31 | Motion to Affirm by appellee. (served by mail5/31/05) (rdd). |
| 9 | May 31 | Letter dated 5/23/05 from appellant to Senior Court Clerk, regarding his document which was deemed his opening brief and enclosing a copy of a correctly formated notice of appeal. (eas) |

EXHIBIT I

J0    May    31        Letter dated 5/23/05 from appellant to Clerk,
                       requesting a docket sheet. (sent) (eas)

11    May    31        Letter dated 5/31/05 from Senior Court Clerk to Senior
                       Court Clerk, advising that the Court will hold his
                       letter in abeyance pending the outcome of the State's
                       Motion to Affirm. (eas)

(141)

4

1           (Forelady complies.)

2           THE PROTHONOTARY:  Has the jury agreed upon

3       their verdicts?

4           THE FORELADY:  Yes.

5           THE PROTHONOTARY:  How does the jury find the

6       defendant at the bar as to the charge of Unlawful

7       Intercourse in the First Degree; guilty or not

8       guilty?

9           THE FORELADY:  Not guilty.

10          THE PROTHONOTARY:  As to the lesser-included

11      offense of Unlawful Intercourse in the Third Degree;

12      guilty or not guilty?

13          THE FORELADY:  Guilty.

14          THE PROTHONOTARY:  As to the offense of

15      Kidnapping in the First Degree; guilty or not guilty?

16          THE FORELADY:  Not guilty.

17          THE PROTHONOTARY:  As to the lesser-included

18      offense of Unlawful Imprisonment in the Second Degree;

19      guilty or not guilty?

20          THE FORELADY:  Guilty.

21          THE PROTHONOTARY:  As to the offense of

22      Unlawful Sexual Contact in the Third Degree; guilty or

23      not guilty?

EXhAbit-B

(192)

5

1           THE FORELADY:  Guilty.

2           THE PROTHONOTARY:  As to the offense of

3    Assault in the Third Degree; guilty or not guilty?

4           THE FORELADY:  Guilty.

5           THE PROTHONOTARY:  As to the offense of

6    Aggravated Act of Intimidation that allegedly occurred

7    on September 4th; guilty or not guilty?

8           THE FORELADY:  Guilty.

9           THE PROTHONOTARY:  As to the offense of

10   Aggravated Act of Intimidation that allegedly occurred

11   on September 8th; guilty or not guilty?

12          THE FORELADY:  Guilty.

13          THE PROTHONOTARY:  As to the offense of

14   Theft; guilty or not guilty?

15          THE FORELADY:  Not guilty.

16          THE PROTHONOTARY:  Madam Forelady, please be

17   seated.

18          (Forelady complies.)

19          **THE PROTHONOTARY:  Members of the Jury,**

20   hearken to the **verdict as the Court has recorded it,**

21   your Foreperson **says that you find the defendant at**

22   the bar, **Dammeyin Johnson,** not guilty of Unlawful

23   Intercourse First Degree; **guilty of Unlawful**



6

1   Intercourse in the Third Degree; not guilty of

2   Kidnapping in the First Degree; guilty as to Unlawful

3   Imprisonment in the Second Degree; guilty to Unlawful

4   Sexual Contact in the Third Degree; guilty as to

5   Assault in the Third Degree; guilty as to Aggravated

6   Act of Intimidation that allegedly occurred on

7   September 4th, 1997; guilty as to Aggravated Act of

8   Intimidation that allegedly occurred on September 8th,

9   1997; not guilty as to Theft.

10          So say you all?

11          THE JURORS:  Yes.

12          THE PROTHONOTARY:  Your Honor.

13          THE COURT:  Ladies and Gentlemen of the Jury,

14  a quick glance at some of the paperwork tells me that

15  this must not have been a particularly pleasant

16  experience for you.  But I want to assure you on

17  behalf of Judge Carpenter and everyone else involved

18  in this trial that we very much appreciate the fact

19  that you answered the call for jury duty, took time

20  out of your busy lives in order to do what was an

21  unpleasant task.  You've rendered a verdict.  I can't

22  comment on that, other than to say that it's a good

23  thing that you reached a verdict.  We do very much

Ex ___ - B continued

144

7

1    appreciate all the work that you have done.  We thank

2    you.

3            You're excused.

4            (Jury excused.)

5            THE COURT:  On Judge Carpenter's behalf, I

6    will order a presentence investigation.

7            Is there anything else?

8            MR. MILLER:  I have a motion to revoke bail.

9    There's a mandatory minimum period of incarceration on

10   Unlawful Intercourse in the Third Degree of ten years.

11           THE COURT:  I do not think there's anything

12   you could say at this point, Mr. Radulski, that would

13   make Mr. Miller's motion out of order.

14           It's granted.

15           MR. MILLER:  Thank you, your Honor.

16           THE COURT:  Anything else?

17           MR. RADULSKI:  No, your Honor.

18           MR. MILLER:  No, your Honor.

19           THE COURT:  Very well.

20           We will stand in recess.

21                ------

22           (Proceedings concluded at 2:45 p.m.)

23                ------

Exhibit-C

_(145)_

## CERTIFICATE OF SERVICE

I, _DAMMEYIN A. Johnson_ , hereby swear under penalty of perjury that I have rendered service of a true and correct cop(ies) of the attached:

_RESPONSE TO STATES MOTION TO AFFIRM_

(Title or Type of Motion or Request)

upon the following person(s) and/or agency(ies):

**Loren C. Meyers**
**Chief of Appeals Division**
**Carvel State Office Building**
**820 N. French Street**
**Wilmington, Delaware  19801**

BY PLACING SAME IN A SEALED ENVELOPE, postage will be paid by the Delaware Department of Corrections/Pre-paid, and depositing same in the United States Mail at the Multipurpose Criminal Justice Facility, 1301 East 12th Street, Wilmington, Delaware.

On this _7_ day of _June_ , 200_5_.

_Dammeyin A. Johnson_
(Your signature)

graph (a), substituted "Nonrefundable Filing Fee" for "Docketing Deposit" in the heading substituted "pay to" for "deposit with" in the first sentence. and substituted the present second and third sentences for the former second and third sentences, in paragraph (b), designated the first sentence as subparagraph (i), inserted "to nonparties to the appeal" in the introductory language of that subparagraph, deleted the former first, second and fifth fees, inserted "(including opinions and orders)" in the present second fee in that subparagraph and redesignated the former second sentence to be subparagraph (ii), in paragraph (g), substituted "Reimbursement of Filing Fee" for "Refund of Docketing Deposit" in the catchline, deleted former paragraph (i), deleted the designation "(ii)," substituted "certify in the mandate the filing fee collected under paragraph (a) in this Court which is" for "collect costs in this Court from the docketing deposit and certify that amount in the mandate as costs in this Court" and "paid the filing fee" for "advanced the docketing deposit."

The 1992 amendment, effective Jan. 30, 1992, in (a), inserted a comma following "proceeding," and substituted "$250" for "$75."

The 1994 amendment, effective Jan. 1, 1995,

substituted "$2.50" for "$2.00" in (b)(i); in (c), substituted "the Clerk" for "him" following "as estimated by" and "the Clerk's" for "his"; and in (h), substituted "the person" for "he" in the first sentence and "the affiant" for "he" in the last sentence.

The first 1998 amendment, effective Apr. 1, 1998, in (b), substituted "$2.30" for "$2.50."

The second 1998 amendment, effective October 9, 1998, added "Except in appeals originating from the Industrial Accident Board and the Unemployment Insurance Appeal Board" in (a); and in (b), inserted "of good standing" in the first line of the schedule.

The 1999 amendment, effective October 15, 1999, added the entries for the Bar Admission Certificate and the Replacement Bar Admission Certificate to the list of fees in (b)(i).

The 2000 amendment, effective Apr. 7, 2000, in (b)(i), substituted "Admission to the Delaware Bar" for "Bar Admission Certificate."

The 2001 amendment, effective July 2, 2001, substituted "$300" for "$250" in (a).

**Indigents.** — The plaintiff in a medical malpractice action was not entitled to obtain a transcript at public expense in order to pursue an appeal, notwithstanding that he had been allowed to proceed in forma pauperis as to filing fees. Jones v. Sopa, 718 A.2d 528 (Del. 1998).

# PART III. APPEALS — SPECIAL PROVISIONS.

## Rule 25. Expedited procedure.

(a) *Motion to affirm.* Within 10 days after service of appellant's opening brief, appellee may, in lieu of a brief, serve and file a motion to affirm the judgment or order of the trial court. The motion shall not exceed four pages in length. The filing of the motion tolls the time for filing of appellee's brief. If there is more than one appellee in an appeal, the filing of a motion to affirm by one appellee tolls the time for the filing of all the appellees' briefs. The sole ground for such motion shall be that it is manifest on the face of appellant's brief that the appeal is without merit because:

(i) Law settled. The issue on appeal is clearly controlled by settled Delaware law;

(ii) Factual issue. The issue on appeal is factual and clearly there is sufficient evidence to support the jury verdict or findings of fact below; or

(iii) Exercise of discretion. The issue on appeal is one of judicial discretion and clearly there was no abuse of discretion.

The motion to affirm shall state the ground or grounds on which it is based together with citation of authorities and record references to evidence relied upon. There shall be no briefing, argument or response to the motion, unless requested by the Court. If the motion to affirm shall be granted by unanimous action of a panel of the Court an order or opinion will be entered and a mandate will issue thereon; if the motion shall not be unanimously granted, it shall be denied. If the motion shall be denied, the appellee's brief will be due within 20 days after such denial, and the appeal will proceed through briefing, scheduling and disposition as provided by these Rules. The motion to affirm shall be substantially in the form set forth in Official Form G. A motion to affirm shall not be accompanied by a proposed form of order.

THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMMEYIN A. JOHNSON, | § | |
| | § | |
| Defendant Below- | § | No. 190, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 9709009665 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 31, 2005
Decided: July 19, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## O R D E R

This 19th day of July 2005, upon consideration of the appellant's

opening brief,[1] the State's motion to affirm, and the record below, it appears

to the Court that:

(1) Johnson filed this appeal from the Superior Court's order, dated

April 27, 2005, denying his motion for correction of an illegal sentence. The

State has filed a motion to affirm the Superior Court's judgment on the

---

[1] On May 6, 2005, the Court received a document entitled "Notice of Motion for an Order and Relief." At the time, Johnson did not have an appeal pending before this Court. The Clerk of the Court therefore treated Johnson's motion as a notice of appeal. Moreover, because the "motion" contained substantive arguments, supported by case law, and requested immediate resentencing, the "motion" was be deemed his opening brief on appeal.

(4)    As the Superior Court pointed out, however, the jury was not instructed on the charge of unlawful sexual intercourse in the third degree. The verdict sheet, the jury instructions, and the docket all reflect that the only lesser included offense to the original charge of first degree unlawful sexual intercourse on which the jury was instructed was second degree unlawful sexual intercourse.    Thus, the jury only had three options with respect to the charge of first degree unlawful sexual intercourse: guilty as charged, guilty of the lesser included offense of second degree unlawful sexual intercourse, or not guilty.    In light of the record, we find no error in the Superior Court's conclusion that the reference in the transcript to third degree unlawful sexual intercourse was either an error in transcription or simply a misstatement by the court clerk in reading the verdict.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Chief Justice

-3-

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Dammeyin A. Johnson
      Pro'se Appellant,

      vs.

STATE OF DELAWARE
      Appellee.

\# 19C, 2005
ID \# 9709009665
C.A. \# IN-96-11-1141

NOTICE OF MOTION
TO RE-ARGUE AND REVIEW RELEVANT FACTS

1. Appellant, Dammeyin A. Johnson humbly submit this motion pursuant to Supreme Court Rule 18, FOR Re-consideration of the Court granting the States motion to Affirm:

ISSUES AND Arguments

2. Appellant-Petitioner initially Filed in this Court a motion pursuant to Supreme Court rule 30, seeking an ORDER AND RELIEF; subsequent to Superior Court denying appellants motion FOR the CORRECTION OF AN illegal SENTENCE.

3. Anyway, one of the Clerks in this Supreme Court decided that the rule 30 motion should be interpreted and processed as a Notice OF Appeal AND Opening BrieF ?? The rule 30 motion was timely FILED and was in accordance with the rules. The Clerk HAD No authority to interfere OR dictate the Content OR course OF the rule 30 motion. The Clerks INAppropriate interference, grossly under-minded appellants Access to the Courts AND Due Process Rights.

(1)

4. However, according to Supreme Court Rule 30 the State had 10-days to file their response And failed!! Through no fault of the Appellant the State was in default And this Honorable Court had an obligatory duty to grant Appellant the Relief Sought; According to its own Rule 30.

5. With all due respect this Honorable Court erroneously Asserted in paragraph (4) of its ORDER of July 19, 2005 that the Jury convicted Appellant of Unlawful sexual intercourse in the second degree ... . The transcripts of the Jury verdict(s) contradict that Assertion; See: Exhibit: A-10-13, B-23-1 the Jury Returned a guilty verdict on Unlawful sexual intercourse in the third degree.

6. In the case of Ward us. State 575 A.2d 1158 (1980) this Honorable Court held that a defendant can be convicted of a lesser included offense, provided that offense is incorporated (elements) in the charged offense. Appellant Assert that the presented testimony, record and evidence is consistent, consistant with the third degree verdict rendered by the Jury.

7. Unfortunately because of Counsels ineffectiveness in Failing to address this issue At sentencing or on direct Appeal, Appellant was forced to File the Rule 35 motion.

8. The State having Affirmed the convictions previously did not include the Third degree verdict or the illegal sentence, based on the Unlawful sexual intercourse in the second degree, which was not what Appellant was convicted of based on the RECORD!

9. Speaking of options, if there was a mistake or question as to the Juries authority to return a verdict on a lesser included offense in which they were not instructed; the trial Judge had the Option, to send the Jury back for further deliberations.

(2)

10. Subsequent to the verdicts being READ, the Trial Court stated to the Jury that:

Quote: you've rendered a verdict I can't Comment on that other than say that its good that you've rendered a verdict, Exhibit: B-21-23.

11. The prosecution than said he had a motion to revoke bail, because UnLawFul Sexual intercourse in the third degree, carried a minimum mandatory sentence. Exhibit: C-8-10.

12. For decades Juries have rendered verdicts that were inconsistant with the evidence or instructions AND despite such contradictions the Supreme Court up-held the verdicts based on Juries prerogative.

13. Superior Court criminal rule 31 on Verdicts state: a defendant mAy be found guilty of An included offense if those elements are in the charged offense. In Johnson vs. State 409 A.2d 1043 AND Tilden vs. STATE 513 A.2d 1302 (1986) This Honorable Court said a jury has discretion to grant leniency. U.S.I, in the third degree was the Juries Leniency.

14. The issue(s) beFore this Court are simple AND clean but is made complicate for the purpose of diverting Attention from the Negligence AND closed-minds, that existed when the Verdicts were READ.......
In Osburn vs. State 224 A.2d 52 (1966) the Court held such closed minds when prejudicial to the defendant.

15. The facts ARE clear, the Jury returned a guilty verdict on U.S.I, in the third degree Absence of being given such instructions. At sentencing Appellant was Sentenced on U.S.I, in the second degree AND not third; As convicted of AND the Record will confirm. Historically the Appellant Court's have relied on the Court's RECORD For guidance AND Not Suppositions!!

(2)

## Conclusion

16. Their is no evidence in the record to suggest clerical error, other than that interjected by the State. Their are volumes of evidence to suggest Appellant was denied Due process, Equal protection and an illegal sentence, based on a bogus Conviction. The Superior Court Lacked the Legal Authority to Create a conviction than impose a sentence on, As the record confirms was the Case. These Actions Furthermore violated the double Jeopardy Clause, by punishing Appellant for a greater offense, After being found guilty of a Lessor included offense; SEE: U.S. vs. Felton 590 F. Supp 172 (1994)

17. In U.S. vs. Tillery 18 F. 3d 295 (1994) the Court held that plain error is by nature Limited to material defects which are apparent on the Face of the Record, which are basic, serious and Fundamental in character, depriving an accused of a substantial Right or show a manifest injustice. SEE: WainWright vs. State 504 A.2d 1096 And, Bromwell vs State, 427 A.2d 884.

## Relief Sought

18. That the Courts ORDER of July 19, 2005 be Reversed And that the Conviction For Unlawful sexual intercourse in the second degree, be VACATE; Along with the illegally imposed sentence. Appellant Request Alternatively An evidentiary hearing in the trial Court, To Assess a potential dismissal of the offense on double Jeopardy grounds.

Respectfully Submitted

Nammeger A. Johnson

Pro'se Appellant
1181 Paddock Road
D.C.C. Smyrna
Del. 19977

DATE: July 28, 2005

*159*

# Certificate of Service

I, _Dammeyin A. Johnson_ , hereby certify that I have served a true

and correct cop(ies) of the attached: _Notice of Motion - To Re-argue_

_And Review Relevant Facts_ upon the following

parties/person (s):


TO: _Loren C. Meyers_      TO: _____

_Chief of Appeals Division_     _____

_Department of Justice_      _____

_820 N. French Street_      _____

_Wilmington, DE 19801_     _____


TO: _____     TO: _____

_____       _____

_____       _____

_____       _____

_____       _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _28th_ day of _July_ _____, 200_5_

_Dammeyin A. Johnson_

155

4

1        (Forelady complies.)

2        THE PROTHONOTARY:  Has the jury agreed upon

3  their verdicts?

4        THE FORELADY:  Yes.

5        THE PROTHONOTARY:  How does the jury find the

6  defendant at the bar as to the charge of Unlawful

7  Intercourse in the First Degree; guilty or not

8  guilty?

9        THE FORELADY:  Not guilty.

10       THE PROTHONOTARY:  **As to the lesser-included**

11  **offense of Unlawful Intercourse in the Third Degree;**

12  **guilty or not guilty?**

13       **THE FORELADY:  Guilty.**

14       THE PROTHONOTARY:  As to the offense of

15  Kidnapping in the First Degree; guilty or not guilty?

16       THE FORELADY:  Not guilty.

17       THE PROTHONOTARY:  As to the lesser-included

18  offense of Unlawful Imprisonment in the Second Degree;

19  guilty or not guilty?

20       THE FORELADY:  Guilty.

21       THE PROTHONOTARY:  As to the offense of

22  Unlawful Sexual Contact in the Third Degree; guilty or

23  not guilty?

EXHIBIT-A

(156)

1          THE FORELADY:  Guilty.

2          THE PROTHONOTARY:  As to the offense of

3     Assault in the Third Degree; guilty or not guilty?;

4          THE FORELADY:  Guilty.

5          THE PROTHONOTARY:  As to the offense of

6     Aggravated Act of Intimidation that allegedly occurred

7     on September 4th; guilty or not guilty?

8          THE FORELADY:  Guilty.

9          THE PROTHONOTARY:  As to the offense of

10    Aggravated Act of Intimidation that allegedly occurred

11    on September 8th; guilty or not guilty?

12         THE FORELADY:  Guilty.

13         THE PROTHONOTARY:  As to the offense of

14    Theft; guilty or not guilty?

15         THE FORELADY:  Not guilty.

16         THE PROTHONOTARY:  Madam Forelady, please be

17    seated.

18         (Forelady complies.)

19         THE PROTHONOTARY:  Members of the Jury,

20    hearken to the verdict as the Court has recorded it,

21    your Foreperson says that you find the defendant at

22    the bar, Dammeyin Johnson, not guilty of Unlawful

23    Intercourse First Degree; **guilty of Unlawful**

EXhibiT - B

151

1    Intercourse in the Third Degree; not guilty of

2    Kidnapping in the First Degree; guilty as to Unlawful

3    Imprisonment in the Second Degree; guilty to Unlawful

4    Sexual Contact in the Third Degree; guilty as to

5    Assault in the Third Degree; guilty as to Aggravated

6    Act of Intimidation that allegedly occurred on

7    September 4th, 1997; guilty as to Aggravated Act of

8    Intimidation that allegedly occurred on September 8th,

9    1997; not guilty as to Theft.

10          So say you all?

11          THE JURORS:  Yes.

12          THE PROTHONOTARY:  Your Honor.

13          THE COURT:  Ladies and Gentlemen of the Jury,

14   a quick glance at some of the paperwork tells me that

15   this must not have been a particularly pleasant

16   experience for you.  But I want to assure you on

17   behalf of Judge Carpenter and everyone else involved

18   in this trial that we very much appreciate the fact

19   that you answered the call for jury duty, took time

20   out of your busy lives in order to do what was an

21   unpleasant task.  **You've rendered a verdict.  I can't**

22   comment on that, **other than to say that it's a good**

23   **thing that you reached a verdict.  We do very much**

Exhibit-3



1    appreciate all the work that you have done.  We thank

2    you.

3              You're excused.

4              (Jury excused.)

5              THE COURT:  On Judge Carpenter's behalf, I

6    will order a presentence investigation.

7              Is there anything else?

8    *prosecutor* →  MR. MILLER:  I have a motion to revoke bail.

9    There's a mandatory minimum period of incarceration on

10   Unlawful Intercourse in the Third Degree of ten years.

11             THE COURT:  I do not think there's anything

12   you could say at this point, Mr. Radulski, that would

13   make Mr. Miller's motion out of order.

14             It's granted.

15             MR. MILLER:  Thank you, your Honor.

16             THE COURT:  Anything else?

17             MR. RADULSKI:  No, your Honor.

18             MR. MILLER:  No, your Honor.

19             THE COURT:  Very well.

20             We will stand in recess.

21                    ------

22             (Proceedings concluded at 2:45 p.m.)

23                    ------

Exhibit - C

THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMMEYIN A. JOHNSON, | § | |
| | § | |
| Defendant Below- | § | No. 190, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 9709009665 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  August 1, 2005
Decided:  August 11, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

### *O R D E R*

This 11th day of August 2005, the Court having considered the appellant's Motion to Re-Argue and Review Relevant Facts dated August 1, 2005, and it appearing that the motion should be denied.

NOW, THEREFORE, IT IS ORDERED that the appellant's motion be and the same hereby is,

**DENIED**.

BY THE COURT:

_____
Chief Justice

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                      ( as of  12/17/2004 )

State of Delaware v.  DAMMEYIN A JOHNSON                   DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.       AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.         SLUSH JOHNSON


Assigned Judge:

Charges:
Count      DUC#        Crim.Action#     Description     Dispo.    Dispo. Date
----------------------------------------------------------------------------
001      9709009665    IN97101614     UNLAW IMPR 2ND    TGLI     09/16/1998
002      9709009665    I              UNLAW.SEX.PEN.2   TGLI     09/16/1998
003      9709009665    IN97101615     UNLAW.SEX.INT.2   TGLI     09/16/1998
004      9709009665    IN97101616     KIDNAP 1ST        DISM     09/16/1998
005      9709009665    IN97101617     UNLAW SEX CON 2   TGLI     09/16/1998
006      9709009665    IN97101618     ASSAULT 3RD       TG       09/16/1998
007      9709009665    IN97101619     AGG.ACT/INTIMI    TG       09/16/1998
008      9709009665    IN97101620     THEFT $1000 OR    TNG      09/16/1998
009      9709009665    IN97101621     ASSAULT 3RD       DISM     09/16/1998
010      9709009665    IN97101622     AGG.ACT/INTIMI    TG       09/16/1998

       Event
No.    Date        Event                            Judge
----------------------------------------------------------------------------
       10/27/1997
         INDICTMENT, TRUE BILL FILED. #25
         ARRAIGNMENT BAIL REPRESENTATION 11211997 8:30
         CASE REVIEW 12011997 9:00.
2      11/12/1997
         SUMMONS MAILED.
3      11/19/1997
         SUBPOENA(S) MAILED.
4      11/21/1997                          REYNOLDS MICHAEL P.
         ARRAIGNMENT CALENDAR, CONTINUED.
         120597 FOR SHER.SERV.
5      11/24/1997
         SUMMONS SERVED BY SHERIFF.
6      12/04/1997
         SUMMONS SENT BY SHERIFF RETURNED.
         NON EST.
7      12/05/1997                          REYNOLDS MICHAEL P.
         ARRAIGNMENT CALENDAR, ISSUE CAPIAS.
8      01/09/1998                          REYNOLDS MICHAEL P.
         CAPIAS RETURNED IN SUPERIOR COURT.
         BAIL SET AT:
         HELD ON SECURED BAIL              28000.00 100
         HRG. 020998 AT 9AM
9      02/11/1998
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                      ( as of  12/17/2004 )
```

State of Delaware v. DAMMEYIN A JOHNSON                      DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.          AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.            SLUSH JOHNSON

```
       Event
No.    Date          Event                              Judge
----------------------------------------------------------------------------
       SUMMONS MAILED.
10     02/20/1998                              REYNOLDS MICHAEL P.
       ARRAIGNMENT CALENDAR - CONTROL FOR REPRESENTATION, DEFENDANT WAIVED
       READING OF INDICTMENT, PLEA OF NOT GUILTY ENTERED, JURY TRIAL DEMANDED
       ARR BY RULE 10C PD
11     03/16/1998                              COOCH RICHARD R.
       CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
       042098
       04/20/1998                              GOLDSTEIN CARL
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
12     05/01/1998                              TOLIVER CHARLES H. IV
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE:09091998
       CASE CATEGORY:1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):HLA
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
13     06/22/1998                              CARPENTER WILLIAM C. JR.
       LETTER FROM JUDGE CARPENTER TO COUNSEL, RE: REMINDING COUNSEL OF
       EXISTENCE OF STATUTORY DEADLINES REGARDING NOTICE AND PRODUCTION
       OF DNA EVIDENCE.
14     06/22/1998                              CARPENTER WILLIAM C. JR.
       MEMORANDUM FILED, FROM JUDGE CARPEMNTER TO COUNSEL, RE:
       CONFIRMING THAT DURING CASE REVIEW, A DEADLINE WAS SET FOR
       THE PRODUCTION OF BALLISTIC REPORTS BY 7/24/98.
15     08/26/1998
       SUBPOENA(S) MAILED.
16     08/28/1998
       STATE'S WITNESS SUBPOENA ISSUED.
17     08/28/1998
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
       FROM:  DANIEL MILLER
18     09/01/1998
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.  ****NOTE COSTS*****
       NON EST
       09/03/1998
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
19     09/09/1998                              SILVERMAN FRED S.
       TRIAL CALENDAR-JURY TRIAL WENT TO TRIAL
20     09/16/1998                              CARPENTER WILLIAM C. JR.
```



```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    3
                      ( as of  12/17/2004 )
```

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.        AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON

```
       Event
No.    Date            Event                        Judge
--------------------------------------------------------------------------
       JURY TRIAL HELD. JURY SWORN. JURY FOUND THE DEFENDANT GUILTY AS TO
       USI 2ND (1615), UNLAW. IMPRISONMENT 2ND (1614), USC 3RD (1617),
       ASSULT 3RD (1618), AGGR. ACT OF INT. (1619) &(1622) NOT GUILTY AS TO
       THEFT (1620) AND ASSAULT 3RD (1621) WAS DISMISSED. PSI ORDERED. BAIL
       REVOKED. 09101998 DEF ORAL MOTION FOR AQUITTAL ON COUNTS 3, 4, 7, AND
       8. DECISION AS TO COUNT 7 DENIED, AS TO COUNT 8 THE CHARGE IS
       DISMISSED, AT TO COUNT 4 - COURT RESERVED DECISION, AT TO COUNT 3 IT
       WILL BE MERGED WITH COUNT 2. 09111998 AS TO COUNT 4 AMENDED TO USC
       2ND. 09151998 DEF ORAL MOTION FOR DEBERRY INSTRUCTIONS. 09151998
       DENIED. KIDNAPING 1ST (1616) WAS DISMISSED BY THE COURT.
       DAG - MILLER
       DEF - RADULSKI
       C/C - BRENHOCH
       C/R - FELDMAN - LEIBOW - J. WHITE - OHARE
21     09/16/1998                                 CARPENTER WILLIAM C. JR.
       CHARGE TO THE JURY FILED.
22     09/18/1998
       MOTION FOR NEW TRIAL FILED.
       RAYMOND M. RADULSKI, ESQ.
       09/28/1998                                 SILVERMAN FRED S.
       MOTION FOR NEW TRIAL  PASSED.
       FOR O/C WITH J. CARPENTER.
       11/13/1998                                 CARPENTER WILLIAM C. JR.
       SENTENCING CALENDAR, SENTENCING CONTINUED 010899
24     12/15/1998                                 CARPENTER WILLIAM C. JR.
       LETTER FROM RAYMOND RADULSKI   TO JUDGE CARPENTER
       RE:_INCONSISTANT VERDICTS
       MR._RADULSKI REQUESTS THAT DEFT MOTION FOR A NEW TRIAL BE GRANTED.
       LETTER EXPLAINS REASON FOR REQUEST.
23     12/16/1998
       LETTER FROM  R. RADULSKI, ASST. PUBLIC DEFENDER    TO JUDGE
       CARPENTER
       RE: DEF. SUBMITS THAT THE ONLY APPROPRIATE REMEDY GIVEN THE PAUCITY
       OF THE EVIDENCE ANND THE INCONSITENCY OF THE VERDICTS IS TO GRANT
       DEF.'S MOTION FOR A NEW TRIAL OF THE CHARGE OF USI SECOND.
25     12/22/1998                                 CARPENTER WILLIAM C. JR.
       LETTER FROM JUDGE CARPENTER  TO_DANIEL MILLER, ESQ.
       RE:_PLEASE RESPOND TO MR. RADULSKI'S LETTER OF 12151998. THE SENT IS
       PRESENTLY SCHEDULED FOR 01081999, SO A RESPONSE IS TO BE PROVIDED
       TO THE COURT BY 12311998.
26     12/31/1998
       NOTICE OF RESPONSE TO THE DEFT'S MOTION FOR
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    4
                        ( as of   12/17/2004 )
```

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.        AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON

```
       Event
No.    Date            Event                        Judge
----------------------------------------------------------------------------
       A NEW TRIAL. DANIEL R. MILLER, ESQ. REFERRED
       TO JUDGE CARPENTER.
       01/08/1999                            CARPENTER WILLIAM C. JR.
       SENTENCING CALENDAR: DEFENDANT SENTENCED.
27     01/08/1999                            CARPENTER WILLIAM C. JR.
       ORDER: MOTION FOR A NEW TRIAL
       AND NOW TO WIT, THIS 8TH DAY OF JANUARY, A.D. 1999 THE FOREGOING
       MOTION HAVING BEEN HEARD AND CONSIDERED, IT IS HEREBY: ORDERED FOR THE
       REASONS SET FORTH IN OPEN COURT ON 1/8/99 THE MOTION DENIED.
28     01/08/1999                            CARPENTER WILLIAM C. JR.
       SENTENCE; ORDER SIGNED & FILED 2/9/99.
29     02/08/1999
       NOTICE OF APPEAL #41, 1999
30     02/08/1999
       DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT.
       #41, 1999
31     02/08/1999
       LETTER FROM (SUPREME COURT) TO COURT REPORTER
       PURSUANT TO SUPREME COURT RULE 9(E)(IV), THE
       TRANSCRIPT MUST BE FILED WITH THE PROTHONOTARY
       NO LATER THAN 031599.
32     02/08/1999
       LETTER FROM (SUPREME COURT) TO MR. RADULSKI, ESQ.
       THE NOTICE OF APPEAL DOES NOT COMPLY WITH SUPREME
       COURT RULE 7(C)(9) WHICH REQUIRES THAT A COPY OF
       THE ORDER OF JUDGMENT SOUGHT TO BE REVIEWED SHALL
       BE ATTACHED TO THE NOTICE OF APPEAL. PLEASE FILE A
       COPY OF JUDGE CARPENTER 010899 SENTENCING ORDER TO
       BE ATTACHED TO THE NOTICE OF APPEAL UPON YOUR RECEIPT.
33     03/01/1999                            CARPENTER WILLIAM C. JR.
       TRANSCRIPT OF TRIAL FILED.
       SEPT. 10,1998
34     03/10/1999                            SILVERMAN FRED S.
       TRANSCRIPT OF VERDICT FILED.
       SEPT. 16, 1998
35     03/10/1999                            CARPENTER WILLIAM C. JR.
       TRANSCRIPT OF SENTENCING FILED.
       JAN. 8, 1999
36     03/18/1999
       LETTER FROM (SUPREME COURT) TO COURT REPORTER
       PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
       THE TRANSCRIPT IS DUE TO BE FILED NO LATER THAN 041499.
```

SUPERIOR COURT CRIMINAL DOCKET                     Page     5
( as of  12/17/2004 )

State of Delaware v.  DAMMEYIN A JOHNSON                  DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.        AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON

```
       Event
No.    Date          Event                          Judge
--------------------------------------------------------------------------
37   04/06/1999                              CARPENTER WILLIAM C. JR.
       TRANSCRIPT OF TRIAL FILED.
       SEPT. 15, 1998
38   04/06/1999                              CARPENTER WILLIAM C. JR.
       TRANSCRIPT OF TRIAL FILED.
       SEPT. 16, 1998
39   04/13/1999                              BIFFERATO VINCENT A. SR.
       TRANSCRIPT OF JURY CHARGE FILED.
       SEPT. 16, 1998
40   04/16/1999
       LETTER FROM (SUPREME COURT) TO COURT REPORTER
       PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
       THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
       051799.
41   05/28/1999
       LETTER FROM (SUPREME COURT) TO COURT REPORTER
       PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
       THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
       061499.
42   06/24/1999
       LETTER FROM (SUPREME COURT) TO COURT REPORTER
       PLEASE BE ADVISED THAT YOUR REQUEST IS GRANTED.
       THE TRANSCRIPTS ARE DUE TO BE FILED ON OR BEFORE
       071299.
43   07/12/1999
       TRANSCRIPT OF TRIAL FILED.
       SEPT. 9, 1998
44   07/15/1999
       RECORDS SENT TO SUPREME COURT.
45   07/20/1999
       RECEIPT OF RECORDS ACKNOWLEDGED BY
       SUPREME COURT
46   07/20/1999
       LETTER FROM (SUPREME COURT) TO PROTHONOTARY
       PURSUANT TO SUPREME COURT RULE 9(B)(I), THE
       RECOFD AND TRANSCRIPT MUST BE FILED WITH THIS
       OFFICE NO LATER THAN 072299.
47   06/20/2000
       RECEIPT OF RECORD AND MANDATE RETURNED FROM SUPREME COURT.
48   06/20/2000
       MANDATE FILED FROM SUPREME COURT - AFFIRMED.
         THE TESTIMONY AT TRIAL RELFECTS THAT JOHNSON INITIALLY FORCED
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    6
( as of  12/17/2004 )

State of Delaware v.  DAMMEYIN A JOHNSON                    DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.        AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.          SLUSH JOHNSON

|       | Event   |       |       |
|-------|---------|-------|-------|
| No.   | Date    | Event | Judge |

----------------------------------------------------------------------

COLLINS TO ACCOMPANY HIM TO LOCATE HIS CAR.  ACCORDINGLY, THERE WAS
A RATIONAL EVIDENTIARY BASIS FOR THE JURY TO REJECT THE STATE'S
CONTENTION THAT JOHNSON INITIALLY KIDNAPPED COLLINS FOR THE PURPOSE
OF SEXUALLY ASSAULTING HER.  TEH JURY COULD HAVE REASONABLY CONCLUDED
FROM THE EVIDENCE THAT JOHNSON SUSEQUENTLY DECIDED TO SEXUALLY ASSAULT
COLLINS, WHEN HE ARRIVED WITH HER AT HIS HOME, AFTER HE HAD ALREADY
RESTRAINED HER TO LOOK FOR HIS CAR.  THE SUPERIOR COURT PROPERLY HELD
THAT THERE WAS NO VERDICT INCONSISTENCY.

49    06/20/2000
MOTION FOR MODIFICATION OF SENTENCE FILED.
PRO SE - JUDGE CARPENTER
REFERRED TO PRESENTENCE FOR JUDGE CARPENTER 7/26/2000

50    10/26/2000                              CARPENTER WILLIAM C. JR.
LETTER/ORDER ISSUED BY JUDGE CARPENTER TO DEFENDANT.
YOUR REQUEST FOR MODIFICATION OF SENTENCE SET FORTH IN YOUR LETTER OF
JUNE 14, 2000 IS HEREBY DENIED.  THE SENTENCE IMPOSED IN THIS MATTER
WAS APPROPRIATE, AND MODIFICATION IS NOT WARRANTED.

51    03/21/2001
DEFENDANT'S LETTER FILED. DEFENDANT IS REQUESTING EXTENSION OF TIME TO
FILE RULE 61 AND RULE 35. REFERRED TO JUDGE CARPENTER 3/26/01 AMH

52    04/12/2001                              CARPENTER WILLIAM C. JR.
LETTER/ORDER ISSUED BY JUDGE CARPENTER.
   THE COURT IS IN RECEIPT OF A LETTER FILED WITH THE PROTHONOTARY ON
MARCH 21, 2001 REQUESTING AN EXTENTION OF TIME TO FILE YOUR
POSTCONVICTION RELIEF AND RULE 35 MOTION.  MOTIONS FOR POSTCONVICTION
RELIEF ARE GOVERNED BY RULE 61 OF THE SUPERIOR COURT CRIMINAL RULE
AND REQUIRE THAT SUCH BE FILED WITHIN 3 YEARS OF THE JUDGMENT OF
CONVICTION BECOMING FINAL.  THE SUPREME COURT MANDATE IN THIS MATTER
APPEARS TO HAVE BEEN ISSUED ON JUNE 20, 2000 AND THEREFORE YOU HAVE
THREE YEARS FROM THAT DATE TO FILE A RULE 61 MOTION.  THEREFORE, THE
COURT SEES NO REASON TO GRANT AN EXTENTION OF THAT DEADLINE SINCE IT
IS NOT OCCURED.  AS TO YOUR REQUEST FOR AN EXTENTION TO FILE A RULE
35 MOTION, I HAVE PREVIOUSLY DENIED A MOTION FOR REDUCTION OF
SENTENCE ON OCTOBER 26, 2000.  REPETITIVE MOTION FOR THIS NATURE ARE
FROWNED UPON BY THE COURT AS THE MATTER HAS BEEN CONSIDERED AND
ADDRESSED.  HOWEVER, IS AT ANY FUTURE DATE YOU WOULD LIKE TO FILE S
RULE 35 MOTION, YOU WILL NEED TO FILE A REQUEST TO FILE IT OUT OF
TIME SETTING FORTH THE EXCEPTIONAL CIRCUMSTANCES THAT JUSTIFY SUCH
ACTION.  YOU ARE ADVISED THAT SUCH REQUESTS ARE SELDOM GRANTED.  AS
A RESULT, TO THE EXTENT THAT YOU ARE REQUETING AN EXTENTION OF TIME
TO FILE MOTIONS, SAID REQUEST IS HEREBY DENIED.

53    08/20/2003                              CARPENTER WILLIAM C. JR.

SUPERIOR COURT CRIMINAL DOCKET                          Page    7
( as of  12/17/2004 )

State of Delaware v.  DAMMEYIN A JOHNSON                  DOB: 08/13/1980
State's Atty: DANIEL R MILLER , Esq.      AKA: SLUSH JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.        SLUSH JOHNSON


       Event
No.    Date         Event                              Judge
-----------------------------------------------------------------------------
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
       REFERRED TO PRESENTENCE 9/9/03 FOR JUDGE CARPENTER.
54    12/18/2003                              CARPENTER WILLIAM C. JR.
       ORDER: MOTION FOR MODIFICATION OF SENTENCE DENIED.
       12/17/03- PURSUANT TO SUPERIOR COURT CRIMINAL RULE 35(B), THE COURT
       WILL NOT CONSIDER REPTITIVE REQUESTS FOR REDUCTION OR MODIFICATION OF
       SENTENCE.
       THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME OF
       SENTENCING. NO ADDITIONAL INFORMATION HAS BEEN PROVIDED TO THE COURT
       WHICH WOULD WARRANT A REDUCTION OR MODIFICATION OF THIS SENTENCE.
55    01/09/2004                              CARPENTER WILLIAM C. JR.
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
       REFERRED TO PRESENTENCE 1/12/04 FOR JUDGE CARPENTER.
56    02/23/2004                              CARPENTER WILLIAM C. JR.
       LETTER FROM JUDGE CARPENTER TO: DAMMEYIN JOHNSON
       RE: MOTION FOR CORRECTION OF ILLEGAL SENTENCE.
       DEAR MR. JOHNSON:
       THE COURT IS IN RECEIPT OF YOUR LETTER OF JANUARY 9, 2004 WHICH IS
       CAPTIONED "MOTION FOR CORRECTION OF ILLEGAL SENTENCE" PURSUANT TO
       RULE 35..............
       ..............AS SUCH, YOUR MOTION FOR RELIEF IS AGAIN, DENIED.
       SEE FILE FOR COMPLETE ORDER.
58    04/13/2004                              CARPENTER WILLIAM C. JR.
       MOTION FOR TIME CREDITED PRIOR TO DEFT'S CONVICTION. FILED PRO SE.
57    08/31/2004
       MOTION FOR APPOINTMENT OF COUNSEL FILED PRO SE.  REFERRED TO JUDGE
       CARPENTER
59    08/31/2004                              CARPENTER WILLIAM C. JR.
       LETTER FROM JUDGE CARPENTER TO DAMMEYIN JOHNSON DATED 08/31/04.
       RE: MTN FOR CREDIT TIME. .....I HAVE REVIEWED YOUR PRESENTENCE FILE...
       IT APPEARS THAT YOUR SENTENCE SHOULD HAVE BEGAN ON 01/09/98 WITH
       CREDIT FOR 21 DAYS OF PREVIOUS SERVICE. I AM ISSUING A NEW SENTENCE
       ORDER REFLECTING THAT EFFECTIVE DATE AND CREDIT TIME. ..(SEE FULL
       LETTER IN FILE.)
61    08/31/2004                              CARPENTER WILLIAM C. JR.
       MODIFIED SENTENCE: ASOP ORDER SIGNED AND FILED ON 11/08/04.
60    10/19/2004
       DEFENDANT'S LETTER FILED.
       TO: JUDGE CARPENTER

                 *** END OF DOCKET LISTING AS OF  12/17/2004 ***
                     PRINTED BY: CSCDMOR