IN THE United States District
Court For The District of Delaware

April 3, 2006

DAmmeyin A. Johnson
            Pro se
    VS.

Thomas Carroll

Civil Action No. 05-817-GMS



FILED

APR 11 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Petition of clarity

Honorable, Gregory M. Sleet, petitioner recieved an order
from the Honorable court, dated march 30, 2006 Denying my
writ as second or successive.

Honorable Judge, with no disrespect intended, their may be
a mistake or some sort of confusion regarding my recent
petition for writ under the above case number listed. I assert
such comment due to the fact that, this court denied my writ
under second or successive and stated that this Honorable court
don't have authority to review my writ without the exceptence
of appealability from the Third circut court.

The first petition of my writ 2254 filed under Johnson VS.-
Snyder civil Action No. 01-278-Gms.mem. order (D.Del.Dec.10,2003) was from
my direct appeal.

The writ filed under the above case number for the instant
petition at hand now, is regarding a 35-(A) correction of an illegal
sentence that got denied in Superior court and then denied in
Supreme court, so I submitted to this Honorable court a writ of
habeas corpus 2254, which District court does have the authority
to review without permission of appealability from Third circuit
court, as the courts march 30, 2006 order asserts.

Also because the issues aint the same as they where in my first petition of writ and their different grounds in this petition, so their is/was no need to ask for certificate of appeal-ability.

Under superior court rules 35(a) correction of an illegal sentence can be challenged at any time as long as their is clear showing and merits to support such petition.

In this current issue/petition for writ under Johnson vs. Carroll- Civil Action No. 05-817-GMS, which this Honorable court denied on March 30, 2006, not only has merit but clear showing of the court's records that the petitioner is currently being held illegally and in violation of his federal and constitutional rights. Historically habeas corpuses has served as a safety net for those constitutional violations, see: — Robinson vs. California, 370 U.S. 660 (1962).

Do to this being a petition of different merits and with substance and clear showing of violations of petitioners rights.

I humbly ask this Honorable court to please review the enclosed "memorandum", that was petitioned to this court under the civil Action No. 05-817-GMS. The court will see that this is a completely different writ, than previously filed under civil Action- No. 01-278-GMS.

Also this Honorable court will clearly see that the petition that was denied on March 30, 2006 does have merit and is not successive and should be reviewed by this Honorable court.

Date: 4-3-06

sincerely submitted

Owuuyia Potter

## Certificate of Service

I, _DAmmeyin A. Johnson_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Petition of clarity_

_____ upon the following

parties/person (s):

TO: _Dammeyin A. JOhnson_            TO: _____

_Delaware correctional center_       _____

_Smyrna, De 19977_                   _____

_____              _____

_____              _____


TO: _____          TO: _____

_____              _____

_____              _____

_____              _____

_____              _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.


On this _3^{rd}_ day of _April_ _____ ,200_6_

_____

In The United States District Court
For The District Of Delaware

Dammeyin G. Johnson
   Pro'se Petitioner,

vs.

                                    Civil # 05-817-GMS

Thomas C. Carroll
   Warden - Respondent.

Memorandum Of Law
In Support Of Habeas Corpus, 28 U.S.C. § 2254

    Petitioner asserts that the events transpired in the instant case, substantially infringed and deprived Petitioner of Due process and Constitutional rights. Petitioner deems that this procedural mechanism (Habeas Corpus) is the best opportunity to obtain a fair and just review; since historically habeas Corpus has served as a safty net for those constitutionally violated. see: Robinson vs. California, 370 U.S. 660 (1962).

Statement Of Facts

1.  On September , 199  Andrea Collins stole Petitioners vehicle when she (alledged victim) returned later that day without the vehicle; Petitioner, Andrea and walked through the general area searching for the vehicle. Andrea refused to tell petitioner where the vehicle was but conceded At trial to having Taken it !

2.  While searching for the vehicle we stopped At Adams Ford for some food items, Andera stayed up front but inside the store while Petitioner and Brandon Holmes  went to retrieve items, The Security guard testified to seeing Andrea a few feet from himself but she never said anything.

3.    The vehicle was not found and Petitioner Andrea and Brandon Holmes returned to Petitioners residence for the nite. Petitioner and Andrea did engage in consensual sex before going to sleep. The next morning Andrea was going, which was typical following the nites she stayed; which she testified having spent previous nites with Petitioner. The following day Andrea was apprehended by security at the Christiana mall, for breaking into cars stealing. Andrea/suspect was turned over to the Delaware State police, who had learned she had an outstanding warrenting from family court; for stabbing a girl in Wilmington.

4.    Enroute to the police station, Andrea tells the officer she was raped by Petitioner. The officer insisted on taking her to the Hospital but she refused.

    The state elected not to prosecute Andrea for the crimes committed at the mall but, had Petitioner arrested and charged. Brandon Holmes to whom was with Petitioner and Andrea, was never interviewed by authorities or charged!

5.    The offenses were, U.S.I, in the First degree, 2 counts of Kidnap 1st degree, U.S.P, 3rd degree, assault third, two counts and 2 counts of Aggrevated intimidation and theft. On September 16, 1998 Petitioner was convicted by a jury, on U.S.I. in the third degree, 2 counts of aggrevated intimidation, U.S.C, assault third and Unlawful imprisonment.

6.    On sentencing day the Court imposed mandatory minimum ten years on Petitioner for U.S.I, in the Second degree. Petitioner was convicted of U.S.I, in the third degree and not second; which is the basis of this Habeas Corpus. For the sake of simplicity Petitioner will confine the Statement of facts and this Petition-Memorandum thereto.

7    Defense counsel never objected to the imposition of the illegal sentence and Petitioner was ignorant of the law, First time in Superior Court and Just a Kid!

8    On direct appeal Defense counsel raised two issues, neither involved the imposition of the illegal sentence. The Delaware Supreme Court ultimately affirmed the convictions.

9.      Petitioner than filed a Pro'se 2254 Habeas Corpus, attempting to secure review of the two issues that was raised in Supreme Court; which was denied.

10.     Petitioner than filed a motion pursuant to Superior Court Criminal Rule 35(a), seeking the Correction of an illegal sentence and Abuse of trial Courts discretion. Superior Court denied the motion but because Rule 35(a) is specifically designed to Challenege an illegal sentence At any time, Petitioner re-filed, to no Avail. Petitioner Appealed Superior Courts decision to Delaware Supreme Court whom denied Petitioner relief. Petitioner is now submitting this Habeas Corpus. SEE: CHRISTY VS. HORN, 115 F. 3d. 201 (3rd. Cir. 1997)

### Summary of Argument(s)

11.     At sentencing the trial Court erroneousely imposed ten years on Petitioner, for U.S.I, in the 2nd, degree; an offense Petitioner was never convicted of. The trial record will Confirm that the Jury returned a guilty verdict on the offense of U.S. I, in the 3rd, degree.

12.     The Judge thanked them for their services and sent them home. The prosecution than requested bail be revoked, based on the 3rd, degree conviction; the trial and sentencing record Confirms the above.

13.     In hindsight the trial Court asserts clerical error, for the 3rd, degree verdict and claims it should been U.S.I, in the 2nd, degree.

14.     The Delaware State Supreme Court claims that because the Jury was never given instructions on the Lessor included offense of U.S. I, in the 3rd, degree; that they couldnt Legally convict of such.

15.     Petitioner asserts that the Sentence imposed for U.S. I, in the 2nd, is in gross violation of the federal and State Constitutions. Petitioner further asserts the sentence was not Authorized by Law and the Judgement of Conviction Additionally, Petitioners 5th, 6th, 8th, and 14th, Amendments Rights where violated; Constituting a gross miscarriage of Justice ...

## Jurisdiction And Authorities
## To Entertain Habeas Corpus By State Prisoner

16.    Petitioner has demonstrated via trial and sentencing records, of having been deprived the Constitutional Rights to A Fair Trial. Petitioner has Further demonstrated that despite the overwhelming evidence of Petitioner being detained unconstitutional, the State Courts Refuse to remedy the injustices; Leaving this Honorable District to Review And Remedy the gross miscarriage of Justice. See: <u>Smith vs. Murray</u> 477 U.S. 527 (1986). And Failure of this Court will Result in A Fundamental miscarriage of Justice, see: <u>Edward vs. Carpender</u>, 529 U.S. 446 (2000); <u>Weniger vs. Frank</u>, 266 F.3d 218 (2001).

17    In the case(s) of <u>Picard vs. Connor</u>, 404 U.S. 270 (1971) and <u>United States ex. Rel. Geisleir vs. Walters</u>, 510 F.2d. 887 (1975), the Courts held that the exhaustion Requirements of 28 U.S.C. § 2254 (b) -(c) has been judicially interpreted to mean that claims must have been presented to the State Courts; the (claims) need not have been Considered or discussed by those Courts.

18.    Petitioner Further Assert that a miscarriage of Justice will Result if the Federal Court Fails to Review the merits of Petitioners Claim(s), particularly the 5th. Amendment issue; of the double Jeopardy violation incorperated in the Arguments. See: <u>McCandles vs. Vaughn</u>, 172 F.3d. 255 (1999), <u>Coleman vs. Thompson</u> 501 U.S. 722 (1999) And <u>Caswell vs. Ryan</u>, 953 F.2d 853 (1992).

19.    Petitioner has clearly established a colorable claim and has shown prejudice, of the states Failure to address the violations; inspite of its prior Court precedential Rulings...

4

20. The Court held in; Lines vs. Larkin 208 F.3d 153 (2000), Wenger vs. Frank 266 F.3d 218 (2000) And Teague vs Lane, 489 U.S. 288 (1989) that a Petitioners Failure to exhaust state remedies, will be excused if State procedural Rules preclude a Petitioner From Seeking Further relief. Petitioner humbly assert that the State Court Records, will confirm their exist no Further recourse; to securing a remedy on the State Court Level

21. Petitioner invokes section(s) B(ii) 1 And 2 of Habaes Corpus 2254 And Requesting these merits asserted herein are reviewed; to Remedy the gross injustices Petitioner has been Suffering. Unfortunately circumstances exist that render the State Court process ineffective, to protect Petitioners rights and absent this Federal Courts, intervention, Justice will be Denied Petitioner.

22. Petitioner has shown 5th. And 8th, amendment violations, that substantially Abridged equal protection And Due process; that deprived Petitioner of a Fair trial And Resulted in an illegal detention... See: Escobar vs. O'Leary 943 F.2d 711 (7th Cir. 1991), Baxstrom vs. Herold 383 U.S. 107 And, Specht vs. Patterson 386 U.S. 605 (1967).

23. In, Jones vs Anderson, 183 A.2d 177 the Court held that a constitutional violation on Sentencing, can be attacked At Any time; As Petitioner drawns on the Fundamental Fairness doctrine. Consequently the Federal Courts may Correct an illegal Sentence at Any time or After Appellant review; United States vs. Fowler 794 F.2d 1446 (1986) And Hasse vs United States, 800 F.2d 123 (1986).

24    In, Badea vs. Cox 931 F.2d 573 (9th cir 1991) the Court ruled that Habeas Corpus, is the proper mechanism, for a prisoner to challenge an illegal Sentence. And to the extent a due process claim is implicated; such is cognizable on Habeas Corpus Review; Reynolds vs. Ellingsworth, 843 F.2d 712 (1988).

25    Their exist also a clean Abuse of the trial Courts discretion, in imposing the ten years, on a Judgement not rendered by the Jury, Failing to observe that Fundamental Fairness thats essentially to the very concept of Justice; See: United States vs. Tucker, 334 404 U.S. 443 (1972), Townsend vs. Burk, 334 U.S 736 (1948) United States vs. Jackson, 649 F.2d 967 (1981) And, Donnelly vs. DeChrisofore 416 U.S. 637 (1974)

26.    The Above cited Authorities is evidence of the need for Federal Review And that of Habeas Corpus. Petitioner implore this Honorable Court to Review the merits And the Exhabits; which will Readily confirm that Petitioner is currently detained on an illegal sentence! Also, that Petitioners substantial due process Rights were violated.

6

## Issues

27.  Petitioners detention is based on an illegal Sentence.
     And Abuse Of the Trial Courts broad discretion

## Arguments

28.  On 9-15-98 the jury in New Castle County returned guilty
     verdicts on a number of criminal offenses. For all practical
     purposes, Petitioners confining the arguments to the actual
     issue in dispute. The issue is that U.S.I, in the third
     degree, is the verdict returned by the Jury, Exhibit A.

29.  The problem arose at sentencing, when the trial Court
     erroneously imposed a ten year sentence on Petitioner;
     For U.S.I, in the 2nd, degree, Exhibit B.

30.  The initial charge Petitioner was indicted on was
     U.S.I, in the 1st, degree. The trial Court gave jury
     instructions on the Lessor included offense, of U.S.I, in
     the second degree, exhibit C.

31.  Before retiring the jury for deliberations the Court told
     the jury that if they find the evidence to be in conflict
     than it is their duty to Reconcile these conflicts, exhibit D
     #6 thru 12. The Judge told the Jury, if they find reasonable
     doubt concerning the guilt of the Defendant, as to a
     particular charge, than your verdict must be not guilty
     on that Charge.

32.  The jury was than given a verdict sheet and retired for
     deliberations. Exhibit E is the minutes of what the trial
     Judge said to the Jury before deliberations, Exhibit D.

33.  When the Jury returned with the verdicts, they were polled,
     exhibit A, and repeated U.S.I, in the third degree,
     exhibit F. The Judge than thanked the Jury and sent
     them home, the prosecution than requested bail be revoked,
     based on the third degree conviction, see, Exhibit G.

7.

34. Because the trial Court Failed to timely address the verdict issue, subsequent to the Jury reading same, the Court in hindsight is requesting that the trial record be ignored or interpretated as clerical error... The record is explicit and the Courts historically has relied on the record For its guidance and truths.

35. For the sake of argument lets say it was a clerical error, the Fact the error was not subsequently rectified, prejudice the Petitioner, constituting procedural error because of the Courts inferred; closed mind., SEE: Osburn vs State, Del. Supr., 224 A.2d 52 (1966) And, Baily vs. State, Del. Supr., 450 A2d 400

36. Petitioner asserts their is no independante evidence on the trial Record that would remotely suggest, clerical error. However, their is ample evidence on the record to demonstrate that Petitioners fundamental Rights to a Fair trial was bridged.

37. In Owens vs. U.S. 497 A.2d 1086 the Court held that the 6th, amendment gives Petitioner the right to have his Fate decided by an unanimous verdict; this right is Further enforced by Superior Court criminal rule 31(a).

38. In Com., vs. Jackson 324 A.2d 350 (1974) the Court held that a criminal defendant who is tried bya Jury can only be convicted by them ........ this right is protected by both; federal and State Constitutions.

39. Between the trial Courts apparent Closed mind during the reading of the Jury verdicts and that of the arbitrary imposition of a sentence, in the absence of a valid verdict; substancial due process And Equal protection rights of Petitioner were violated., See: Wolf vs. McDonnell 418 U.S. 539 (1974).

40. The United State Supreme Ct, consistantly held that the Corner Stone of due process; is the protection of individual Rights, against arbitrary Actions of the Government. ...

8

41.    The trial and sentencing records speak volumes of the procedural and fundamental fairness that was denied Petitioner. Procedural Fairness is suppose to be the governing principles in the prosecution of any Defendant, SEE: Daniels vs. Williams 474 U.S. 331, Griswold vs. Connecticut, 381 U.S. 479 (1965) and Rochin vs. California 342 U.S. 165 (1952).

42.    Petitioner is currently detained in clear violation of the federal & State Constitution, and failure of this Court to review the merits of these claims, will result in a fundamental miscarriage of Justice, SEE: Edward vs. Carpenter, 529 U.S. 446 (2000) and, Wenger vs. Frank 266 F. 3d. 218 (2001).

## THE     Abuse OF Trial Courts Discretion

43.    Petitioner asserts it was a clear abuse of the Courts discretion, to arbitrarily impose a prison sentence, in the absence of due process. The ten years imposed was not based on a valid conviction or authorized by Law, inconsistant with 11 Del. Code § 4204., SEE: In North Carolina vs. Pearce 395 U.S. 771 (1969)

44.    The Fourteenth Amendment confers substantial rights against STATES arbitrary and abusive powers. The Fifth Amendment prohibits criminal Defendants from being sentenced as Petitioner was, rendering the entire sentence proceeding a violation of due process. See: United STATES vs. Robin 545 F. 2d. 775, United States vs. Tucker, 404 U.S. 443, And State vs. Huey 505 A. 2d. 1242.

45.    In Hamilton vs. STATE, Del. Supr. 534 A2d. 657, held that a sentencing Court abuse its discretion, when it sentences on basis of inaccurate or unreliable information. Also SEE: Gardner vs. STATE, 430 U.S. 349.

46    The trial Court further abused its discretion by the imposition of the illegal sentence, which placed Petitioner twice in danger for the same offense. Petitioner base this assertion on the fact of being prosecuted for U.S.I, 1st, degree; and the Judge giving instructions on the Lessor included offense of U.S. I, in the Second degree. The Jury refused to return a guilty verdict on either count but elected to convict of the Lessor included offense of U.S. I, in the Third degree.!

47    According to 11 Del. Code §773. U.S.I, in the third degree is a Lessor included offense of First and Second. In the case of Illinous vs. Vitale 447 U.S. 410 (1980) the Court held the double Jeopardy Clause is violated whenever a Defendant is prosecuted for a greater offense," after having been convicted of the Lessor included offense; possessing the same elements.

48    In the case of Tilden vs. State 513 A.2d 1302 (1986) the Court ruled that inconsistant verdicts is a rule of Jury Lenity; The Fact of the trial Court giving instructions on the Lesser included offense, of U.S. I, in the Second degree, implies the evidence potentially Lacking to convict of the greater offense.

49    Petitioner asserts the Jury apparantly inferred from the testimony, evidence, observation and that of the victim going on a crime spree verses the Hospital; that U.S. I, in the third degree was practical. At any rate the State Supreme Court held in "Willis", 673 A.2d 1233 (1995) that once a jury convict of the Lesser included offense, a Defendant cannot be prosecuted for the greater offense; As was done in Petitioners case.

50    Title 11 § 207 (1)(3) also bars the subsequent prosecution; further supported by; State vs. Esham 321 A.2d 512 And Render vs. State; Del. Supr. 349 A.2d 745.

51.    In the case of Key vs State., Del. Supr. 463 A2d 633 (1983) the court ruled that a Defendant may be convicted of an offense, not charged in the indictment or information; provided that crime is included in the offense charged!

52.    The test of whether a crime is a lesser included offense, of the charged offense, compare substantive statutes and under lying definitions, 11 Del. Code § 206 (b)(1). It (offense) is established by proof of the same or less than all the facts required to establish the commission of the offense charged. See: Upshur vs. State, Del. Supr., 420 A.2d 165 (1980) and, Poli vs. State, Del. Supr. 418 A.2d 985 (1980).

53    The only independante evidence aside from the victim alledging she was raped, is that of the Petitioner taking the stand and admitting they had sex but, their was no rape. Furthermore had the victim not been caught stealing that particular day; such a claim would not been made; that day! With the Jury evaluating the totality of the circumstances, bearing in mind they choose not to convict of kidnap or 1st. degree U.S.I, its apparent the verdict was a compromized one.

54    Petitioner has demonstrated a prima facial case, substantiated by the trial-Sentencing record; of constitutional violations and a Liberty interest; warranting Review: See: Olim vs. Wakinekona 461 U.S. 238, Hewitt vs. Helms 459 U.S. 460, And, Dorfmont vs. Brown 913 F.2d 1399.

55    Furthermore, just as the Jury have authority to render inconsistant verdicts, verdicts on crimes not charged; the Jury had authority to convict on the lesser included offense, despite the absence of an Instructions! See: State vs Brazzell 460 A.2d 1306 (1983) State vs. Matushefske 215 A.2d 433 And State vs Baily 551 A.2d 1206 (1988).

11.

## Conclusion

56.    The Honorable Court held in, North Carolina vs. Peace 395 U.S. 771 (1969) that Due process, moreover is a guarantee that a man should be tried, and convicted, only in Accordance with valid Laws. IF A conviction is not valid under these Laws, Statutory and Constitutional, that man has been denied due process and a Constitutional right to have the conviction/ Sentence set Aside; and not be deprived of Life or Liberty!

## Relief

57.    That the ten years imposed For U.S.I, in the Second degree be vacated, And that the Case is remanded back to Superior Court with instructions to either modify the Second degree verdict to that rendered by the Jury or grant Petitioner Anew trial on the offense in Question, or Released.

Alternatively, whatever other relief the Court deem Just And Appropriate.

November 19, 2005

Respectfully,

Dammeyin A. Johnson

Dammayin A. Johnson
Pro'se Petitioner
1181 Paddock Road
D.C.C, Smyrna DE.
19977

12.

1           (Forelady complies.)

2           THE PROTHONOTARY:  Has the jury agreed upon

3    their verdicts?

4           THE FORELADY:  Yes.

5           THE PROTHONOTARY:  How does the jury find the

6    defendant at the bar as to the charge of Unlawful

7    Intercourse in the First Degree; guilty or not

8    guilty?

9           THE FORELADY:  Not guilty.

10          THE PROTHONOTARY:  As to the lesser-included

11   offense of Unlawful Intercourse in the Third Degree;

12   guilty or not guilty?

13          THE FORELADY:  Guilty.

14          THE PROTHONOTARY:  As to the offense of

15   Kidnapping in the First Degree; guilty or not guilty?

16          THE FORELADY:  Not guilty.

17          THE PROTHONOTARY:  As to the lesser-included

18   offense of Unlawful Imprisonment in the Second Degree;

19   guilty or not guilty?

20          THE FORELADY:  Guilty.

21          THE PROTHONOTARY:  As to the offense of

22   Unlawful Sexual Contact in the Third Degree; guilty or

23   not guilty?

Exhabit - A

10

1  yourself.  Every time we try to do something to help

2  you, you resist it.  So you're going to sit in jail

3  for a while, and perhaps maybe sitting in jail for a

4  while will maybe make some difference.

5       In regards to 97-10-16 -- think it's

6  1615, I believe, unlawful sexual intercourse in the

7  second degree, the effective date is January 9th,

8  1998.  The defendant shall -- costs of prosecution is

9  imposed, but suspended, defendant is placed in the

10  custody of the Department of Correction for a period

11  of ten years at Level 5.

12       In regards to 97-10-1619, aggravated

13  intimidation, the defendant is placed in the custody

14  of the Department of Correction for a period of two

15  years at Level 5.

16       In regards to 97-10-1622, aggravated

17  intimidation, the defendant is placed in the custody

18  of the Department of Correction for a period of two

19  years at Level 5, suspended for one year of Level 4,

20  halfway house.  Defendant is to be held at Level 5

21  until Level 4 is available.

22       In regards to 97-10-1617, unlawful sexual

23  contact second, the defendant is placed in the

*Exhibit - B*

6

1   sexual intercourse in the first degree.

2              Now, after considering the evidence, you

3   find the State has failed to establish beyond a

4   reasonable doubt the charge of unlawful sexual

5   intercourse in the first degree, you should find the

6   defendant not guilty of that charge and then consider

7   whether the lesser included offense of unlawful

8   intercourse in the second degree has been

9   established.

10             In order to find the defendant guilty of

11  unlawful sexual intercourse in the second degree, you

12  must find beyond a reasonable doubt:

13             One, the defendant had sexual intercourse

14  with the complaining witness.  I defined sexual

15  intercourse for you.

16             Two, the intercourse occurred without the

17  complaining witness' consent.  Without consent has

18  been explained to you.            —

19             Three, the defendant was not the

20  complaining witness' voluntary social companion on

21  the occasion of the crime.  And I've defined

22  voluntary social companion for you.

23             And four, the defendant acted

Exhibit - C

24

1    credibility of each person who has testified and as

2    to the weight to be given to the testimony of each.

3    You are to judge the credibility of all of the

4    witnesses that have testified before you whether for

5    the prosecution or for the defense.

6            If you should find the evidence in this

7    case to be in conflict, then it is your duty to

8    reconcile those conflicts if you can.  If you cannot

9    reconcile these conflicts, then it is your duty to

10   give credit to that portion of the testimony in which

11   you believe is worthy of credit and to disregard that

12   portion of the testimony which you do not believe to

13   be worthy of credit.

14           In considering the credibility of

15   witnesses and in considering any conflict in

16   testimony, you should take into consideration each

17   witness' means of knowledge, strength of memory,

18   opportunities for observation, the reasonableness or

19   unreasonableness of the testimony, the consistency or

20   inconsistency of the testimony, the motives

21   influencing the witnesses, the fact, if it is a fact,

22   that the testimony has been contradicted, the

23   witness' bias, or prejudice, or interest in the

EXhabit-D

5

1       THE FORELADY:  Guilty.

2       THE PROTHONOTARY:  As to the offense of

3  Assault in the Third Degree; guilty or not guilty?

4       THE FORELADY:  Guilty.

5       THE PROTHONOTARY:  As to the offense of

6  Aggravated Act of Intimidation that allegedly occurred

7  on September 4th; guilty or not guilty?

8       THE FORELADY:  Guilty.

9       THE PROTHONOTARY:  As to the offense of

10  Aggravated Act of Intimidation that allegedly occurred

11  on September 8th; guilty or not guilty?

12       THE FORELADY:  Guilty.

13       THE PROTHONOTARY:  As to the offense of

14  Theft; guilty or not guilty?

15       THE FORELADY:  Not guilty.

16       THE PROTHONOTARY:  Madam Forelady, please be

17  seated.

18       (Forelady complies.)

19       THE PROTHONOTARY:  Members of the Jury,

20  hearken to the verdict as the Court has recorded it,

21  your Foreperson says that you find the defendant at

22  the bar, Dammeyin Johnson, not guilty of Unlawful

23  Intercourse First Degree; guilty of Unlawful

*Exhibit - F*

6

1    Intercourse in the Third Degree; not guilty of

2    Kidnapping in the First Degree; guilty as to Unlawful

3    Imprisonment in the Second Degree; guilty to Unlawful

4    Sexual Contact in the Third Degree; guilty as to

5    Assault in the Third Degree; guilty as to Aggravated

6    Act of Intimidation that allegedly occurred on

7    September 4th, 1997; guilty as to Aggravated Act of

8    Intimidation that allegedly occurred on September 8th,

9    1997; not guilty as to Theft.

10              So say you all?

11              THE JURORS:  Yes.

12              THE PROTHONOTARY:  Your Honor.

13              THE COURT:  Ladies and Gentlemen of the Jury,

14    a quick glance at some of the paperwork tells me that

15    this must not have been a particularly pleasant

16    experience for you.  But I want to assure you on

17    behalf of Judge Carpenter and everyone else involved

18    in this trial that we very much appreciate the fact

19    that you answered the call for jury duty, took time

20    out of your busy lives in order to do what was an

21    unpleasant task.  You've rendered a verdict.  I can't

22    comment on that, other than to say that it's a good

23    thing that you reached a verdict.  We do very much

*Exhibit-F*

1    appreciate all the work that you have done. We thank

2    you.

3            You're excused.

4            (Jury excused.)

5            THE COURT:  On Judge Carpenter's behalf, I

6    will order a presentence investigation.

7            Is there anything else?

8            MR. MILLER:  I have a motion to revoke bail.

9    There's a mandatory minimum period of incarceration on

10   Unlawful Intercourse in the Third Degree of ten years.

11           THE COURT:  I do not think there's anything

12   you could say at this point, Mr. Radulski, that would

13   make Mr. Miller's motion out of order.

14           It's granted.

15           MR. MILLER:  Thank you, your Honor.

16           THE COURT:  Anything else?

17           MR. RADULSKI:  No, your Honor.

18           MR. MILLER:  No, your Honor.

19           THE COURT:  Very well.

20           We will stand in recess.

21                   ------

22           (Proceedings concluded at 2:45 p.m.)

23                   ------

EXhabit - G



Dammeyin A. Johnson
SBI# 00306875 - D/E
Delaware correctional center
Smyrna, DE 19977

Office of the Clerk
United States District Court
844 N. King Street, LockBox 18
Wilmington, Delaware 19801 - 3570

U.S.M.
X-RAY