United States Court of Appeals of Third Circuit

Dammeyin A. Johnson
vs.
Thomas Carroll, Warden
and Attorney General for
the State of Delaware



Civil Action No: 05-817-GMS

## Notice of Appeal

Defendent, Dammeyin A. Johnson, in the above named case, appeals from the order of March 30, 2006 of the United States District Court of Delaware.

This appeal follows the denial of writ of Habeas corpus filed on grounds of an Illegal sentence. The sentencing court imposed a sentence in clear violation of the Delaware laws of 11 Del. Code and that of the federal and state constitution.

Which was my first writ of Habeas corpus on these grounds.

Respectfully Submitted,

Dammeyin A. Johnson
Dammeyin A. Johnson
Pro'SE Appellant
1181 Paddock Road, D.C.C.
Smyrna, DE 19977

April 24, 2006



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMMEYIN A. JOHNSON,               )<br>                                                        )<br>           Petitioner,                            )<br>                                                        )<br>    v.                                                )    Civil Action No. 05-817-GMS<br>                                                        )<br>THOMAS CARROLL,                        )<br>Warden, and ATTORNEY GENERAL )<br>FOR THE STATE OF DELAWARE,  )<br>                                                        )<br>           Respondents.                      )                                          | |

**ORDER**

At Wilmington this 30th day of March, 2006;

IT IS HEREBY ORDERED that:

1. Petitioner Dammeyin A. Johnson's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254 is DISMISSED and the writ is DENIED as second or successive. (D.I. 1.) The instant petition is Johnson's second habeas challenge to his 1999 conviction. The court denied Johnson's first § 2254 petition on the merits. *See Johnson v. Snyder*, Civ. A. No. 01-278-GMS, Mem. Order (D. Del. Dec. 10, 2003). Consequently, because Johnson has filed the instant petition without first obtaining permission from the Court of Appeals for the Third Circuit, the court does not have the authority to review the petition. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the

district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

2. Johnson has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

3. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the clerk shall forthwith serve a copy of the petition and this order upon: (1) the above-named warden of the facility in which Johnson is housed; and (2) the Attorney General for the State of Delaware.

4. The clerk shall also send a copy of this order to Johnson at his address on record.

                                                          _____
                                                          United States District Court

IM *Damryin A. Johnson*
SBI# *B06875* UNIT *D/E*
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
28 APR 2006 PM 3 T

Office of the "U.S."
United States Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

19106417229

RECEIVED
MAY - 1 2006
USCA 3rd CIR