IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMMEYIN A. JOHNSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civ. A. No. 05-817-GMS ) |
| THOMAS CARROLL, Warden, | ) ) ) ) |
| Respondent. | ) |

**ORDER**

At Wilmington this ___ day of September, 2006;

IT IS ORDERED that:

*Pro se* petitioner Dammeyin A. Johnson's motion for reconsideration of the court's order denying his § 2254 petition as second or successive is DENIED. (D.I. 8.)

Johnson contends that the court mistakenly dismissed his habeas petition as successive because his first habeas petition challenged the Delaware Supreme Court's decision in his direct appeal, whereas the instant habeas petition challenges the state courts' denial of a Rule 35(a) motion for correction of an illegal sentence. Given the nature of his argument, the court construes Johnson's motion for reconsideration to be asserted pursuant to Federal Rule of Civil Procedure 60(b)(6). *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2645 (2005)("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."). However, a court may grant a Rule 60(b) motion only in extraordinary circumstances. *Moolenaar v. Gov't of*

*Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In Johnson's case, the fact that his second petition challenges the Delaware courts' denial of a Rule 35(a) motion for correction of an illegal sentence does not change the fact that the petition is really challenging the same 1999 conviction challenged in Johnson's first habeas petition. Therefore, Johnson's motion does not warrant reconsideration of the court's order.

[signature]
UNITED STATES DISTRICT JUDGE

FILED
SEP 2 8 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE